UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - x

MONIQUE SYKES,

             Plaintiff,

         -against-

MEL S HARRIS AND ASSOCIATES LLC, MEL
S. HARRIS, MICHAEL YOUNG, KERRY LUTZ,
MEL HARRIS JOHN/JANE DOES 1-20, LR
CREDIT 18, LLC, L-CREDIT, LLC, LEUCADIA
NATIONAL CORPORATION, LR CREDIT
JOHN/JANE DOES 1-20, SAMSERV, INC.,
WILLIAM MLOTOK, TODD FABACHER,
BENJAMIN LAMB, and SAMSERV JOHN/JANE
DOES 1-20,

             Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - x

No. 09 Civ. _____

'09 CIV. 8486

**COMPLAINT**
**JURY TRIAL DEMANDED**



        Plaintiff Monique Sykes, for her complaint, alleges, upon personal knowledge as to herself and information and belief as to other matters, as follows:

### PRELIMINARY STATEMENT

        1.     This is an action for actual damages, statutory damages, injunctive relief and declaratory judgment for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA") and New York General Business Law § 349.

### JURISDICTION AND VENUE

        2.     This Court has jurisdiction over Plaintiff's claims under 15 U.S.C. § 1692k(d) as an action under the FDCPA, and 28 U.S.C. § 1331, and supplemental jurisdiction for the state law claims pursuant to 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

3.      Venue is appropriate in the Southern District of New York pursuant to 28 U.S.C. § 1391, as a substantial part of the events giving rise to these claims occurred in this district and Plaintiff and several Defendants reside in this district.

## PARTIES

4.      Plaintiff Monique Sykes is a natural person who resides in Bronx, New York.  Plaintiff is a "consumer" as that term is defined in 15 U.S.C. § 1692a(3).

5.      Defendant Mel S Harris and Associates LLC ("Mel Harris") is a New York limited liability company with its principal place of business at 5 Hanover Square, 8th Floor, New York, NY 10004.  Defendant is a law firm regularly engaged in the business of collecting debts by filing civil debt collection lawsuits on behalf of its clients, including Defendant LR Credit 18, who are also debt collectors.  Defendant's principal business is debt collection, and Defendant regularly collects consumer debts alleged to be due to another.  Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

6.      Defendant Mel S. Harris is a natural person, and a principal of defendant Mel Harris.  Defendant Harris regularly collects consumer debts alleged to be due to another.  Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

7.      Defendant Michael Young is a natural person, and the Executive Director and Chief Operating Officer of defendant Mel Harris.  Defendant Young regularly collects consumer debts alleged to be due to another.  Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

8.      Defendant Kerry Lutz is a natural person, and a partner of defendant Mel Harris. Defendant Lutz regularly collects consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

9.      Defendant Todd Fabacher is a natural person who is employed by Defendants Mel Harris, Leucadia, and/or LR Credit 18. Defendant Fabacher claims to be the "authorized and designated custodian of records" for all or nearly of the accounts on which Defendants file suit. Defendant regularly collects consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

10.     Defendants "Mel Harris John/Jane Does 1-20" are persons associated with defendant Mel Harris LLC who were involved in the violations of law alleged in this Complaint.

11.     Defendant LR Credit 18, LLC ("LR Credit 18") is a New York limited liability company. In legal pleadings, Defendant lists its address as c/o L-Credit, LLC, 315 Park Avenue South, New York, NY 10010. Defendant's registered agent in the State of New York is National Registered Agents, Inc., 875 Avenue of the Americas, Suite 501, New York, NY 10001. Defendant is a wholly owned subsidiary of Defendant Leucadia National Corporation. Defendant transacts business in this district. Defendant is a purchaser and collector of defaulted consumer debts. Defendant is regularly engaged in the business of collecting or hiring others, such as the other defendants in this case, to collect debts from consumers. Defendant's principal business is debt collection, and Defendant regularly collects consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

12.     On information and belief, defendant L-Credit, LLC ("L-Credit") is a Delaware limited liability company.  L-Credit lists its address as 315 Park Avenue South, New York, NY 10010.  On information and belief, L-Credit is a wholly owned subsidiary of Defendant Leucadia National Corporation.  Defendant transacts business in this district.  Defendant is a purchaser and collector of defaulted consumer debts.  Defendant is regularly engaged in the business of collecting or hiring others, such as the other defendants in this case, to collect debts from consumers.  Defendant's principal business is debt collection, and Defendant regularly collects consumer debts alleged to be due to another.  Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

13.     Defendant Leucadia National Corporation ("Leucadia") is a business corporation with its principal place of business at 315 Park Avenue South, 20th Floor, New York, NY 10010.  Leucadia is the parent company of Defendants LR Credit 18 and L-Credit.  Leucadia and LR Credit 18 share the same address.  Upon information and belief, Leucadia has complete control over LR Credit 18's and L-Credit's debt collection activities, and LR Credit 18 and L-Credit are mere instrumentalities of Leucadia.  Upon information and belief, all of LR Credit 18's and L-Credit's profits flow directly to Leucadia.

14.     Defendants "LR Credit John/Jane Does 1-20" are persons associated with defendants LR Credit 18 and/or L-Credit who were involved in the violations of law alleged in this Complaint.

15.     Defendant Samserv, Inc. ("Samserv") is a business corporation with its principal place of business at 140 Clinton Street, LF, Brooklyn, NY 11201.  Defendant is a process serving agency regularly engaged in the business of collecting consumer debts

by assisting the other defendants in this case to file and maintain civil debt collection lawsuits and to obtain default judgments in those cases. Defendant regularly collects consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

16.     Defendant William Mlotok is a natural person who resides at 17 Hollywood Drive, Plainview, NY 11803. Defendant is the chairman and chief executive officer of Defendant Samserv. Defendant Mlotok is regularly engaged in the business of collecting consumer debts by assisting the other defendants to file and maintain civil debt collection lawsuits and to obtain default judgments in those cases. Defendant regularly collects consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

17.     Defendant Benjamin Lamb is a natural person who resides at 537 West 149th Street, New York, NY 10031 and works for Defendant Samserv as a process server. Defendant Lamb is regularly engaged in the business of collecting consumer debts by assisting the other Defendants to file and maintain civil debt collection lawsuits and to obtain default judgments in those cases. Defendant regularly collects consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

18.     Defendants "Samserv John/Jane Does 1-20" are persons associated with defendants Samserv who were involved in the violations of law alleged in this Complaint.

## FACTS

19.     Plaintiff Monique Sykes is 29 years old and lives in the Bronx with her husband and her two young children. Ms. Sykes' husband is the family breadwinner. He

works as a union carpenter, but it has been difficult for him to find steady employment in the last year. At the time of the events recounted here, Mr. Sykes was receiving Unemployment Benefits, which were the family's only source of income. Ms. Sykes has no income of her own, as she stays home to care for their children.

20.     On or about June 27, 2008, Defendant Mel Harris commenced a lawsuit against Ms. Sykes in Bronx County Civil Court. Defendant LR Credit 18 was the plaintiff in the suit.

21.     The suit alleged that Ms. Sykes owed money to LR Credit 18, which claimed that it was the assignee and purchaser of a debt originally owed to an entity identified as "JPMorgan Chase Bank."

22.     Ms. Sykes believes that it is possible she owes this debt, but she is not sure, as she does not recognize the amount.

23.     Samserv claimed that its employees and/or agents served the summons and complaint upon Ms. Sykes.

24.     Ms. Sykes was never served with a summons and complaint, either personally, by substitute service, or by nail and mail service.

25.     On or about July 25, 2008, Samserv prepared an affidavit attesting that Ms. Sykes had been served with process in accordance with New York law. The affidavit was purportedly signed by Benjamin Lamb and notarized by William Mlotok.

26.     The affidavit of service contains false statements. Specifically:

     a.     The process server swore that he left the papers with a "Ms. Rolanda" at Ms. Sykes' residence, but no such person resides with Ms. Sykes and her family.

b.   The process server swore that he spoke to "Ms. Rolanda" and confirmed that Ms. Sykes was not in the military, but Ms. Sykes does not know "Ms. Rolanda," so this person would be unable to confirm her military status.

c.   The process server swore that he went to Ms. Sykes' apartment on July 18, 2008, at 7:15 PM, but Ms. Sykes would have been home at that time, and no process server came to her door.  With two children under the age of three, the Sykes family was always home in the evenings.

d.   The process server swore that he mailed a copy of the summons and complaint to Ms. Sykes, but she never received a copy of the summons and complaint by mail.

27.    On or about August 1, 2008, Defendants caused the fraudulent affidavit of service described above to be filed with the court.

28.    In or about September or October 2008, Defendants sought a default judgment against Ms. Sykes.

29.    As part of its application for a default judgment, Mel Harris partner Kerry Lutz "affirm[ed] under the penalties of perjury that service of the summons and complaint has been made."

30.    As part of its application for a default judgment, Defendants submitted an Affidavit of Merit which was purportedly signed by Todd Fabacher and notarized by Michael Young, who is the Executive Director and Chief Operating Officer for Defendant Mel Harris.

31.     In the Affidavit, Mr. Fabacher claims that he is "fully and personally familiar with, and have [sic] personal knowledge of, the facts and proceedings relating to the within action." On information and belief, this claim is false.

32.     In the Affidavit, Mr. Fabacher claims that he maintains "the daily records and accounts in the regular course of business, including records maintained by and obtained from plaintiff's assignor."

33.     This claim is misleading, as it suggests that Mr. Fabacher and the other Defendants are in possession of documentation obtained from JPMorgan Chase Bank and that Defendants have evidence that Ms. Sykes owes this debt. Upon information and belief, Defendants have no such evidence.

34.     On October 7, 2008, the court entered a default judgment against Ms. Sykes. In doing so, the court relied upon the fraudulent affidavit of service and affidavit of merit submitted to the court by Defendants.

35.     In July 2009, Ms. Sykes learned about the lawsuit for the first time when she received a letter from a New York City marshal threatening to take her personal property.

36.     On July 7, 2009, Ms. Sykes filed a motion seeking to vacate the default judgment and dismiss the case due to improper service. The motion was granted on July 31, 2009, and the case was dismissed.

37.     Because the dismissal was "without prejudice," however, Ms. Sykes is at risk of being sued and subjected to improper service for a second time.

38.     In addition, Ms. Sykes has incurred economic harm because of Defendant's actions. For example, Ms. Sykes had to spend money copying her file and

on transportation to and from the courthouse.  She had to take a cab on at least one

occasion because the MTA had suspended service on her subway line.  In addition, her

husband had received offers of work, which he had to turn down so that he could stay

home with the children while Ms. Sykes went to court.

## FIRST CLAIM FOR RELIEF
### (Violations of FDCPA)

39.     Plaintiffs hereby restate, reallege, and incorporate by reference all

foregoing paragraphs.

40.     Congress enacted the Fair Debt Collection Practices Act (FDCPA) to stop

"the use of abusive, deceptive and unfair debt collection practices by many debt

collectors."  15 U.S.C. § 1692(a).

41.     A debt collector may not "use any false, deceptive, or misleading

representation or means in connection with the collection of any debt."  15 U.S.C. §

1692e.  Such a prohibition includes the false representation of "the character, amount, or

legal status of any debt."  15 U.S.C. § 1692e(2)(A).

42.     A debt collector may not "use unfair or unconscionable means to collect or

attempt to collect any debt."  15 U.S.C. § 1692f.

43.     Nor may a debt collector "engage in any conduct the natural consequence

of which is to harass, oppress, or abuse any person in connection with the collection of a

debt."  15 U.S.C. § 1692d.

44.     A process server is exempted from the definition of a debt collector only

insofar as the process server is in fact "serving or attempting to serve legal process."  15

U.S.C. § 1692a(6)(D).

45.    Defendants' actions as alleged above violated the FDCPA.

## SECOND CLAIM FOR RELIEF
### (Violations of GBL § 349)

46.    Plaintiff hereby restates, realleges, and incorporates by reference all foregoing paragraphs.

47.    New York prohibits "deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state. . . ." N.Y. Gen. Bus. Law § 349(a).

48.    An individual "injured by reason of any violation of this section may bring an action in his own name to enjoin such unlawful act or practice, an action to recover his actual damages or fifty dollars, whichever is greater, or both such actions." N.Y. Gen. Bus. Law § 349(h).

49.    As enumerated above, Defendants violated § 349 of the New York General Business Law by using deceptive acts and practices in the conduct of their business.

50.    Defendants committed the above-described acts willfully and/or knowingly.

51.    As a result of these violations of § 349 of the General Business Law, Plaintiffs are entitled to an injunction barring Defendants from engaging in deceptive acts and practices, and to recover treble damages, costs and attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully request the Court grant the following relief:

    a.  A declaratory judgment that Defendants violated the FDCPA and the GBL § 349;

    b.  Issuing an Order enjoining Defendants from committing similar violations in the future;

    c.  Statutory damages;

    d.  Actual damages;

    e.  Attorneys' fees, litigation expenses and costs incurred in bringing this action;

    f.  Any other relief that the Court deems just and proper.

## DEMAND FOR A JURY TRIAL

Please take notice that Plaintiff demands trial by jury in this action.

Dated: October 6, 2009
      New York, New York

                   EMERY CELLI BRINCKERHOFF
                    & ABADY LLP

                   By: _____
                    Matthew D. Brinckerhoff (3552)

                   75 Rockefeller Plaza - 20th Floor
                   New York, New York 10019
                   (212) 763-5000

                   *Attorneys for Plaintiff*