```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/1/2011
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MONIQUE SYKES, RUBY COLON, REA
VEERABADREN, FATIMA GRAHAM, KELVIN
PEREZ, SAUDY RIVERA, PAULA ROBINSON,
and ENID ROMAN, individually and on behalf of
all others similarly situated,

                                        Plaintiffs,

      - against -

MEL S. HARRIS AND ASSOCIATES LLC; MEL
S. HARRIS; MICHAEL YOUNG; DAVID
WALDMAN; KERRY LUTZ; TODD
FABACHER; MEL HARRIS JOHN/JANE DOES
1-20; LEUCADIA NATIONAL CORPORATION;
L-CREDIT, LLC; LR CREDIT, LLC; LR CREDIT
10, LLC; LR CREDIT 12, LLC; LR CREDIT 14,
LLC; LR CREDIT 18, LLC; LR CREDIT 19, LLC;
JOSEPH A. ORLANDO; PHILIP M. CANNELLA;
LR CREDIT JOHN/JANE DOES 1-20;
SAMSERV, INC.; WILLIAM MLOTOK;
BENJAMIN LAMB; MICHAEL MOSQUERA;
JOHN ANDINO; HUSAM AL-ATRASH;
ASSMAT ABDELRAHMAN; and SAMSERV
JOHN/JANE DOES 1-20,

                                        Defendants.

ECF Case
No. 09 Civ. 8486 (DC)


**PROTECTIVE ORDER**


          WHEREAS, all parties to this action (collectively the "Parties" and individually a

"Party") have sought or may seek information that a producing party deems confidential in

connection with discovery in this action;

          WHEREAS, this Court finds good cause exists for issuance of an appropriately

tailored confidentiality order, pursuant to Fed. R. Civ. P. 26(c), governing the pretrial phase of

this action;

          IT IS HEREBY ORDERED, as follows:

          1.      A Party or person producing or disclosing "Discovery Material" (*i.e.*,

information of any kind produced or disclosed in the course of discovery in this action) may designate as "Confidential" only the portion of such material that the Party or person (the "Producing Party") reasonably and in good faith believes consists of:

       (a) Previously non-disclosed financial information (including without limitation profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports, and sale margins);

       (b) Previously non-disclosed material relating to the ownership or control of any non-public company;

       (c) Previously non-disclosed business plans, product-development information, marketing plans, or contracts;

       (d) Any information of a personal or intimate nature concerning any individual;

       (e) Or any other category of information this Court subsequently affords confidential status.

     2.      When a Producing Party produces or discloses Confidential material as defined in ¶ 1, the material shall be clearly marked as "Confidential" when produced.

     3.      Insofar as any Party objects to a Producing Party's designation of Discovery Material as Confidential, that Party shall so notify counsel for the Producing Party in writing within 30 days of production. Thereafter, all Parties will maintain the confidentiality of any such documents for 30 days, during which time counsel for the objecting Party will address its dispute to the Court, unless the Parties are able to reach an agreement in the interim.

4.     If a Party objects to a confidentiality designation pursuant to ¶ 3, all Parties shall continue to maintain the confidentiality of any such Discovery Material until the Court has reached a determination as to the confidentiality designation.

5.     The Parties and their attorneys shall use Discovery Materials designated as Confidential solely for the preparation or presentation of their cases in this action.

6.     The Parties' attorneys shall not disclose the Confidential material to any person not a member of their legal staffs, except under the following conditions:

(a) Disclosure may be made only if necessary to the preparation or presentation of a Party's case in this action;

(b) Disclosure may be made if the materials are obtained publicly or from sources other than the Producing Party;

(c) Disclosure before trial may be made only to an expert who has been retained or specially employed by that party's attorneys in anticipation of litigation or preparation for this action, to a witness at deposition, or to the Court;

(d) Before any disclosure is made to a person listed in subparagraph (c) above (other than to the Court), the party's attorneys shall provide each such person with a copy of this Protective Order, and such person shall consent in writing, in the form annexed hereto as Exhibit A, not to use the Confidential material for any purpose other than in connection with this case and not to further disclose the Confidential material except in testimony taken in this case. The signed consent

-3-

shall be retained by the disclosing party's attorneys and a copy shall be

furnished to opposing counsel upon their request.

       7.     Deposition testimony concerning any Confidential material which reveals

the contents of such materials shall be deemed confidential and the transcript of such testimony,

together with any exhibits referred to therein, shall be separately bound, with a cover page

prominently marked "Confidential." Such portion of the transcript shall be deemed to be

Confidential within the meaning of this Protective Order.

       8.     If any paper which incorporates any Confidential material or reveals the

contents thereof is filed in this Court, those pages containing Confidential material shall be

delivered to the Court enclosed in a sealed envelope bearing the caption of this action, an

indication of the nature of the contents, and the following legend:

### CONFIDENTIAL

> This envelope contains documents or information
> designated confidential pursuant to an order entered
> by the United States District Court for the Southern
> District of New York in the above-captioned action.
> This envelope shall not be opened or unsealed
> without the express direction of a judge of this
> Court, and its contents shall not be displayed or
> revealed except as the Court may order. This
> envelope and its contents shall at all times be
> maintained separate and apart from the publicly
> available files of this case.

       9.     If any party intends to use a document designated as Confidential in open

court, it must give notice of its intent through the joint pretrial order, or, in the case of an

evidentiary hearing, two weeks before the evidentiary hearing. Any party opposing the use of a

Confidential document in open court shall have the burden of explaining its opposition through a

motion in limine or through another procedure to be established by the Court.

      10.    Within 30 days after the termination of this case, including any appeals, the Confidential Materials, including all copies, notes, and other materials containing or referring to information derived therefrom, shall be returned to the producing party's attorneys or, upon their consent, destroyed, and all persons who possessed such materials shall verify their return or destruction by affidavit furnished to the opposing party's attorneys.

      11.    The inadvertent failure by a producing Party to designate a document or testimony or other information as "Confidential" shall not constitute a waiver of such Party's right to subsequently designate the document, testimony, or other information when the error is discovered. Any such designation shall be effective when communicated in writing to counsel for the receiving Party within thirty (30) days of production. If the designation is made more than thirty (30) days after production, the producing Party may seek relief from the Court. No Party will be deemed to have violated any provision of this Protective Order by treating or handling such information as non-confidential prior to: (a) the receipt of written notification of the failure to designate the information as Confidential Information; or (b) an Order from Court attaching a "confidential" designation to the document, testimony, or information. In addition, the written notification referenced in this clause does not impose an obligation to retrieve any documents or tangible things that have otherwise been properly disseminated to any third party prior to receipt of the written notification. If, however, the documents or tangible things at issue can reasonably be retrieved so that all copies or versions can be properly designated, the parties agree to make good-faith efforts to do so.

-5-

SO STIPULATED AND AGREED.

Dated: New York, New York
       January 25, 2011

EMERY CELLI BRINCKERHOFF &
ABADY, LLP

By: _____
    Matthew D. Brinckerhoff

75 Rockefeller Plaza, 20th Floor
New York, NY 10019
(212) 763-5000

NEIGHBORHOOD ECONOMIC
DEVELOPMENT ADVOCACY PROJECT
176 Grand St., Suite 300
New York, NY 10013
(212) 680-5100

MFY LEGAL SERVICES, INC
299 Broadway, 4th Floor
New York, NY 10007
(212) 417-3701

Attorneys for Plaintiffs


KAUFMAN DOLOWICH VOLUCK &
GONZO, LLP.

By: _____
    Brett A. Scher

135 Crossways Park Dr., Suite 201
Woodbury, NY 11797
(516) 681-1100

Attorneys for Mel Harris Defendants


MCELROY, DEUTSCH, MULVANEY,
& CARPENTER, LLP

By: _____
    Adam R. Schwartz   Lewis H. Goldfarb
1300 Mount Kemple Ave.
P.O. Box 2075
(973) 425-0161

Attorneys for Leucadia Defendants


BABCHIK & YOUNG, LLP
By: _____
    Jordan Sklar
200 East Post Road
White Plains, NY 10601
(914) 470-0001

Attorneys for Samserv Defendants


SO ORDERED this 1st day
of Feb., 2011.

_____
DENNY CHIN, U.S.C.J.

            2/1/11                    -6-

SO STIPULATED AND AGREED.

Dated: New York, New York
January 25, 2011

EMERY CELLI BRINCKERHOFF &
ABADY, LLP

By: _____
Matthew D. Brinckerhoff

75 Rockefeller Plaza, 20th Floor
New York, NY 10019
(212) 763-5000

NEIGHBORHOOD ECONOMIC
DEVELOPMENT ADVOCACY PROJECT
176 Grand St., Suite 300
New York, NY 10013
(212) 680-5100

MFY LEGAL SERVICES, INC
299 Broadway, 4th Floor
New York, NY 10007
(212) 417-3701

Attorneys for Plaintiffs

KAUFMAN DOLOWICH VOLUCK &
GONZO, LLP.

By: _____
Brett A. Soher

135 Crossways Park Dr., Suite 201
Woodbury, NY 11797
(516) 681-1100

Attorneys for Mel Harris Defendants

MCELROY, DEUTSCH, MULVANEY,
& CARPENTER, LLP

By: _____
Adam R. Schwartz
1300 Mount Kemple Ave.
P.O. Box 2075
(973) 425-0161

Attorneys for Leucadia Defendants

BABCHIK & YOUNG, LLP
By: _____
Jordan Sklar
200 East Post Road
White Plains, NY 10601
(914) 470-0001

Attorneys for Samserv Defendants

SO ORDERED this ___ day
of _____, 2011.

_____
DENNY CHIN, U.S.C.J.

-6-

SO STIPULATED AND AGREED.

Dated: New York, New York
       January 25, 2011

EMERY CELLI BRINCKERHOFF &          KAUFMAN DOLOWICH VOLUCK &
ABADY, LLP                          GONZO, LLP.

By: _____        By: _____
    Matthew D. Brinckerhoff             Brett A. Scher

75 Rockefeller Plaza, 20th Floor    135 Crossways Park Dr., Suite 201
New York, NY 10019                  Woodbury, NY 11797
(212) 763-5000                      (516) 681-1100

NEIGHBORHOOD ECONOMIC               Attorneys for Mel Harris Defendants
DEVELOPMENT ADVOCACY PROJECT
176 Grand St., Suite 300
New York, NY 10013                  MCELROY, DEUTSCH, MULVANEY,
(212) 680-5100                      & CARPENTER, LLP

MFY LEGAL SERVICES, INC             By: _____
299 Broadway, 4th Floor             Adam R. Schwartz
New York, NY 10007                  1300 Mount Kemple Ave.
(212) 417-3701                      P.O. Box 2075
                                    (973) 425-0161
Attorneys for Plaintiffs
                                    Attorneys for Leucadia Defendants

                                    BABCHIK & YOUNG, LLP
                                    By: _____
                                    Jordan Sklar
                                    200 East Post Road
                                    White Plains, NY 10601
                                    (914) 470-0001

                                    Attorneys for Samserv Defendants

SO ORDERED this ___ day
of _____, 2011.

_____
DENNY CHIN, U.S.C.J.

                            -6-

## EXHIBIT A

The undersigned hereby acknowledges that he/she has read the Protective Order entered in the United States District Court for the Southern District of New York on September __, 2010 in the action entitled *Sykes, et al. v. Mel S. Harris and Associates LLC, et al.*, No. 09 Civ. 8486(DC) and understands the terms thereof. The undersigned agrees not to use the Confidential materials defined therein for any purpose other than in connection with this case, and will not disclose the Confidential materials except in testimony taken in this case.

_____                    _____
Date                                        Signature

_____
Print Name

_____
Occupation