UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MONIQUE SYKES, REA VEERABADREN, KELVIN PEREZ, and CLIFTON ARMOOGAM, individually and on behalf of all others similarly situated,<br><br>                      Plaintiffs,<br><br>  - against -<br><br>MEL S. HARRIS AND ASSOCIATES LLC; MEL S. HARRIS; MICHAEL YOUNG; DAVID WALDMAN; KERRY LUTZ; TODD FABACHER; MEL HARRIS JOHN/JANE DOES 1-20; LEUCADIA NATIONAL CORPORATION; L-CREDIT, LLC; LR CREDIT, LLC; LR CREDIT 10, LLC; LR CREDIT 14, LLC; LR CREDIT 18, LLC; LR CREDIT 21, LLC; JOSEPH A. ORLANDO; PHILIP M. CANNELLA; LR CREDIT JOHN/JANE DOES 1-20; SAMSERV, INC.; WILLIAM MLOTOK; BENJAMIN LAMB; MICHAEL MOSQUERA; JOHN ANDINO; and SAMSERV JOHN/JANE DOES 1-20,<br><br>                      Defendants. | ECF Case<br>No. 09 Civ. 8486(DC) |

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO QUASH

| | | |
|---|---|---|
| EMERY CELLI BRINCKERHOFF & ABADY LLP<br>75 Rockefeller Plaza, 20th Fl.<br>New York, New York 10019<br>(212) 763-5000 | NEIGHBORHOOD ECONOMIC DEVELOPMENT ADVOCACY PROJECT<br>176 Grand Street, Suite 3000<br>New York, New York 10013<br>(212) 680-5100 | MFY LEGAL SERVICES, INC.<br>299 Broadway, 4th Floor<br>New York, New York 10013<br>(212) 417-3701 |

# TABLE OF AUTHORITIES

**PAGE NO(s):**

**CASES**:

*Cole v. City of New York*, 2011 WL 2899233, *1 (S.D.N.Y. July 1, 2011) ................................. 4

*Langford v. Chrysler Motors Corp.*, 513 F.2d 1121, 1126 (2d Cir.1975 ....................... 4

**RULES, STATUTES and OTHER AUTHORITIES:**

Fed. R. Civ. P. 45(c)(3)(A)(iii) & (iv) .................................................................................... 3

Fed. R. Civ. P. 26(b)(1) ............................................................................................................. 5

NY Gen. Bus. Law §§ 89-u and 89-cc ..................................................................................... 4

6 RCNY § 2-233 ......................................................................................................................... 4

9A Fed. Prac. & Proc. Civ. § 2459 (3d ed.) ............................................................................. 4

Plaintiffs Monique Sykes, Rea Veerabadren, Kelvin Perez, and Clifton Armoogam, individually and on behalf of all others similarly situated, respectfully submit this memorandum of law in opposition to Defendants' motion to quash the non-party subpoenas served on 26 process servers hired by Defendant Samserv to do work on behalf of Defendant Mel S. Harris from December 28, 2005 to present.

## PRELIMINARY STATEMENT

Plaintiffs argue in the instant action that Defendants engage in "sewer service" by failing to serve thousands of individuals with notice of debt collection lawsuits against them and then file fraudulent affidavits of service with the courts, denying people their day in court, and resulting in mass numbers of default judgments.  To this end, Plaintiffs served non-party subpoenas on 26 process servers who were identified from Samserv's database as having allegedly effected service for Defendant Mel S. Harris in New York City.  The subpoenas ask for the individual servers to produce: "All original written records of service ("logbooks") that you have kept pursuant to New York General Business Law 89-u, 89-cc and Title 6 of the Rules of the City of New York 2-233, from December 28, 2005 to the present."  (Exhibit A.)  The Samserv Defendants filed the instant motion to quash those subpoenas, arguing that the law cited in the subpoenas is no longer valid; that the period of time requested is excessive; that the information requested is not relevant to Plaintiffs' claims or those of the class; and that the subpoenas are overbroad.  Defendants' Brief at 1.  The Court should deny Defendants' motion to quash the third-party subpoenas because Defendants lack standing, the requested information is highly relevant to Plaintiffs' claims, and the request is neither overbroad nor burdensome.

## ARGUMENT

The Court should deny the Samserv Defendants' motion to quash the subpoenas to examine logbooks kept pursuant to various laws from December 2005 to the present, which were served on non-party process servers who used to serve or currently serve process for Defendant Samserv. The subpoenas are proper, as they seek to determine whether the information in the Samserv database, which shows shocking numbers of service performed in single days and highly questionable, inconsistent, and impossible service patterns, comport with the logbooks that servers are required to keep, and which are supposed to reflect contemporaneous records of all service attempts. If the non-party servers do not keep logbooks (as appears to be the case with at least one of the Samserv process server Defendant who has been "unable to locate" his logbook (Plaintiffs' Brief in Support of Class Certification, Exhibit L)), their lack of compliance with local laws raises serious questions. If they do maintain logbooks, Plaintiffs wish to compare the entries with the records in Samserv's database, and examine whether other inconsistencies exist.

I.   **THE DEFENDANTS LACK STANDING TO FILE A MOTION TO QUASH NON-PARTY SUBPOENAS.**

Defendants lack standing to seek an order from the Court to quash the third-party subpoenas and therefore their motion should be denied.[1] Under the Federal Rules of Civil Procedure, a party may move to quash a subpoena if it requires the disclosure of privileged or protected matter or subjects a party to undue burden. Fed. R. Civ. P. 45(c)(3)(A)(iii) & (iv). It is well established that "[I]n the absence of a claim of privilege a party usually does not have standing to object to a subpoena directed to a non-party witness." *Cole v. City of New York*, 2011 WL 2899233, *1 (S.D.N.Y. July 1, 2011) (quoting *Langford v. Chrysler Motors Corp.*, 513 F.2d

---

1 In addition to lacking standing, Defendants failed to seek permission to file the instant motion by writing a letter to the Court before moving, in accordance with the Court's individual rules and Local Civil Rule 37.2.

1121, 1126 (2d Cir.1975)). *See also* 9A Fed. Prac. & Proc. Civ. § 2459 (3d ed.) ("Ordinarily a party has no standing to seek to quash a subpoena issued to someone who is not a party to the action, unless the objecting party claims some personal right or privilege with regard to the documents sought.")[2]

Here, Defendants do not assert a claim of privilege, and, therefore, have not established a right to ask the Court to quash the subpoenas.[3] It is likely that Defendants did not assert a claim of privilege because none exists: the logbooks are the property of independent contractors not employed by Samerv; the logbooks, which are required to be kept pursuant to NY Gen. Bus. Law §§ 89-u and 89-cc and 6 RCNY § 2-233, should reflect the same information that is found in the Samserv database (*i.e.*, date of service, title of the action, address where service was effected, etc.), which Plaintiffs already have; and the information in the logbooks should be identical to information reflected in affidavits of service that are filed with the courts, and which are publicly available. It is hard to fathom how the content of the logbooks could be considered a disclosure of confidential or privileged information that would harm the Samerv Defendants in any way. Accordingly, Defendants lack standing in this case to bring the instant motion to quash and the motion should be denied.

## II. THE SUBPOENAS ARE RELEVANT TO PLAINTIFFS' CLAIMS AND THE CLAIMS OF THE CLASS.

Defendants argue that the records sought are not relevant to Plaintiffs' case and bear no

---

[2] Counsel for the Samserv Defendants makes no assertion that he represents the non-party servers, and, according to a subpoenaed server who responded to the subpoena on September 20, 2011, he had not been contacted by Samerv's counsel.

[3] Although Defendants correctly cite the standard for a motion to quash a third-party subpoena in a footnote in their brief, they inexplicably assert that they have standing because the subpoenas are "clearly designed to harass the named process servers and interrupt Samerv's business." Defendants' Brief at 4, n.2. It is unclear how third-party subpoenas could be construed as harassing the named Defendants who have nothing to do with responding to the subpoenas, or how requiring process servers (the vast majority, or, possibly, all of whom no longer work for Samserv) to provide their logbooks if they have them, would disrupt Samserv's business. Even if either of these things were true, however, they are not lawful bases for asserting standing.

3

more than a "tangential relationship" to the issues at bar in the lawsuit.  Defendants' Brief at 5-6.  Rule 26 of the Federal Rules of Civil Procedure permits the discovery of "any nonprivileged matter that is relevant to any party's claim or defense. . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).

The information sought here is at the heart of certain claims by Plaintiffs and not tangential.  Plaintiffs allege in this case, among other things, that Defendants engaged in a scheme to purposefully obtain default judgments against unsuspecting consumers by not properly serving them with notice of the debt collection lawsuits against them.  As explained more fully in Plaintiffs' Reply brief in support of their motion for class certification, which was submitted to the Court a few days after the Plaintiffs finally obtained Samserv's database, Samerv's own records present highly questionable service patterns.  Those patterns include impossible claims of simultaneous visits to different addresses at the exact same time, claims of attempted or completed service before the date that the service was assigned, claims of service requiring impossible travel times from one location to the next, claims of service involving nonsensical backtracking between zip codes, impossibly high claims of volume of service in one day, and widely divergent rates of personal, substitute, and nail and mail service from one process server to the next.  Declaration of Nicholas Egleson ¶¶ 9-27, in support of Plaintiffs' Reply Brief in Support of Motion for Class Certification.  In Samserv's Sur-Reply in further opposition to Plaintiffs' motion for class certification, the Samserv Defendants claimed that some of these discrepancies were likely due to "typographical" errors occurring when "the process server records his activities in his work papers or log book and . . . when data entry operators type the data from the work papers/log book into the database." Sur-Reply in

Opposition to Plaintiffs' Motion for Class Certification at 4.

The information contained in the logbooks, which are the subject of the subpoenas, will clarify what entries, if any, of the suspect information found in Defendants' database are due to errors, and how many entries match the servers' contemporaneous records. It is unquestionably relevant to Plaintiffs' claims and should be produced at once.

### III.   THE SUBPOENAS SIMPLY REQUIRE THE PROCESS SERVERS TO PRODUCE MATERIAL THAT THEY POSSESS AND ARE NOT OVERLY BROAD OR BURDENSOME.

Defendants argue that the request is overbroad because: (1) the servers are only required to keep logbooks for three years and the subpoenas' time frame is six years, and (2) because Plaintiffs seek all records without any limiting restrictions. The subpoenas simply request "[a]ll original written records of service ("logbooks") *that you have kept . . .*" (emphasis added), from December 28, 2005 to the present, which is the time period of Plaintiffs' proposed class, and therefore a perfectly logical and legitimate time frame. Defendants appear to argue that because New York City laws do not mandate servers to maintain their logbooks for as long as the time period covered in the subpoenas, that this is a basis for quashing the subpoenas outright.[4] Plaintiffs recognize that the non-party servers are under no obligation to maintain logbooks for a longer period of time than required under local laws, but *if* they did, Plaintiffs simply seek to review them and at the very least, seek to review whatever logbooks they currently have, pursuant to the applicable rules. As with any request, the information sought can only include material that the requested party possesses: no more, no less. The servers are asked to produce records that are in their possession.

---

4 Defendants also seem to take issue with Plaintiffs' request because they think that it covers service effected outside of New York City.  Servers are only required to maintain logbooks for service conducted within New York City, and the proposed class definition only pertains to cases filed in New York City.

The subpoena request also is not overbroad because Plaintiffs seek to review all records of service, not just those pertaining to the named Plaintiffs or Mel Harris cases. Because servers are required to maintain their logbooks according to local law, which requires *all* service attempts and completed service to be recorded in a single bound book chronologically, the request cannot be limited to service only performed on behalf of Mel Harris.[5] To the extent Defendants are making a burdensomeness argument on this basis, the request similarly is not burdensome. It would seem to be more exacting to require non-parties to examine their own records and selectively make available to Plaintiffs only entries in their logbooks that pertain to class members and/or service effected for Mel S. Harris. Instead, all the servers have to do is provide their logbooks to counsel on a given day so that their records can be reviewed and certain entries photocopied. In fact, one subpoenaed server responded before the date noticed, with the requested information, and did not profess his visit to be burdensome or challenging in the least. Of course, if an individual server found that transporting logbooks to counsel's office burdensome because of a large number of logbooks, for example, counsel would be more than happy to make arrangements to accommodate him or her.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court deny Defendants' motion to quash the third-party subpoenas served on current and former process servers and lift the stay currently in place.

Dated: October 3, 2011
      New York, New York

---

5 Indeed, New York City's process serving laws regarding logbook entries do not require that the law firm that assigns such service be recorded, therefore, it is unclear how the process servers would be able to comply with such a limiting request.

MFY LEGAL SERVICES, INC.

By: _____/s/_____
Carolyn E. Coffey (CC 6741)
Anamaria Segura (AS 4847)
Of Counsel to Jeanette Zelhof
299 Broadway, 4th Floor
New York, New York 10007
212-417-3701


EMERY CELLI BRINCKERHOFF
 & ABADY LLP
Matthew D. Brinckerhoff (MB 3552)
Eisha Jain (EJ 5057)
75 Rockefeller Plaza, 20th Floor
New York, New York 10019
212-763-5000


NEIGHBORHOOD ECONOMIC
DEVELOPMENT ADVOCACY PROJECT
(NEDAP)
Claudia Wilner (CW 1995)
Josh Zinner (JZ 4332)
176 Grand Street, Suite 300
New York, NY 10013
212-680-5100


*Attorneys for Plaintiffs*