Docket & file



**Proskauer»** Proskauer Rose LLP 1001 Pennsylvania Avenue, NW Suite 400 South Washington, DC 20004-2533

May 9, 2013

<u>By Facsimile (212) 857-2346</u>

The Honorable Denny Chin
United States Circuit Judge
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5/17/13

Re: *Sykes v. Mel S. Harris and Associates LLC*, 09 Civ. 8486 (DC)

Dear Judge Chin:

    The *Sykes* Plaintiffs request a pre-motion conference to posit a proposed motion to quash nine subpoenas served by the Mel Harris Defendants upon creditors seeking original account information including the debt amounts owed. Plaintiffs dress their request in the cloth of a mere discovery dispute. In fact, Plaintiffs seek to radically narrow a critical issue to be decided by a jury—that is, whether the debts compelled to be paid by default judgments were owed. Plaintiffs should not be allowed—certainly not at this early stage of the case—to eliminate entire lines of defense that Defendants aim to develop factually. Since this issue is as important to the Leucadia Defendants as it is to the Mel Harris Defendants, we write in support of the discovery they seek.

    Plaintiffs in their May 8 letter to the Court have well framed the issue: "In short, regardless of whether Defendants can prove . . . that a class member owed a debt to some original creditor, this has nothing to do with Defendants' fraudulent conduct: their filing of *materially* false affidavits in New York City Civil Court" (Letter at 3) (emphasis added).[1] Defendants cannot be denied the opportunity to develop a defense that even if the affidavits were "false," they were not materially so.

    The subpoenaed material is plainly relevant to Defendants' substantive defenses to the action. At a bare minimum, the subpoenas at issue are calculated to elicit information that goes to the *materiality* of the allegedly false affidavits of merit, which is an element of all three

---

[1] This statement is completely consistent with the emphasis Plaintiffs have always placed on the issue of whether the debts were owed and whether there are supporting documents. In the Complaint, Plaintiffs allege that "Defendants' violations include . . . [m]isrepresenting that Defendants are in possession of or could obtain documentation evidencing that Plaintiffs and class members owe a debt, *when in fact they do not possess and cannot obtain such documentation*," Third Amended Complaint ("TAC") ¶ 385D (emphasis added), and that "Plaintiffs and members of the putative class are substantially harmed when Defendants use the default judgments to freeze bank accounts, garnish their wages, and pressure them into making settlement agreements on *debts of dubious merit for which little or no documentation is available*," TAC ¶ 111 (emphasis added). In light of these express allegations, Plaintiffs' argument that the subpoenaed information is unnecessary for rebuttal is bizarre.

# Proskauer»

Hon. Denny Chin
May 9, 2013
Page 2

statutes under which Plaintiffs brought causes of action against the Leucadia Defendants. The elements of RICO, when based on predicate acts of mail fraud and wire fraud, include "a *material*, false representation, an intent to defraud thereby, and reasonable reliance on the representation, causing damage to the plaintiff." *Katara v. D.E. Jones Commodities*, 835 F.2d 966, 970-71 (2d Cir. 1987) (emphasis added) (citing *Van Alen v. Dominick & Dominick, Inc.*, 441 F. Supp. 389, 403 (S.D.N.Y. 1976), *aff'd*, 560 F.2d 547 (2d Cir. 1977)). Likewise, the N.Y. GBL requires a plaintiff to demonstrate that "(1) the act or practice was consumer-oriented; (2) the act or practice was misleading *in a material respect*; and (3) the plaintiff was injured as a result." *Spagnola v. Chubb Corp.*, 574 F.3d 64, 73 (2d Cir. 2009) (emphasis added) (citing *Maurizio v. Goldsmith*, 230 F.3d 518, 521 (2d Cir. 2000).

Finally, "[t]o satisfy the FDCPA, the alleged act must at a minimum involve a misrepresentation that is '*material*.'" *Okere v. Palisades Collection, Inc.*, 2013 U.S. Dist. LEXIS 40840, *26-27 (S.D.N.Y. Mar. 22, 2013) (emphasis added) (citing *Sussman v. I.C. Sys., Inc.*, 2013 U.S. Dist. LEXIS 31721, 2013 WL 842598, at *8 (S.D.N.Y. Mar. 6, 2013); *Walsh v. Law Offices of Howard Lee Schiff, P.C.*, 2012 U.S. Dist. LEXIS 136408, 2012 WL 4372251, at *3-5 (D. Conn. Sept. 24, 2012)). *See also Lane v. Fein, Such and Crane, LLP*, 767 F. Supp. 2d 382, 389-90 (E.D.N.Y. 2011). The case law's focus on materiality in the FDCPA context is not surprising, for an immaterial misstatement to a debtor comfortably fits within that statute's mistake-in-good-faith safe harbor. *See* 15 U.S.C. § 1692k(c).

To be sure, in the context of a class certification order, *not the merits of the case*, this Court was heard to say that "the various claims of the named plaintiffs as to the validity or existence of the underlying debts are not at issue here." Dkt. 123 at 30-31. In doing so, the Court never intended to establish such "law of the case" as to deprive the Defendants of their ability to establish before a jury the immateriality of any claimed falsity that the cited amount of the debt owed was based upon personal knowledge. Such weighty factual determinations are not made as matters of law in the context of discovery disputes or class certification orders and before the record has been informed by diligent discovery—and even then, this is an issue for a jury to decide.

Here, the discovery sought by the subpoenas goes directly to the materiality element of the FDCPA, RICO, and the N.Y. GBL. A jury is surely entitled to find that an affidavit of merit, even if false, is not *materially* misleading in a situation where the underlying debt is valid anyway. The subpoenas, therefore, are surely relevant.

Moreover, the material sought by the subpoenas is plainly relevant to a number of other elements of the RICO, FDCPA, and N.Y. GBL claims. Where the debt was actually owed, a jury could find that the affidavit of merit did not *cause* the asserted injury. Similarly, a jury could find that in such a case, there was no *injury* at all. And the validity of the debt—or the amount of any valid debt—is obviously relevant to the calculation of damages. A jury certainly could find that Plaintiffs and potential class members are unable to establish compensable injury

**Proskauer»**

Hon. Denny Chin
May 9, 2013
Page 3

caused by Defendants in the amount of the underlying debt where such amount was legitimately owed.

Accordingly, the Leucadia Defendants respectfully ask that Plaintiffs' request for a pre-motion conference regarding Plaintiffs' proposed motion to quash the Mel Harris Defendants' subpoenas served upon original creditors be denied.

Respectfully submitted,

*Ralph Ferrara / MDH*

Ralph C. Ferrara