April 10, 2015

*Via ECF*

Honorable Ronald L. Ellis
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

    Re: *Sykes v. Mel S. Harris & Assocs.*, No. 09 Civ. 8486

Your Honor:

    Pursuant to the Court's request, plaintiffs and the Mel Harris Defendants[1] in the above-referenced action (the "Action") jointly submit this letter to report on the status of settlement negotiations. Due to the Passover holiday, the SamServ defendants were not able to review this letter prior to filing but provided plaintiffs with their position for this letter.

*The Mel Harris Defendants*

    Plaintiffs' Position: Plaintiffs and the Mel Harris Defendants have conferred extensively concerning the exchange of information in order to facilitate the settlement process. The parties are, however, at an impasse concerning whether the Mel Harris Defendants will provide any information from before the case was filed. At a minimum, plaintiffs need to see Mel Harris, LLC's corporate tax returns from 2006 to the present to determine how much money the firm and the individual defendants (as reflected in K-1 attachments to those corporate returns) made from the actions at issue in this case. Defendants will only agree to provide these returns from 2010 to the present. Plaintiffs have information indicating that the Mel Harris Defendants made over 100 million dollars at the expense of our clients, and that they made the most money from 2006-2008. After the case was filed, Mel Harris, LLC's business decreased significantly. Reviewing only tax returns from after this case's filing is therefore insufficient. If the Mel Harris Defendants did earn over 100 million dollars, it is difficult to understand the Mel Harris Defendants' current claims that they have few assets without further information on where this money went. The Mel Harris Defendants, however, have stated that their earnings were not as great as we believe due to great expenses the firm incurred. Without at a minimum the corporate returns from 2006 to the present, plaintiffs cannot make an informed settlement counter-offer. Plaintiffs therefore respectfully request a phone or in-person conference to assist the parties in resolving this dispute.

    The Mel Harris Defendants' Position: The Mel Harris Defendants made a settlement offer to plaintiffs on February 13, 2015. Plaintiffs have to date not made a settlement counter-offer. At the March 30 settlement conference before the Court, plaintiffs provided the Mel Harris Defendants orally with a list of document requests. One week later, plaintiffs

---

[1] Mel S. Harris and Associates, LLC ("Mel Harris, LLC"), Todd Fabacher, Mel S. Harris, Kerry Lutz, David Waldman and Michael Young.

Page 2

informed the Mel Harris Defendants that they had consulted with a "forensic accountant" and provided the Mel Harris Defendants by e-mail with a substantially expanded list of document requests.

In the spirit of cooperation, the Mel Harris Defendants have agreed to provide plaintiffs with the following confidential materials: (1) corporate tax returns for Mel Harris, LLC for the past five years; (2) financial statements for Mel Harris, LLC for the past five years; (3) tax returns for Rushmore Recovery Management, LLC for the past five years; (4) personal tax returns for each of the individual Mel Harris Defendants for the past year; (5) individual net worth statements from each of the individual Mel Harris Defendants detailing their assets and liabilities (including real estate held by spouses, and any significant intra-spousal asset transfers since the Action commenced[2]). The Mel Harris Defendants have agreed to disclose these materials only if plaintiffs commit to making a reasonable settlement counter-offer on the basis of these materials. Following receipt of that counter-offer, and assuming that further settlement negotiations appear likely to be fruitful at that time, the Mel Harris Defendants would then be prepared to provide certain additional materials, including materials substantiating the information in their individual net worth statements, as well as certain information regarding changes in their net worth over time.

Plaintiffs have refused to commit to making a settlement counter-offer unless the Mel Harris Defendants also provide corporate tax returns relating to a period of time prior to the commencement of the Action. The Mel Harris Defendants believe these documents are not relevant to plaintiffs' analysis and that the materials the Mel Harris Defendants have agreed to provide are more than adequate to enable plaintiffs to make a settlement counter-offer.

*SamServ and Related Parties*

Plaintiff's Statement: The SamServ defendants provided plaintiffs with copies of individual and corporate tax returns from 2006 to the present, but they have refused to provide any additional documentation and have redacted relevant information from those returns and failed to include many critical schedules and attachments. For example, the statements supporting defendant Mr. Mlotok's tax returns reflect income or loss from partnerships or S corporations other than SamServ, but the statements concerning those entities were not provided. SamServ's position is that income from entities other than SamServ is not relevant, but plaintiffs strongly disagree. Plaintiffs need to understand Mr. Mlotok's current personal assets and liabilities – and ensure that he has not transferred assets to other persons or entities – in order to determine a reasonable settlement demand. Mr. Mlotok has even refused to provide a statement of his net worth. Without additional information concerning the SamServ defendants' finances, we cannot responsibly make a counter-offer.

SamServ and Mr. Mlotok have also failed to provide us adequate information about how SamServ and Mr. Mlotok's other process serving companies operate. For example, they have failed to answer simple questions such as: (1) Do SamServ or other entities Mr. Mlotok has an interest in still serve process in consumer debt cases?; (2) Do SamServ or other

---

[2] Mr. Fabacher married his spouse after the Action commenced, and will not disclose information regarding real estate held by his spouse.

Page 3

entities Mr. Mlotok has an interest in now pay process servers on an hourly basis or at least based on the number of service attempts, or do they pay only for affidavits of service, which incentivizes false affidavits of service? We need answers to these questions to determine what, if any, injunctive relief is necessary.

      SamServ and plaintiffs have had numerous email exchanges on this issue, including as recently as yesterday evening, but have not been able to resolve the matter. While the parties are continuing to exchange proposals, the Court's assistance would be beneficial at this time due to a fundamental disagreement concerning whether inquiry into SamServ's business practices is relevant and whether Mr. Mlotok's income and assets from other sources are relevant. SamServ and plaintiffs therefore respectfully request a telephone or in-person conference with the Court to discuss these matters. Because the issues between SamServ and plaintiffs differ from those remaining between plaintiffs and the Mel Harris defendants, plaintiffs respectfully suggest that any conference with the SamServ be held separately from any conference with the Mel Harris defendants.

      Respectfully submitted,

/s/ Elizabeth Saylor

Elizabeth Saylor
Emery Celli Brinckerhoff & Abady LLP
600 Fifth Avenue at Rockerfeller Center
10th Floor
New York, New York 10020

*Counsel for Plaintiffs*

/s/ Maria Ginzburg

Maria Ginzburg
Quinn Emanuel Urquhart & Sullivan, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010

*Counsel for the Mel Harris Defendants*