**Proskauer** » Proskauer Rose LLP   1001 Pennsylvania Avenue, NW Suite 600 South   Washington, DC 20004-2533

October 12, 2015

**Via ECF**

The Honorable Denny Chin
United States Circuit Judge
United States Courthouse
40 Foley Square
New York, NY 10007-1502

    Re:    *Sykes, et al. v. Mel S. Harris and Associates LLC, et al.*, 09 Civ. 8486 (DC)

Dear Judge Chin:

    We represent defendants Leucadia National Corporation, L-Credit, LLC, LR Credit, LLC, LR Credit 10, LLC, LR Credit 14, LLC, LR Credit 18, LLC, LR Credit 21, LLC, Joseph A. Orlando and Philip M. Cannella (the "Leucadia Defendants") in the above captioned case. As we have previously informed the Court, the Leucadia Defendants and Lead Plaintiffs reached a settlement on all claims made in this class action against the Leucadia Defendants on March 18, 2015. At that time, the Leucadia Defendants and Lead Plaintiffs executed a comprehensive settlement agreement to which were attached proposed preliminary and final approval orders and a proposed judgment.

    At the time their settlement agreement was executed, the Leucadia Defendants and Lead Plaintiffs agreed (with the Court's approval) – and continued to agree until recently – that they would refrain from filing their settlement agreement with the Court and seeking preliminary approval of it until Lead Plaintiffs explored whether they could reach a settlement with the remaining defendants in the action (the "Non-Settling Defendants"). During the ensuing almost seven months – while Lead Plaintiffs and the Non-Settling Defendants have tried to reach agreements – the Leucadia Defendants and Lead Plaintiffs also worked together to reach agreement on the proposed notices to be disseminated to class members and Lead Plaintiffs prepared their plan of allocation and claim forms. The Leucadia Defendants informed Lead Plaintiffs on October 1, 2015 that they (*i*) accepted the individual notices that Lead Plaintiffs offered in a September 10, 2015 email and the publication notice previously offered by Lead Plaintiffs and (*ii*) agreed that Lead Plaintiffs' proposed plan of allocation and claim forms were acceptable for filing with the Court.[1]

---

[1]    Lead Plaintiffs notified us late in the day on October 8 that they did not view the proposed preliminary and final approval orders attached to the March 18, 2015 settlement agreement as being final. But these proposed orders and judgment were attached to the executed agreement and therefore are in final form as agreed to by the Lead Plaintiffs and the Lead Plaintiffs for submission to the Court. Lead Plaintiffs also notified us that they are "tinkering" with the plan of allocation. However, pursuant to the Leucadia Defendants' October 1, 2015 email, the Leucadia Defendants understood that the plan of

October 12, 2015
Page 2

      The Leucadia Defendants believe that it is time to submit the March 18, 2015 executed settlement agreement (and its collateral implementing documents) to the Court for preliminary approval consideration. While the Leucadia Defendants have been patient in not pursuing preliminary approval of their settlement for the last almost seven months because they agree that a global settlement would be in the best interests of all parties, we have also made it clear to the Lead Plaintiffs and the Non-Settling Defendants that the Leucadia Defendants did not want their settlement to languish forever while the other parties tried to reach resolutions of Lead Plaintiffs' claims.

      On September 17, 2015, Lead Plaintiffs advised us that they had reached agreements in principle with the two groups of Non-Settling Defendants. In their September 18, 2015 letter to the Court advising the Court of their agreements in principle with these defendants, Lead Plaintiffs represented that they needed three weeks to consummate their agreements with these defendants and that, no later than October 12, 2015, they would propose to the Court a schedule for filing a motion for preliminary approval of the agreements.

      While the Leucadia Defendants view the Lead Plaintiffs' agreements in principle with the Non-Settling Defendants as a positive event, the three weeks requested by Lead Plaintiffs' September 18 letter have passed and they and the Non-Settling Defendants still have not finalized the terms of their agreements and have not executed settlement agreements. The Leucadia Defendants tried to assist the parties in executing agreements by marking up the Leucadia Defendants' agreement to reflect what they understood to be the basic terms of the agreement between the Lead Plaintiffs and the Mel Harris defendants and providing that markup (on September 25) to counsel for the Mel Harris defendants. We understand that the Mel Harris defendants and Lead Plaintiffs have exchanged at least one draft since then, but still have not agreed to a final agreement – and we have not been provided with a definitive date by which the Lead Plaintiffs and the Non-Settling Defendants will consummate their agreement. We do not know if the Lead Plaintiffs and the SamServ defendants have even exchanged a draft.

      The Leucadia Defendants do not believe that there is anything to be gained by continuing to delay the filing of their and Lead Plaintiffs' settlement agreement with the Court. It is not in anyone's interest – including the Class Members who have an interest in obtaining the significant relief provided to them by this agreement sooner rather than later – to continue to wait in the hope that final settlements will actually be achieved between Lead Plaintiffs and the Non-Settling Defendants.

      While the Leucadia Defendants still believe settlements with all of the defendants would be in the parties' (and the Class Members') interests – and that such settlements *might* be within

---

      allocation was completed as of that date and agreed with submission of it (and the claim forms) to the Court in the format Lead Plaintiffs had provided to the Leucadia Defendants.

October 12, 2015
Page 3

the grasp of the Lead Plaintiffs and the Non-Settling Defendants – the Leucadia Defendants do not think that the Leucadia settlement should continue to be held hostage to the negotiations between and among the other parties. The Leucadia Defendants believe they and Lead Plaintiffs should file the Leucadia agreement and allow the Court to determine whether to preliminarily approve it so that notice can be provided to the class members and the process leading up to the Court's decision whether to approve the settlement can begin. If, while the Court is considering the Leucadia settlement agreement for preliminary approval, the Non-Settling Defendants and Lead Plaintiffs can consummate settlements, the Leucadia Defendants and Lead Plaintiffs can prepare an amendment to their settlement agreement to accommodate changes in light of the Non-Settling Defendants' agreements with the Lead Plaintiffs, so long as such changes do not prejudice the interests of the Leucadia Defendants.

      For the reasons set out above, the Leucadia Defendants respectfully ask the Court to direct the Leucadia Defendants and Lead Plaintiffs to submit their executed settlement agreement to the Court for preliminary approval. We have consulted with Lead Plaintiffs' counsel on this issue and understand Lead Plaintiffs' position to be that they prefer to hold off submission of the Leucadia settlement to the Court until they are able to finalize their agreements with the Non-Settling Defendants.

      Unfortunately, tying the filing of the Leucadia settlement to finalization of the other settlements will undoubtedly lead to nothing more than a request from the Lead Plaintiffs and the Non-Settling Defendants for another two-week extension in which to file another paper with the Court stating that the parties will file a proposed schedule for filing at the end of the requested two-week extension. Such a request does nothing to move the almost seven-month old settlement agreement between the Leucadia Defendants and Lead Plaintiffs to final approval. The settlement agreement between the Leucadia Defendants and Lead Plaintiffs is not a piecemeal settlement. Rather it is a comprehensive partial settlement that achieves a significant benefit for class members.

      At the very least, the Leucadia Defendants suggest the Court schedule a status conference sometime after October 26 to give the parties direction as to how to proceed.

Respectfully submitted,

*/s/ Ralph C. Ferrara/MAD*

Ralph C. Ferrara

cc: Counsel of Record