# Exhibit 2

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **MONIQUE SYKES, *et al*.,**<br><br>                          **Plaintiffs,**<br><br>    **vs.**<br><br><br>**MEL S. HARRIS AND ASSOCIATES, LLC, *et al*.,**<br><br>                          **Defendants.** | 09 Civ. 8486 (DC)<br><br><br>**FIRST AMENDMENT TO STIPULATION OF SETTLEMENT AS TO CLAIMS AGAINST CERTAIN DEFENDANTS** |

## FIRST AMENDMENT TO
## STIPULATION OF SETTLEMENT

WHEREAS, Leucadia National Corporation, L-Credit, LLC, LR Credit, LLC, LR Credit 10, LLC, LR Credit 14, LLC, LR Credit 18, LLC, LR Credit 21, LLC, Joseph A. Orlando and Philip M. Cannella and Lead Plaintiffs Monique Sykes, Rea Veerabadren, Kelvin Perez and Clifton Armoogam (on their own behalf and on behalf of Class Members) entered into a Stipulation of Settlement in the above captioned matter on March 18, 2015 (the "Stipulation of Settlement"); and

WHEREAS, except where specifically noted in this First Amendment to Stipulation of Settlement (the "First Amendment"), the capitalized terms that are used in this First Amendment have the same meaning as ascribed to them in the Stipulation of Settlement; and

WHEREAS, Lead Plaintiffs have recently reached settlements with the Non-Settling Defendants and thus (subject to Court approval) all claims as to all parties in this Action have been settled; and

WHEREAS, the Settling Parties wish to modify the Stipulation of Settlement and its exhibits to reflect that a settlement of all claims as to all parties has now been reached in this Action.

NOW THEREFORE, for the mutual promises reflected herein and for other good and valuable consideration, the Settling Parties, each appearing by and through its counsel of record in this matter, hereby enter into this First Amendment pursuant to which they agree as follows:

A. Within three (3) Business Days following the latest of (*i*) execution of this First Amendment, (*ii*) execution of an escrow agreement with the Class Administrator (the "Escrow Agreement"), (*iii*) execution of a settlement agreement between Lead Plaintiffs and the Non-Settling Defendants (the "Non-Settling Defendants' Settlement Agreement") and (*iv*) the date on which the Court enters the Preliminary Approval Order (the "Preliminary Approval Date"), Leucadia National Corporation shall cause all amounts (that is, the Settlement Amount, the Additional Settlement Payments, and the interest earned on these amounts since creation of the Leucadia Settlement Account) held in the Leucadia Settlement Account to be transferred to an interest-bearing account to be held in escrow by the Class Administrator under the terms of the Escrow Agreement (the "Leucadia Account"), which terms shall include the following:  (*i*) the Leucadia Account will be held separate and apart from any account(s) established by the Class Administrator

to hold any settlement amounts contributed by the Non-Settling Defendants, (*ii*) the

expense of establishing and maintaining the Leucadia Account will be an Administration

Expense that is paid from the Leucadia Account, (*iii*) until Final Settlement Date, neither

Class Members (including the Lead Plaintiffs) nor Class Counsel will have any interest in,

claim upon, or authority over the amounts held in the Leucadia Account except as set out

in Section E of this First Amendment, (*iv*) if the Stipulation of Settlement as modified by

this First Amendment, including the Exhibits thereto (collectively, the "Settlement

Agreement") is not approved by the Court or the Court's approval of the Settlement does

not become Final or is terminated, the amounts held in the Leucadia Account (subject to

deduction of any expenses incurred but not paid that are to be paid by the Leucadia

Defendants pursuant to Sections XII.F.3, XII.F.4 and XII.F.5 of the Stipulation of

Settlement) will, within five (5) Business Days of the Class Administrator receiving

written notice that the Settlement will not become Final or has been terminated, be

transferred by the Class Administrator to Leucadia National Corporation, (*v*) if the

Settlement becomes Final, upon Final Settlement Date, none of the Leucadia Defendants

shall have any further interest, domination over or claim to the amounts held in the

Leucadia Account and (*vi*) if the Settlement becomes Final, the Settlement Fund Balance

(which shall be the amount described in Section I.A.91 of the Stipulation of Settlement, but

which amount shall be held in the Leucadia Account rather than in the Leucadia Settlement

Account as stated in the Stipulation of Settlement) shall be transferred by the Class

Administrator to Lead Plaintiffs pursuant to Section III.A.2 of the Stipulation of Settlement

for distribution by the Class Members pursuant to such Allocation Plan as the Court approves.

B.      LR Credit will direct the current collection law firm for Consumer Debt, Stephen Einstein & Associates, PC or any replacement counsel (collectively, the "Einstein Firm"), that, during the period starting as of the date on which the Court enters the Preliminary Approval Order (the "Preliminary Approval Date") and ending as of the date on which LR Credit provides written notice to the Einstein Firm of either the Final Settlement Date or termination of the Settlement Agreement (the "Settlement Review Period"), the Einstein Firm should take direction from Class Counsel regarding the administration and suspension of collection activity of the Consumer Debt, which instruction shall be pursuant to a written agreement between Lead Plaintiffs and the Einstein Firm, a copy of which agreement shall be provided to the Leucadia Defendants for its review and approval, which approval shall not be unreasonably withheld.  At the same time such direction is given to the Einstein Firm, LR Credit will also direct the Mel Harris Defendants to reasonably cooperate with any reasonable efforts by the Einstein Firm to suspend as soon as reasonably practicable all collection activities on Consumer Debt during the Settlement Review Period.

C.      Upon completion of the transfer described in Section A of this First Amendment and provision of the instruction described in Section B of this First Amendment, the Leucadia Defendants will have fulfilled their obligations under Sections III.A.1 and III.A.2.a of the Stipulation of Settlement and shall have no further funding obligations under those sections and none of the Leucadia Defendants shall be responsible

for any losses incurred respecting the amounts held in the Leucadia Account; *provided* that if, despite the suspension of collection activities described in Section B of this First Amendment, Additional Settlement Payments are received directly or indirectly by LR Credit, LR Credit will direct the Einstein Firm to send such Additional Settlement Payments to the Class Administrator for deposit into the Leucadia Account

D.       The Leucadia Defendants agree that Lead Plaintiffs and Class Counsel may work with the Mel Harris Defendants and the Einstein Firm to suspend collection activity of Consumer Debt during the Settlement Review Period, during which period no interest shall accrue on the Consumer Debt.  Notwithstanding anything in the Settlement Agreement, nothing contained in the Settlement Agreement shall terminate any unexpired statute of limitations applicable to any Consumer Debt during the Settlement Review Period.

E.       As part of implementing the suspension of collection activity of Consumer Debt, following the later of (*i*) the transfer described in Section A of this First Amendment, (*ii*) provision of the instruction described in Section B of this First Amendment and (*iii*) the Preliminary Approval Date, Class Counsel may instruct the Class Administrator to pay to the Einstein Firm, in one or more payments, an amount not to exceed in the aggregate five hundred thousand dollars ($500,000) (the "$500,000 Payment") as payment for the Einstein Firm in connection with the suspension described in Section B of the First Amendment, the payment of which amount may be made out of the Additional Settlement Payments held in the Leucadia Account as an Administration Expense (as long as the Court approves such payment in the Preliminary Approval Order) subject to the following

5

conditions being met:  (*i*) the $500,000 Payment shall be paid to the Einstein Firm in lieu

of any payments that might be due to the Einstein Firm after the Preliminary Approval

Date from LR Credit under the September 17, 2015 Legal Service Agreement (the "Legal

Service Agreement") between LR Credit and the Einstein Firm and the Einstein Firm

waives any right it might have to collect any fees from LR Credit under the Legal Service

Agreement subsequent to the Preliminary Approval Date, (*ii*) payment of the $500,000

Payment to the Einstein Firm shall be at the sole discretion, and be the responsibility, of

Class Counsel, (*iii*) the Leucadia Defendants shall not bear any responsibility for

instructing the Class Administrator to pay or for making the $500,000 Payment to the

Einstein Firm and the Leucadia Defendants shall be held harmless by Lead Plaintiffs with

respect to such payment, (*iv*) the Leucadia Defendants shall have no obligation to fund any

payment to the Einstein Firm from the Leucadia Account other than as described in this

Section E or the Stipulation of Settlement and (*v*) if Lead Plaintiffs' agreement with the

Einstein Firm terminates prior to Final Settlement Date, Class Counsel shall be

responsible, as necessary, any costs incurred for the further administration and

maintenance of the Consumer Debt pending the Final Settlement Date or termination of the

Leucadia Settlement Agreement, which costs may be paid out of the Class Settlement

Account as an Administration Expense if approval of the Leucadia Settlement Agreement

becomes Final.

    F.  The Settling Parties agree that, so long as the Non-Settling Defendants'

Settlement Agreement is preliminarily approved contemporaneously with the Settlement

Agreement, the Settlement Agreement and the Non-Settling Defendants' Settlement

6

Agreement will, to the extent feasible, be administered jointly, which joint administration

will include, but not be limited to: (*i*) the same Individual Notices, Publication Notice, and

Claim Forms will be used for the Leucadia Settlement Agreement and the Non-Settling

Defendants' Settlement Agreement and (*ii*) the same website and telephone center for

Class Member inquiries shall be used for the Leucadia Settlement Agreement and the Non-

Settling Defendants' Settlement Agreement.  If approval of both Leucadia Settlement

Agreement and the Non-Settling Defendants' Settlement Agreement becomes Final, the

Class Administrator may create a single Class Settlement Account for the funds

established by both settlements and jointly distribute the Net Settlement Fund in a single

check to each eligible Class Member for the initial distribution and, if there is any

redistribution, in a single check to each eligible Class Member for any redistribution.

G.     The Stipulation of Settlement is modified to provide that Objections shall be

submitted to the Class Administrator rather than filed with the Court.

H.     The paragraph references in Sections I.A.20, III.H.1.e(2) and III.H.1.f(6) of

the Stipulation of Settlement are changed to Paragraph 26 of Exhibit B.

I.     The definition of "Class Settlement Account" is modified to remove the

words "interest-bearing."

J.     The definition of "Net Settlement Amount" found in Section I.A.48 of the

Stipulation of Settlement is modified to be the definition of "Net Settlement Fund."

K.     Section III.C.3 of the Stipulation of the Settlement Agreement is replaced in

its entirety with the following language:

The Settling Parties further agree that they will not, consistent with

their duties of candor to the Court or any other reviewing court,

assert positions in any court (whether directly or indirectly) or aid

any other entity in asserting positions in any court (whether

directly or indirectly) that may compromise the enforceability or

approval of this Settlement Agreement or the Non-Settling

Defendants' Settlement Agreement.

L.      The last sentence of Section III.D.1.a of the Stipulation of Settlement is
modified to state

A copy of the Claim Form will be mailed along with the Individual

Notices to potential Rule 23(b)(2) Nominal Restitution Recipients

and potential Rule 23(b)(3) Class Members who are eligible to

receive a monetary payment pursuant to the Allocation Plan.

M.      Section III.A.3 of the Stipulation of Settlement is modified to provide that
the Class Administrator (rather than Class Counsel) will be the "administrator" of the
Qualified Settlement Fund(s) for tax purposes.

N.      The definition of "Releasee"  found at Section I. A.68 of the Stipulation of
Settlement is replaced in its entirety with the following definition:

68.      "Releasee" means each and every one of, and

"Releasees" mean all of, (*i*) Leucadia, (*ii*) L-Credit, (*iii*) LR Credit,

(*iv*) Luman, LLC, (*v*) the Einstein Firm and  (*vi*) all other Leucadia

Defendants and, for each of the foregoing Releasees, (*x*) the

8

Releasee's agents, representatives, attorneys, advisors, administrators, accountants, consultants, assigns, partners, successors-in-interest and insurance carriers, (*y*) to the extent the foregoing Releasee is an entity, each of such Releasee's past and present officers, directors, employees, officials, members, principals, shareholders, any and all in-house counsel and outside counsel, auditors (including any and all internal and external auditors) and service providers and (*z*) to the extent the foregoing Releasee is a person, each of such Releasee's estates, heirs, executors, beneficiaries, trusts and trustees; *provided* that the Einstein Firm shall be a Releasee (*i*) only with respect to conduct that (*x*) occurred during the period starting September 17, 2015 and ending as of the Final Settlement Date and (*y*) was in connection with the collection and administration of Consumer Debt and the maintenance of records respecting Consumer Debt Portfolios and (*ii*) shall not be Releasee to the extent it engaged in the following conduct:  (*a*) affirmatively seeking additional default judgments on behalf of LR Credit, LLC and/or its Subsidiaries or defending challenges against existing Default Judgments (including appeals), (*b*) defending attempts to stop collection of Consumer Debt and/or vacate Default Judgments, (*c*) proposing or implementing additional voluntary payment plans for Consumer Debt to the extent such

plans were not in existence as of September 17, 2015, (*d*) sending demand letters to collect Consumer Debt, (*e*) commencing or restoring any lawsuits to compel compliance with existing judicial decrees or orders respecting Default Judgments or (*f*) initiating any garnishment of wages or levy of bank accounts on or after September 17, 2015 regarding any Default Judgments; *provided further* that the Einstein Firm shall not be a Releasee with respect to the work undertaken for Lead Plaintiffs as described in Section B of this First Amendment if the Einstein Firm is found by the Court to have breached its agreement with Lead Plaintiffs.

O.      The following definitions are added:

46.a    "Mel Harris Releasee" means each and every one of, and "Mel Harris Releasees" mean all of the Mel Harris Defendants and for each of the Mel Harris Releasees, (*x*) the Mel Harris Releasee's agents, representatives, attorneys, advisors, administrators, accountants, consultants, assigns, partners, successors-in-interest and insurance carriers, (*y*) to the extent the foregoing Mel Harris Releasee is an entity, each of such Mel Harris Releasee's past and present officers, directors, employees, officials, members, principals, shareholders, any and all in-house counsel and outside counsel, auditors (including any and all internal and external auditors) and service providers and (*z*) to the

10

extent the foregoing Mel Harris Releasee is a person, each of such Mel Harris Releasee's estates, heirs, executors, beneficiaries, trusts and trustees.

83.a   "Samserv Releasee" means each and every one of, and "Samserv Releasees" mean all of the Samserv Defendants and for each of the Samserv Releasees, (*x*) the Samserv Releasee's agents, representatives, attorneys, advisors, administrators, accountants, consultants, assigns, partners, successors-in-interest and insurance carriers, (*y*) to the extent the foregoing Samserv Releasee is an entity, each of such Samserv Releasee's past and present officers, directors, employees, officials, members, principals, shareholders, any and all in-house counsel and outside counsel, auditors (including any and all internal and external auditors) and service providers and (*z*) to the extent the foregoing Samserv Releasee is a person, each of such Samserv Releasee's estates, heirs, executors, beneficiaries, trusts and trustees.

P.    The definition of "Released Releasees' Claims" found at Section I.A.64 of is replaced in its entirety with the following language:

64. "Released Releasees' Claims" means each and every Claim that one or more of the Leucadia Defendants, any other Releasee or any of the foregoing's respective estates, heirs, executors, agents, attorneys (including in-house counsel, outside

counsel and Leucadia Defendants' Counsel), beneficiaries, accountants, professional advisors, trusts, trustees, administrators and assigns have asserted, could have asserted or could assert against Lead Plaintiffs, any other Class Member or any of their respective attorneys (including, without limitation, Class Counsel) or any Releasee, Mel Harris Releasee or Samserv Releasee under any national, state, territorial, or other local law of the United States or of any other country, or any principle of federal or common law, in any court, tribunal, agency or other forum, that arises out of or relates in any way to any acts, omissions, nondisclosures, facts, matters, transactions, occurrences, or oral or written statements or representations in connection with, or directly or indirectly relating to, the initiation, prosecution, or settlement of the Action or the implementation of this Settlement Agreement including, without limitation, any Claim that the Leucadia Defendants or any other Releasee might have as to any or all of the Mel Harris Releasees and/or the Samserv Releasees for indemnification, contribution or payment of attorneys' fees or based upon any of the facts and/or allegations that gave rise to the Action.

Q.      Section III.H.1.d of the Stipulation of Settlement is replaced in its entirety with the following language:

Pursuant to the terms of this Settlement Agreement, the Approval

Order and the Judgment, without further action by anyone, and

subject to Section III.H.1.e, on and after the Final Settlement Date,

each and the Leucadia Defendants and all other Releasees, for good

and sufficient consideration, the receipt and adequacy of which are

hereby acknowledged, shall be deemed to have, and by operation of

law and of the Approval Order and the Judgment shall have fully,

finally, and forever released, relinquished, settled and discharged all

Released Releasees' Claims against each and every one of the

Releasors, Releasees, the Mel Harris Releasees and the Samserv

Releasees; *provided however*, that, if the Non-Settling Defendants'

Settlement Agreement fails to be approved by the Court as to either

the Mel Harris Defendants or the Samserv Defendants (or both), the

approval by the Court does not become Final as to either the Mel

Harris Defendants or the Samserv Defendants (or both), or the Non-

Settling Defendants' Settlement Agreement is terminated as to

either the Mel Harris Defendants or the Samserv Defendants (or

both), this Section III.H.1.d shall be null and void and shall have no

force or effect as to the Mel Harris Releasees and/or the Samserv

Releasees, whosever Settlement Agreement is terminated, and the

Complete Bar (as set out in Paragraph 26 of Approval Order,

Exhibit B) shall be modified to provide that it shall not bar a Claim

for attorneys' fees that is subject to contractual indemnification.

R.      Section XIII.B of the Stipulation of Settlement is deleted in its entirety

unless Section III.H.1.d becomes null and void and has no force or effect as to the Mel

Harris Releasees and/or the Samserv Releasees and the Complete Bar (as set out in

Paragraph 26 of Approval Order, Exhibit B) modified to provide that it shall not bar a

Claim for attorneys' fees that is subject to contractual indemnification.  If that occurs, then

Section X.III.B shall remain in effect in its entirety as to the Mel Harris Releasees and/or

the Samserv Releasees, whosever Settlement Agreement is terminated.

S.      Section XIII.P of the Stipulation of Settlement shall be replaced in its

entirety by the following:

All Releasees who are not Settling Parties and, subject to Section

Q of this First Amendment, the Mel Harris Releasees and the

Samserv Releasees are intended third-party beneficiaries who are

entitled to enforce the terms of the Release.

T.      Exhibit A to the Stipulation of Settlement is replaced in its entirety by

Exhibit A to this First Amendment.

U.      Exhibit B to the Stipulation of Settlement is replaced in its entirety by

Exhibit B to this First Amendment.

V.      Exhibit C to the Stipulation of Settlement is replaced in its entirety by

Exhibit C to this First Amendment.

14

W.    The Settling Parties' proposed forms of Individual Notices (as defined in Section I.A.32 of the Stipulation of Settlement) and Lead Plaintiffs' proposed forms of the Allocation Plan and Claim Form (as defined in Sections I.A.5 and I.A.13, respectively, of the Stipulation of Settlement) shall be attached as Exhibits to Lead Plaintiffs Motion for Preliminary Approval of the Settlement Agreement.

X.    Except as specifically modified by this First Amendment, all terms of the Stipulation of Settlement shall remain in full force and effect.

Y.    The First Amendment shall not become effective until the effective date of Non-Settling Defendants' Settlement Agreement.  If the Non-Settling Defendants and Lead Plaintiffs are unable to execute a settlement agreement on or before November 12, 2015, this First Amendment shall be deemed void and of no effect and the Settling Parties shall submit the Stipulation of Settlement to the Court on November 12, 2015 without any modifications.

Z.    Matthew D. Brinckerhoff, Jonathan S. Abady, Debra L. Greenberger, Josh Zinner, Susan Shin, Carolyn E. Coffey and Ariana Lindermayer represent that they are authorized to enter into this First Amendment on behalf of each of the Lead Plaintiffs and any other attorneys who have represented or who now represent any of the Lead Plaintiffs in the Action and/or with respect to Released Class Members' Claims.

AA.    Ralph C. Ferrara, Ann M. Ashton and Margaret A. Dale represent that they are authorized to enter into this First Amendment on behalf of the Leucadia Defendants and any other attorneys who have represented or who now represent the Leucadia Defendants in the Action and/or with respect to Released Class Members' Claims,

BB.   This First Amendment may be signed in counterparts, each of which shall constitute a duplicate original.  Execution by facsimile or by electronically transmitted signature shall be fully and legally binding on a Settling Party.

Agreed to as of this 12th day of November 2015.

_____
Matthew D. Brinckerhoff
Jonathan S. Abady
Debra L Greenberger
Emery Celli Brinckerhoff & Abady LLP
600 Fifth Avenue, 10th Floor
New York, New York  10020

_____
Josh Zinner
Susan Shin
New Economy Project
121 West 27th Street, Suite 804
New York, New York 10001

_____
Ralph C. Ferrara
Ann M. Ashton
Proskauer Rose LLP
1001 Pennsylvania Avenue, NW
Suite 600 South
Washington, DC 20005

Margaret A. Dale
Proskauer Rose LLP
Eleven Times Square
New York, New York 10036

COUNSEL FOR THE LEUCADIA
DEFENDANTS

_____
Carolyn E. Coffey
Ariana Lindermayer
MFY Legal Services, Inc.
299 Broadway, 4th Floor
New York, New York 10007

COUNSEL FOR LEAD PLAINTIFFS
AND CLASS MEMBERS

16

BB.    This First Amendment may be signed in counterparts, each of which shall constitute a duplicate original.  Execution by facsimile or by electronically transmitted signature shall be fully and legally binding on a Settling Party.

Agreed to as of this 12th day of November 2015.

_____
Matthew D. Brinckerhoff
Jonathan S. Abady
Debra L Greenberger
Emery Celli Brinckerhoff & Abady LLP
600 Fifth Avenue, 10th Floor
New York, New York  10020


_____
Josh Zinner
Susan Shin
New Economy Project
121 West 27th Street, Suite 804
New York, New York 10001


_____
Carolyn E. Coffey
Ariana Lindermayer
MFY Legal Services, Inc.
299 Broadway, 4th Floor
New York, New York 10007

COUNSEL FOR LEAD PLAINTIFFS
AND CLASS MEMBERS

_____
Ralph C. Ferrara
Ann M. Ashton
Proskauer Rose LLP
1001 Pennsylvania Avenue, NW
Suite 600 South
Washington, DC 20005

Margaret A. Dale
Proskauer Rose LLP
Eleven Times Square
New York, New York 10036

COUNSEL FOR THE LEUCADIA
DEFENDANTS

16

# Exhibit A

**EXHIBIT A**

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

**MONIQUE SYKES**, *et al.*,

<strong>Plaintiffs,</strong>

**vs.**

09 Civ. 8486 (DC)

**MEL S. HARRIS AND ASSOCIATES, LLC,** *et al.*,

<strong>Defendants.</strong>

---

### [PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENTS, DIRECTING NOTICE TO CLASS MEMBERS, AND SCHEDULING FAIRNESS HEARING

WHEREAS, Lead Plaintiffs Monique Sykes, Rea Veerabadren, Kelvin Perez and Clifton Armoogam, on behalf of themselves and the Classes (collectively, "Lead Plaintiffs"), have reached a settlement (*i*) with defendants Leucadia National Corporation, L-Credit, LLC, LR Credit, LLC, LR Credit 10, LLC, LR Credit 14, LLC, LR Credit 18, LLC, LR Credit 21, LLC, Joseph A. Orlando and Philip M. Cannella (collectively, the "Leucadia Defendants") and (*ii*) separately with Mel S. Harris and Associates, L.L.C., Mel S. Harris, Michael Young, David Waldman, Kerry Lutz and Todd Fabacher (collectively the "Mel Harris Defendants") and Samserv Inc., William Mlotok, Benjamin Lamb, Michael Mosquera, and John Andino (collectively the "Samserv Defendants"); and

WHEREAS, Lead Plaintiffs have entered into a Stipulation of Settlement and First Amendment to Stipulation of Settlement with the Leucadia Defendants and a separate Stipulation of Settlement with the Mel Harris and Samserv Defendants (both settlements collectively, the "Settlements"); and

WHEREAS, if the separate Settlements are approved by the Court, all Claims that have been, could have been or could be asserted in this Action against all defendants would be resolved; and

WHEREAS, Lead Plaintiffs have filed a motion asking the Court preliminarily to approve both Settlements and attached to their motion the following documents memorializing their settlement with the Leucadia Defendants (collectively, the "Leucadia Settlement Agreement"):

(i)      a March 18, 2015 Stipulation of Settlement as to Certain Claims Against Certain Defendants,

(ii)     a November 12, 2015 First Amendment to Stipulation of Settlement,

(iii)    a proposed Preliminary Approval Order (Exhibit A to the First Amendment to Stipulation of Settlement),

(iv)     a proposed Approval Order (Exhibit B to the First Amendment to Stipulation of Settlement) and

(v)      a proposed Judgment (Exhibit C to the First Amendment to Stipulation of Settlement); and

WHEREAS, also attached to Lead Plaintiffs' motion for preliminary approval is a Stipulation of Settlement as to Claims Against Mel Harris Defendants and Samserv

2

Defendants, which stipulation memorializes Lead Plaintiffs' settlement with the Mel

Harris Defendants and the Samserv Defendants (the "Mel Harris/Samserv Settlement

Agreement"); and

WHEREAS, also attached to Lead Plaintiffs' motion for preliminary approval are

the following implementing documents:

(i)        proposed Individual Notices to be mailed to eligible Class Members,

(ii)       proposed Publication Notice,

(iii)      Lead Plaintiffs' proposed Allocation Plan,

(iv)       Lead Plaintiffs' proposed Claim Forms and

(v)        Lead Plaintiffs' agreement with the law firm of Stephen Einstein &

           Associates, P.C. (the "Einstein Firm"); and

WHEREAS, the Leucadia Defendants, the Mel Harris Defendants and the

Samserv Defendants have each asked the Court preliminarily to approve their respective

settlements; and

WHEREAS, all of the parties have asked that, to the extent feasible, the approval

process for the Leucadia Settlement Agreement and the approval process for the Mel

Harris/Samserv Settlement Agreement be conducted contemporaneously, one set of

documents implementing the Leucadia Settlement Agreement and the Mel

Harris/Samserv Settlement Agreement (collectively, the "Settlement Agreements") and

approval process (that is, this Preliminary Approval Order, the Individual Notices, the

Publication Notice, the Claim Forms, the Allocation Plan, the Approval Order and the

Judgment) address both Settlements and the Settlements be jointly administered; and

WHEREAS, the Court has read and considered the Settlement Agreements and the submissions made by the parties; and

WHEREAS, based on the materials described above, the Court finds that each of the proposed Settlements and the Allocation Plan is within the range of possible approval and that notifying potential Class Members about the terms and conditions of the proposed Settlement Agreements and the Allocation Plan and scheduling a formal Fairness Hearing is warranted; and

WHEREAS, all terms of the proposed Settlement Agreements and Allocation Plan remain subject to the Court's approval;

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED as follows:

1.  *Definitions* – To the extent not defined in this Order, this Court adopts and incorporates the definitions in the Settlement Agreements for purposes of this Order.

2.  *Contemporaneous Review and Administration of Both Proposed Settlements* – The Court finds, for the sake of efficiency and cost effectiveness and to avoid confusing potential Class Members, that, to the extent possible, the approval process for the Settlement Agreements should be conducted contemporaneously, one set of implementing documents for the Settlement Agreements and approval process should be used to address both Settlements and both Settlements should be administered jointly.

3.  *Preliminary Findings Regarding Proposed Settlements* – The Court preliminarily finds that each of the proposed Settlements as evidenced by their respective Settlement Agreements and the Allocation Plan is sufficiently fair, reasonable and

4

adequate to warrant providing notice of the proposed Settlements to the Classes and

scheduling a Fairness Hearing for further review of the proposed Settlements and

Allocation Plan.  In making these findings, the Court has considered a number of factors,

including the nature of the Lead Plaintiffs' and defendants' respective claims and

defenses, the amount and type of consideration to be paid in the Settlements, the

information available to the parties and the allocation of proposed settlement relief.

Based on these considerations, the Court preliminarily concludes that (*i*) each of the

proposed Settlements and the Allocation Plan is within the range of possible approval and

the Settlements resulted from serious, informed, non-collusive negotiations conducted at

arm's length by the relevant settling parties and their counsel and (*ii*) none of the terms

and conditions of either of the Settlement Agreements or the Allocation Plan have any

obvious deficiencies or improperly grant preferential treatment to any individual Class

Member.

    4.    ***Certification of Settlement Classes*** – The Court hereby certifies the

following settlement Classes for each of the Settlements pursuant to Fed. R. Civ. R. 23

pending a Fairness Hearing and further order of the Court:

    a.    A Rule 23(b)(2) Class of all persons or entities who have been or

could have been sued by the Mel Harris Firm (or by any other counsel as directed by the

Mel Harris Firm) as counsel for the Leucadia Defendants, including LR Credit, in actions

commenced in any court located in the state of New York and where default judgments

were or could have been sought; and

   b.      An overlapping Rule 23(b)(3) Class of all persons or entities (all of whom are also members of the Rule 23(b)(2) Class) who have been sued by the Mel Harris Firm (or by any other counsel as directed by the Mel Harris Firm)as counsel for the Leucadia Defendants, including LR Credit, in actions commenced in any court located in the state of New York and where Default Judgments were obtained.

   5.      For purposes of the settlement of the Action, and only for these purposes, and subject to the terms of the Settlement Agreements, the Court finds that the requirements of Fed. R. Civ. P. 23 and any other applicable laws are satisfied respecting the settlement Classes being preliminary certified in connection with each of the Settlements:

   a.      Both the Rule 23(b)(2) Class and the Rule 23(b)(3) Class are ascertainable from business records and/or from objective criteria;

   b.      Both the Rule 23(b)(2) Class and the Rule 23(b)(3) Class are so numerous that joinder of all members would be impractical;

   c.      Lead Plaintiffs have alleged one or more questions of fact and law appear to be common to all Rule 23(b)(2) Class Members and all Rule 23(b)(3) Class Members throughout New York State;

   d.      Based on Lead Plaintiffs' allegations that the Leucadia Defendants, the Mel Harris Defendants and the Samserv Defendants engaged in uniform conduct affecting all Rule 23(b)(2) Class Members and all Rule 23(b)(3) Class Members, Lead Plaintiffs' claims are typical of those of the other members of the Rule 23(b)(2) Class and of the Rule 23(b)(3) Class throughout New York State;

6

e.      Lead Plaintiffs are capable of fairly and adequately protecting the interests of the members of the Rule 23(b)(2) Class and of the Rule 23(b)(3) Class, in that (*i*) Lead Plaintiffs' interests are consistent with those of the other Rule 23(b)(2) Class Members and the other Rule 23(b)(3) Class Members throughout New York State, (*ii*) Class Counsel are able and qualified to represent each of the Rule 23(b)(2) Class and the Rule 23(b)(3) Class throughout New York State, and (*iii*) Lead Plaintiffs and Class Counsel have fairly and adequately represented all of the Rule 23(b)(2) Class Members and all of the Rule 23(b)(3) Class Members in obtaining both monetary and injunctive relief, and in negotiating and entering into the proposed Settlements;

f.      For settlement purposes, the Leucadia Defendants, the Mel Harris Defendants and the Samserv Defendants have all acted on grounds that apply generally to the members of the Rule 23(b)(2) Class, so that injunctive relief is appropriate respecting the Rule 23(b)(2) Class as a whole; and

g.      For settlement purposes, questions of law and/or fact common to members of the Rule 23(b)(3) Class predominate over such questions affecting only individual Rule 23(b)(3) Class Members, and a class action is superior to all other available methods for the fair and efficient resolution of the Action.  In making these provisional findings for settlement purposes, the Court has considered, among other things, (*i*) the Rule 23(b)(3) Class Members' interest in individually controlling the prosecution of separate actions, (*ii*) the impracticability or inefficiency of prosecuting separate actions, (*iii*) the extent and nature of any litigation concerning these claims

7

already commenced and (*iv*) the desirability of concentrating the litigation of the claims in a particular forum.

6.     This certification of these settlement Classes is made for the sole purpose of attempting to consummate settlement of the Action in accordance with the Settlement Agreements.

7.     If the Court does not grant final approval of one or both of the proposed Settlements, or if the Court's approval of the Settlements does not become Final for any reason whatsoever, this settlement class certification shall be deemed void *ab initio* as to those defendants whose settlement has not been approved, shall be of no force or effect whatsoever to those defendants, and shall not be referred to or used for any purpose whatsoever, including in any further class certification proceedings in this Court (or any other court), involving those defendants; *provided however*, that the voiding of the settlement class certification in connection with the circumstances described in this paragraph 7 shall have no effect on the Court's March 27, 2013 order certifying a Rule 23(b)(2) litigation class and a Rule 23(b)(3) litigation class.

8.     ***Certification of Lead Plaintiffs and Appointment of Class Counsel*** – Solely for the purposes of the proposed Settlements, the Court hereby (*i*)  certifies Monique Sykes, Rea Veerabadren, Kelvin Perez and Clifton Armoogam as the Lead Plaintiffs and class representatives and (*ii*)  appoints Emery Celli Brinckerhoff & Abady LLP, New Economy Project and MFY Legal Services, Inc. as Class Counsel pursuant to Fed. R. Civ. P. 23(g) for purposes of representing the proposed settlement Classes.

9.    ***Scheduling of Fairness Hearing*** – Pursuant to Fed. R. Civ. P. 23(e), the

Court will hold a Fairness Hearing on _____, 201_, at _____, _.m. ET to

address both Settlements, before Judge Denny Chin, Circuit Judge for the United States

Court of Appeals for the Second Circuit sitting by designation, at the United States

District Court for the Southern District of New York, Thurgood Marshall United States

Courthouse, 40 Foley Square, New York, New York 10007.  The Court may adjourn the

Fairness Hearing and reconvene it at some other date without further notice to Class

Members and may approve one or both of the Settlements (with or without any

modifications executed by the relevant settling parties), enter the proposed Approval

Order at or after the Fairness Hearing or any adjournment of the Fairness Hearing, and

dismiss the claims asserted against the defendants named in the Complaint on the merits

and with prejudice without further notice to any persons or entities (including Class

Members) other than the parties.

10.    The Fairness Hearing will consider, among other things:

a.    whether the Court should grant final certification of the

Rule 23(b)(2) Class and the Rule 23(b)(3) Class for settlement purposes;

b.    whether the Court should approve one or both of the proposed

Settlements as fair, reasonable and adequate;

c.    whether the Court should approve the proposed Allocation Plan as

fair and reasonable;

d.    whether an Approval Order and a Judgment, substantially in the

forms set out in Exhibits B and C to the First Amendment to Stipulation of Settlement (as

9

part of the Leucadia Settlement Agreement), should be entered dismissing the Action on

the merits and with prejudice as to the Leucadia Defendants, the Mel Harris Defendants

and the Samserv Defendants, and whether the releases set out in the Settlement

Agreements should be provided to the Releasees and Releasors;

 e. whether adequate and sufficient notice was given in accordance

with this Order;

 f. whether Lead Plaintiffs and Class Counsel fairly and adequately

represented the Class for purposes of entering into and implementing the proposed

Settlements;

 g. whether the proposed Approval Order and the Judgment (forms of

which are attached to the First Amendment to Stipulation of Settlement (as part of the

Leucadia Settlement Agreement) as Exhibits B and C, respectively) should be entered in

this Action pursuant to the proposed Settlement Agreements;

 h. whether an injunction consistent with the preliminary injunction

that is set out in paragraph 46 of this Order should be permanently entered by the Court

(as set out in the form of Approval Order, Exhibit B to the First Amendment to

Stipulation of Settlement, at paragraph 20);

 i. whether the proposed Complete Bar Order (as set out in the

Approval Order, Exhibit B to the First Amendment to Stipulation of Settlement, at

paragraph 24), should be entered;

 j. whether the Court should approve Lead Plaintiffs' Service Award

Application;

10

k.      whether the Court should approve Class Counsel's Attorneys' Fees and Expenses Application(s);and

l.      any other matters relating to the approval and implementation of the Settlement Agreements that the Court may deem appropriate.

11.     ***The Class Administrator*** – The Court approves Epiq Systems to serve as Class Administrator.  The Class Administrator shall perform tasks as directed by Class Counsel, including (*i*) distributing the Individual Notices and Claim Forms, (*ii*) arranging for publication of the Publication Notice, (*iii*) acting as escrow agent for the settlement moneys contributed by the defendants during the approval process, (*iv*) operating a settlement website, (*v*) setting up and running a toll-free telephone center staffed with knowledgeable individuals to respond to inquiries from potential Class Members, (*vi*) answering written inquiries from potential Class Members and/or forwarding such inquiries to Class Counsel, (*vii*) receiving and processing Claim Forms from Class Members (*viii*) receiving and maintaining any requests from potential Rule 23(b)(3) Class Members for exclusion from the Rule 23(b)(3) Class, (*ix*) receiving and maintaining any Nominal Restitution Declinations from Rule 23(b)(2) Nominal Restitution Recipients, (*x*) receiving and circulating any Objections received from Class Members, (*xi*) arranging for distribution of the Net Settlement Amount in accordance with the terms of the Allocation Plan and (*xii*) otherwise administering the terms of this Settlement Agreements.  The Class Administrator will (*i*) act as the agent of Class Counsel (who are acting as agents and representatives of the Class Members) to the extent the Class Administrator is given confidential information about potential Class Members, including

11

names, addresses and social security numbers, (*ii*) use such confidential information only

in connection with the administration of the proposed Settlements and (*iii*) take

reasonable measures to maintain the security of the confidential information.

12.     ***Suspension of Collection Activity*** – The Settlement Agreements provide

that the continuing collection of Consumer Debt from Class Members will be suspended

during the period in which approval of the Settlement Agreements is under review by this

Court or any appellate court, during which period no interest shall accrue on the

Consumer Debt.  In implementing that suspension, LR Credit will instruct the counsel

that is currently engaged to collect Consumer Debt on its and its Subsidiaries' behalf,

Stephen Einstein & Associates, P.C., to work with Lead Plaintiffs and Class Counsel to

accomplish this suspension.  The Court hereby approves Lead Plaintiffs' entry into an

agreement with the Einstein Firm to accomplish the suspension of collection of

Consumer Debt during the approval process.  It further approves Lead Plaintiffs'

payment to the Einstein firm, as an Administration Expense, the aggregate amount of

$500,000 for the Einstein Firm's work on suspending collections, which payment will be

paid by Lead Plaintiffs out of the Leucadia Account pursuant to the terms of the

agreement between the Einstein Firm and Lead Plaintiffs and subject to the conditions set

out in the Leucadia Settlement.

13.     ***Notice*** – The Court hereby approves, as to form and content, the

Individual Notices, Claim Forms and Publication Notice submitted by the parties to the

Court.  The Court finds that the Individual Notices, Claim Forms and Publication Notice

will fully and accurately inform potential Class Members of all material elements of the

proposed Settlements, of the right of potential Rule 23(b)(3) Class Members to be

excluded from the Rule 23(b)(3) Class, of the right of potential Rule 23(b)(2) Nominal

Restitution Recipients to decline Nominal Restitution Relief, and of each Class Member's

right and opportunity to object to one or both of the proposed Settlements.  The Court

further finds that the mailing and distribution of the Individual Notices and Claim Forms

and the publication of the Publication Notice substantially in the manner and form set out

in this Order will meet the requirements of due process, Fed. R. Civ. P. 23, the Rules of

this Court, and any other applicable law, constitute the best notice practicable under the

circumstances, and constitute due and sufficient notice to all person and entities entitled

to such notice.

14.     No later than [90 days prior to date for exclusion/objection], the Class

Administrator shall mail or cause to be mailed the Individual Notices and Claim Forms,

substantially in the forms submitted to the Court by the parties, by first-class mail,

postage prepaid, to all potential Rule 23(b)(3) Class Members and all potential Rule

23(b)(2) Nominal Restitution Recipients at the address of each such person or entity.

Before such mailing, the Class Administrator shall check or cause to be checked all

mailing addresses against appropriate available databases to verify the addresses of

potential Rule 23(b)(3) Class Members and potential Rule 23(b)(2) Nominal Restitution

Recipients and shall update such addresses as appropriate.

15.     If any Individual Notices are returned to the Class Administrator with

updated addresses, the Class Administrator shall remail such notices (with the Claim

Forms) within five business days following receipt of such updated addresses.  If the

Class Administrator does not receive an updated address at least five business days before the Fairness Hearing, no remailing shall be required.  If any Individual Notices are returned to the Class Administrator as undeliverable and without an indication of an updated address, the Class Administrator shall cause further research to be undertaken to determine whether a more current address is available.  If such address is found at least five business days before the Fairness Hearing, the Individual Notices (with the Claim Forms) shall be remailed to the potential Rule 23(b)(3) Class Member or potential Rule 23(b)(2) Nominal Restitution Recipient.

16.    No later than [60 days before date for exclusion/objection], the Class Administrator shall cause the Publication Notice, substantially in the form submitted to the Court by the parties, to be published once in each of following publications:  the *New York Daily News,* the *New York Post*, *AM New York*, *New York Metro*, *El Diario*, the *Times Union* and the *Buffalo News*.

17.    The Class Administrator shall cause a website to be established on which it shall post, among other things, (*i*) a notice that is, in sum and substance, similar to the Individual Notices, (*ii*) the Claim Forms, (*iii*) the Publication Notice, (*iv*) the Allocation Plan, (*v*) the Settlement Agreements (including Exhibits A, B and C to the First Stipulation of Settlement), (*vi*) the filings of the parties seeking approval of the proposed Settlements and any responsive papers, (*vii*) Class Counsel's Attorneys' Fees and Expenses Application(s), (*viii*) the operative Complaint, (*ix*) the Court's December 29, 2010 Opinion on defendants' motions to dismiss, its September 4, 2012 Opinion on class certification and its March 28, 2013 class certification Order, (*x*) the Second Circuit

14

Opinion affirming the Court's March 28, 2013 class certification Order, (*xi*) this Order and any subsequent Orders of the Court relating to the Settlements and (*xii*) such other materials as Class Counsel determines should be posted.

18.    The parties shall provide notice to the appropriate federal and state officials as required by the Class Action Fairness Act consistent with the requirements of that Act.

19.    The parties and their counsel may by written agreement make any amendments to or modifications of the Individual Notices, the Claim Forms, the Publication Notice or the Allocation Plan without notice to or approval by the Court so long as such changes are not materially inconsistent with this Order and do not materially limit the rights of potential Class Members.

20.    At least five days before the Fairness Hearing, Class Counsel shall file or cause to be filed with the Court a declaration confirming that Notice was provided consistent with this Order.

21.    ***Administration and Notice Expenses*** – As provided in the Leucadia Settlement Agreement, Leucadia National Corporation shall pay or cause to be paid all Notice Expenses incurred in providing the Notice described in paragraphs 14 through 16 and paragraph 18; *provided* that, to the extent Notice Expenses are incurred specifically to mail separate Individual Notices or to publish a separate Publication Notice of the terms of the Mel Harris/Samserv Settlement Agreement, which separate Individual Notices and Publication Notices are in addition to the Individual Notices and Publication Notice of the Leucadia Settlement Agreement, such additional Notice Expenses shall be

15

considered Administration Expenses payable from the Settlement Fund established by the

Mel Harris/Samserv Settlement Agreement.  As further provided in the Settlement

Agreements, all other Administration Expenses including, without limitation, the fees,

costs and expenses of the Class Administrator and any fees, costs or expenses associated

with providing the relief set out in the Settlement Agreements, shall be paid from the

Settlement Funds established pursuant to each of the Settlement Agreements.

22.     ***Exclusion from the Class*** – All potential Rule 23(b)(3) Class Members

who wish to exclude themselves from the Rule 23(b)(3) Class must submit timely,

written requests for exclusion to the Class Administrator at the address provided in the

Individual Notices.  The exclusion request must include the following information:

(*i*) name, (*ii*) address, (*iii*) telephone number and (*iv*) e-mail address, if available.

23.     To be valid, any request for exclusion must be in writing, must contain all

of the information described in paragraph 21 of this Order and must be received by the

Class Administrator by no later than [20 days before the scheduled date of the Fairness

Hearing].

24.     If the proposed Settlements are approved, any potential Rule 23(b)(3)

Member who has not filed a timely and valid written request for exclusion (and all Rule

23(b)(3) Releasors related to each such Rule 23(b)(3) Class Member) shall be bound by

the Rule 23(b)(3) Release and by all proceedings, orders, and judgments regarding the

proposed Settlements that relate to the Rule 23(b)(3) Class, whether favorable or

unfavorable, even if he, she or it has pending or subsequently initiates any litigation,

arbitration or other proceedings, or has any other Claim, against any or all of the

Releasees relating to any of the Released Rule 23(b)(3) Class Members' Claims.

25. Even if a potential Rule 23(b)(3) Class Member submits a timely and valid

request for exclusion from the Rule 23(b)(3) Class, he, she or it will still be a Rule

23(b)(2) Injunction Only Beneficiary and, as such, shall be bound by terms of the Rule

23(b)(2) Injunction Only Release and the Settlement Release as that release in defined in

each of the Leucadia Settlement Agreement and the Mel Harris/Samserv Settlement

Agreement.

26. At or before the Fairness Hearing, the parties shall provide to the Court a

list of the persons and entities, if any, who have validly and timely requested exclusion

from the Rule 23(b)(3) Class.  Persons requesting exclusion from the Rule 23(b)(3) Class

shall not be entitled to receive relief provided to the Rule 23(b)(3) Class, but shall, as

Rule 23(b)(2) Class Members, be beneficiaries of the injunctive relief provided by the

Settlement.

27. ***Nominal Restitution Declination*** – All potential Rule 23(b)(2) Nominal

Restitution Recipients who wish to decline the Nominal Restitution Relief available to

him, her or it as Rule 23(b)(2) Nominal Restitution Recipients must submit a timely,

written Nominal Restitution Declination to the Class Administrator at the address

provided in the Individual Notices.  The Nominal Restitution Declination must include

the following information:  (*i*) name, (*ii*) address, (*iii*) telephone number and (*iv*) e-mail

address, if available.

28.     To be valid, any Nominal Restitution Declination must be in writing, must contain all of the information described in paragraph 27 of this Order and must be received by the Class Administrator by no later than [20 days before the scheduled date of the Fairness Hearing].

29.     If the proposed Settlement is approved, any potential Rule 23(b)(2) Nominal Restitution Recipient Member who has not filed a timely and valid Nominal Restitution Declination (and all Rule 23(b)(2) Nominal Restitution Releasors related to each such Rule 23(b)(2) Nominal Restitution Recipients) shall be bound by the Rule 23(b)(2) Nominal Restitution Release and by all proceedings, orders, and judgments regarding the proposed Settlement that relate to the Rule 23(b)(2) Nominal Restitution Recipients, whether favorable or unfavorable, even if he, she or it has pending or subsequently initiates any litigation, arbitration or other proceedings, or has any other Claim, against any or all of the Releasees relating to any of the Released Rule 23(b)(2) Class Members' Nominal Restitution Claims.

30.     Even if a potential Rule 23(b)(2) Nominal Restitution Recipient submits a timely and valid Nominal Restitution Declination, he, she or it will still be a Rule 23(b)(2) Injunction Only Beneficiary and, as such, shall be bound by terms of the Rule 23(b)(2) Injunction Only Release and the Settlement Release.

31.     At or before the Fairness Hearing, the parties shall provide to the Court a list of the persons and entities, if any, who have validly and timely submitted Nominal Restitution Declinations.  Persons submitting Nominal Restitution Declinations shall not be entitled to receive relief provided to the Rule 23(b)(2) Nominal Restitution Recipients,

18

but shall, as Rule 23(b)(2) Class Members, be beneficiaries of the injunctive relief provided by the Settlement.

32.     *Objections* – Any Class Member who wishes to object to the fairness, reasonableness or adequacy of the proposed Settlements, including the Allocation Plan and/or Class Counsel's Attorneys' Fees and Expenses Application, may do so by filing an objection as set out below.  However, a potential Rule 23(b)(3) Class Member who requests exclusion from the Rule 23(b)(3) Class or a Rule 23(b)(2) Nominal Restitution Recipient who submits a Nominal Restitution Declination may not file an objection regarding the terms of either Settlement Agreement as they relate, respectively, to Rule 23(b)(3) Class Members or to Rule 23(b)(2) Nominal Restitution Recipients.

33.     A Class Member who wishes to object must submit to the Class Administrator at the address provided in the Individual Notices and Publication Notice his, her or its objection(s), as well as the specific reason(s), if any, for each such objection, including any legal support the Class Member wishes to bring to the Court's attention and any evidence the Class Member wishes to introduce in support of such objection.  The Class Administrator shall promptly send a copy of each objection it receives to Class Counsel, Leucadia Defendants' Settlement Counsel, Mel Harris Defendants' Counsel and Samserv Defendants' Counsel by email or facsimile.

34.     A Class Member's objection must include the name and docket number of this Action (as set out at the top of this Order) and must also include the following information about the Class Member:  (*i*) name, (*ii*) address, (*iii*) telephone number and (*iv*) e-mail address, if available.

35.     All objections must be received by the Class Administrator by no later than [20 days before the scheduled date of the Fairness Hearing].

36.     A Class Member may object on his, her or its own, or through counsel hired at his, her or its own expense.

37.     Any attorney hired by a Class Member for the purpose of objecting to either or both of the proposed Settlements must serve on Class Counsel, Leucadia Defendants' Settlement Counsel, Mel Harris Defendants' Counsel and Samserv Defendants' Counsel and file with the Court (at the addresses set out in paragraph 47) a notice of appearance, which must be received by counsel and the Court no later than [20 days before the scheduled date of the Fairness Hearing].

38.     Any Class Member who does not make an objection in the time and manner provided in this Order shall be deemed to have waived and forfeited any and all rights he, she or it may have to object and shall be foreclosed from making any objection to the fairness, reasonableness or adequacy of either proposed Settlement unless otherwise allowed by the Court.

39.     ***Appearance at the Fairness Hearing*** – Attendance at the Fairness Hearing is not necessary.  However, any Class Member who submits a timely written objection to the Class Administrator in accordance with the requirements set out in this Order – and only such Class Members – may also appear at the Fairness Hearing either in person or through personal counsel retained at the Class Member's own expense.

40.     Class Members who intend to appear at the Fairness Hearing on their own behalf must send a letter to the Class Administrator notifying the Class Administrator of

20

his, her or its intention to appear at the Fairness Hearing.  Such letter must also include

the following information about the Class Member:  (*i*) name, (*ii*) address, (*iii*) telephone

number and (*iv*) e-mail address, if available.   The Class Administrator shall promptly

send a copy of each letter it receives to Class Counsel, Leucadia Defendants' Settlement

Counsel, Mel Harris Defendants' Counsel and Samserv Defendants' Counsel by email or

facsimile.

     41.    If a Class Member retains personal counsel (at the Class Member's

expense) to appear on his, her or its behalf at the Fairness Hearing, such counsel shall

serve on Class Counsel, Leucadia Defendants' Settlement Counsel, Mel Harris

Defendants' Counsel and Samserv Defendants' Counsel and file with the Court (at the

addresses set out in paragraph 47) a notice of intention to appear, which must be received

by counsel and the Court no later than [20 days before the scheduled date of the Fairness

Hearing].

     42.    Any Class Member who does not submit a letter to the Class

Administrator or whose personal counsel does not file a notice of intention to appear with

the Court (as the case may be) in the time and manner provided in this Order shall be

deemed to have waived and forfeited any and all rights he, she or it may have to appear

separately at the Fairness Hearing and shall be foreclosed from appearing separately at

the Fairness Hearing unless otherwise allowed by the Court.

     43.    Any Class Member who submits an objection to the proposed Settlements

shall be deemed to consent to the exclusive jurisdiction of this Court with respect to such

objection and all issues that arise or relate to such objection, including any order issued or findings made by the Court regarding the objection.

44.     Class Members do not need to appear at the hearing or take any other action to indicate their approval of the Settlement Agreements.

45.     At the time Lead Plaintiffs submit their motion seeking approval of the Settlements under paragraph 50, they shall also submit to the Court all of the timely requests for exclusion, declinations of nominal restitution, objections and Class Member letters indicated an intention to appear personally at the Fairness Hearing that have been timely submitted to the Class Administrator.

46.     ***Preliminary Injunction*** – Pending final determination by the Court whether the Settlement Agreements should be approved, this Court preliminarily bars and enjoins:

a.     all Rule 23(b)(3) Class Members who do not request exclusion, all Rule 23(b)(2) Nominal Restitution Recipients who do not submit Nominal Restitution Declinations, all Rule 23(b)(2) Injunction Only Beneficiaries, and all of their attorneys, accountants, agents, heirs, executors and assigns – and anyone else purporting to act on behalf of, for the benefit of, or derivatively for any of them (including any person or entity purporting to act parens patriae for Class Members)  – from filing, prosecuting, or intervening in, or receiving any benefits from, any other lawsuit or proceeding that is based on or arises from any Released Class Members' Claim as to any Releasee; *provided however*, that the preliminary injunction set out in this Order shall not bar or enjoin any Class Member from defending, participating in or litigating any debt

22

collection proceeding in which LR Credit, LLC or one of its subsidiaries is seeking to collect Consumer Debt from the Class Member, including, without limitation, any efforts to vacate any default judgment entered in such a case; and

           b.      all persons and entities from filing or prosecuting any other lawsuit as a class action or other proceeding on behalf of any Rule 23(b)(3) Class Member who does not request exclusion, any Rule 23(b)(2) Nominal Restitution Recipient who does not submit a Nominal Restitution Declination and any Rule 23(b)(2) Injunction Only Beneficiary as to any Releasee, if such lawsuit is based on or arises out of any Released Class Members' Claim; *provided* that, for the avoidance of doubt, any Class Member who has a pending action relating to any Released Class Members' Claim against one or more of the Leucadia Defendants, the Mel Harris Defendants and/or the Samserv Defendants as of the Execution Date and, if a Rule 23(b)(3) Class Member, does not request exclusion from the Rule 23(b)(3) Class or, if a Rule 23(b)(2) Nominal Restitution Recipient, does not submit a Nominal Restitution Declination shall be barred from pursuing his, her or its action as to any of the relevant defendants or their related Releasees.

        47.      ***Filing and Service of Submissions*** – Any Class Member who has retained counsel and wishes to make a submission pursuant to paragraphs 37 or 41 of this Order must ensure that the submission is received by the Court and by Class Counsel, Leucadia Defendants' Settlement Counsel, Mel Harris Defendants' Counsel and Samserv Defendants' Counsel by no later than [20 days before the scheduled date of the Fairness Hearing] at the following addresses:

23

a.     the Court:

Clerk of Court
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007-1312

b.     Class Counsel:

Matthew D. Brinckerhoff
mbrinckerhoff@ecbalaw.com
Debra L Greenberger
dgreenberger@ecbalaw.com
Emery Celli Brinckerhoff & Abady LLP
600 Fifth Avenue, 10th Floor
New York, New York  10020
Facsimile:   (212) 763-5001

c.     Leucadia Defendants' Settlement Counsel:

Ralph C. Ferrara
rferrara@proskauer.com
Ann M. Ashton
aashton@proskauer.com
Margaret A. Dale
mdale@proskauer.com
Proskauer Rose LLP
1001 Pennsylvania Avenue, NW
Suite 600 South
Washington, DC 20005
Facsimile:   (202) 416-6899

d.     Mel Harris' Counsel:

Maria Ginzburg
mariaginzburg@quinnemanuel.com
Quinn Emanuel Urquhart & Sullivan, LLP
51 Madison Avenue, 22nd Floor,
New York, New York 10010
Telephone:  (212) 849-7000
Facsimile:  (212) 849-7100

24

and

Brett Scher
bscher@kdvlaw.com
Kaufman Dolowich & Voluck, LLP
60 Broad Street, Suite 3600
New York, NY 10004
Telephone:  (212) 485-9950
Facsimile:  (212) 485-9700

e.    Samserv Defendants' Counsel:

Jordan Sklar
jordan.sklar @babchikyoung.com
Babchik & Young, LLP
245 Main Street
White Plains, NY 10601
Telephone:  914 470-0001 x15
Facsimile:  914 470-0009
jordan.sklar @babchikyoung.com

48.    Service on Class Counsel, Leucadia Defendants' Settlement Counsel, Mel

Harris Defendants' Counsel and Samserv Defendants' Counsel may be made by

facsimile, e-mail, and/or next-day (excluding Saturday or Sunday) express delivery

service.

49.    Counsel for the parties are directed promptly to inform each other of any

submission served on them (or that otherwise comes into their possession) pursuant to

paragraphs 37 or 41 of this Order.

50.    ***Filing of Papers Regarding the Settlements*** – All papers regarding the

proposed Settlements to be filed with the Court (other than those described in paragraphs

37 and 41, which shall be filed and served consistent with the directions in those

paragraphs) shall be filed and served as follows:

25

a.       any motions seeking approval of one or both of the proposed

Settlements and Allocation Plan and any Attorneys' Fees and Expenses Application(s)

must be filed and served no later than -[35 days before the date of the scheduled Fairness

Hearing];

b.       any responses to any motions seeking final approval of one or both

of the proposed Settlements, the Allocation Plan and/or any Attorneys' Fees and

Expenses Application(s) must be filed and served no later than [20 days before the

scheduled date of the Fairness Hearing]; and

c.       any reply papers in support of approval of one or both of the

proposed Settlements, the Allocation Plan and/or any Attorneys' Fees and Expenses

Application(s), and any responses to objections or oppositions, must be filed and served

no later than [7 days before the date of the scheduled Fairness Hearing].

51.       ***Termination of Leucadia Settlement Agreement*** – This Order shall

become null and void as to the Leucadia Defendants, and shall be without prejudice to the

rights of Lead Plaintiffs and the Leucadia Defendants, all of whom shall be restored to

their respective positions existing immediately before this Court entered this Order, if

(*i*) the proposed Leucadia Settlement Agreement is not finally approved by this Court, or

the Court's approval of the Leucadia Settlement Agreement does not become Final or

(*ii*) the Leucadia Settlement Agreement is terminated or does not become effective in

accordance with its terms or for any reason.  In such event, (*i*) all provisions of the

Leucadia Settlement Agreement other than its termination provisions shall become null

and void and be of no further force or effect as to the Leucadia Defendants, (*ii*) neither

26

the Leucadia Settlement Agreement (other than its termination provisions) nor any Court

order regarding the Leucadia Settlement Agreement, including this Order, shall be used

or referred to for any purpose whatsoever as to the Leucadia Defendants except in a

proceeding to enforce this provision of this Order or the termination provisions of the

Leucadia Settlement Agreement as to the Leucadia Defendants and (*iii*) none of the

Leucadia Settlement Agreement, this Order, the negotiation of the Leucadia Settlement

Agreement, or the statements or court proceedings relating to the Leucadia Settlement

Agreement shall in any way be construed as, offered as, received as, used as or deemed to

be evidence of any kind in this Action or any other action, or any other judicial,

administrative, regulatory or other proceeding, as to the Leucadia Defendants except in a

proceeding to enforce this provision of this Order or the termination provisions of the

Leucadia Settlement Agreement.  Without limiting the foregoing, neither the Leucadia

Settlement Agreement nor any related negotiations, statements, or court proceedings shall

be construed as, offered as, received as, used as or deemed to be evidence or an

admission or concession of any liability or wrongdoing whatsoever on the part of any

person or entity including, but not limited to, the Releasees (as defined in the Leucadia

Settlement Agreement), as a waiver by those Releasees of any applicable defense, or as a

waiver by the Lead Plaintiffs or the Releasors of any claims, causes of action or remedies

as to the Leucadia Defendants.

  52. ***Termination of Mel Harris/Samserv Settlement Agreement as to Mel***

***Harris Defendants*** – This Order shall become null and void as to the Mel Harris

Defendants, and shall be without prejudice to the rights of Lead Plaintiffs and the Mel

Harris Defendants, all of whom shall be restored to their respective positions existing immediately before this Court entered this Order, if (*i*) the proposed Mel Harris/Samserv Settlement Agreement is not finally approved by this Court, or the Court's approval does not become Final or (*ii*) the Mel Harris/Samserv Settlement Agreement is terminated as to the Mel Harris Defendants or does not become effective as to the Mel Harris Defendants in accordance with its terms or for any reason.  In such event, (*i*) all provisions of the Mel Harris/Samserv Settlement Agreement other than its termination provisions shall become null and void and be of no further force or effect as to the Mel Harris Defendants, (*ii*) neither the Mel Harris/Samserv Settlement Agreement (other than its termination provisions) nor any Court order regarding the Mel Harris/Samserv Settlement Agreement, including this Order, shall, as to the Mel Harris Defendants, be used or referred to for any purpose whatsoever except in a proceeding to enforce this provision of this Order or the termination provisions of the Mel Harris/Samserv Settlement Agreement and (*iii*) none of the Mel Harris/Samserv Settlement Agreement, this Order, the negotiation of the Mel Harris/Samserv Settlement Agreement, or the statements or court proceedings relating to the Mel Harris/Samserv Settlement Agreement shall, as to the Mel Harris Defendants, in any way be construed as, offered as, received as, used as or deemed to be evidence of any kind in this Action or any other action, or any other judicial, administrative, regulatory or other proceeding, except in a proceeding to enforce this provision of this Order or the termination provisions of the Mel Harris/Samserv Settlement Agreement.  Without limiting the foregoing, neither the Mel Harris/Samserv Settlement Agreement nor any related negotiations, statements, or

28

court proceedings shall be construed as, offered as, received as, used as or deemed to be evidence or an admission or concession of any liability or wrongdoing whatsoever on the part of any person or entity including, but not limited to, the Releasees (as defined in the Mel Harris/Samserv Settlement Agreement), as a waiver by those Releasees of any applicable defense, or as a waiver by the Lead Plaintiffs or the Releasors of any claims, causes of action or remedies as to the Mel Harris Defendants.  For the avoidance of doubt, if (*i*) the proposed Leucadia Settlement Agreement is not finally approved by this Court, or the Court's approval does not become Final, (*ii*) the Leucadia Settlement Agreement is terminated or does not become effective in accordance with its terms or for any reason, or (*iii*) the Mel Harris/Samserv Settlement Agreement is terminated as to the Samserv Defendants or does not become effective as to the Samserv Defendants in accordance with its terms or for any reason, this Order shall remain in full force and effect as to the Mel Harris Defendants.

53.     ***Termination of Mel Harris/Samserv Settlement Agreement as to Samserv Defendants*** – This Order shall become null and void as to the Samserv Defendants, and shall be without prejudice to the rights of Lead Plaintiffs and the Samserv Defendants, all of whom shall be restored to their respective positions existing immediately before this Court entered this Order, if (*i*) the proposed Mel Harris/Samserv Settlement Agreement is not finally approved by this Court, or the Court's approval does not become Final or (*ii*) the Mel Harris/Samserv Settlement Agreement is terminated as to the Samserv Defendants or does not become effective as to the Samserv Defendants in accordance with its terms or for any reason.  In such event, (*i*) all provisions of the Mel

Harris/Samserv Settlement Agreement other than its termination provisions shall become null and void and be of no further force or effect as to the Samserv Defendants, (*ii*) neither the Mel Harris/Samserv Settlement Agreement (other than its termination provisions) nor any Court order regarding the Mel Harris/Samserv Settlement Agreement, including this Order, shall, as to the Samserv Defendants, be used or referred to for any purpose whatsoever except in a proceeding to enforce this provision of this Order or the termination provisions of the Mel Harris/Samserv Settlement Agreement and (*iii*) none of the Mel Harris/Samserv Settlement Agreement, this Order, the negotiation of the Mel Harris/Samserv Settlement Agreement, or the statements or court proceedings relating to the Mel Harris/Samserv Settlement Agreement shall, as to the Samserv Defendants, in any way be construed as, offered as, received as, used as or deemed to be evidence of any kind in this Action or any other action, or any other judicial, administrative, regulatory or other proceeding, except in a proceeding to enforce this provision of this Order or the termination provisions of the Mel Harris/Samserv Settlement Agreement. Without limiting the foregoing, neither the Mel Harris/Samserv Settlement Agreement nor any related negotiations, statements, or court proceedings shall be construed as, offered as, received as, used as or deemed to be evidence or an admission or concession of any liability or wrongdoing whatsoever on the part of any person or entity including, but not limited to, the Releasees (as defined in the Mel Harris/Samserv Settlement Agreement), as a waiver by those Releasees of any applicable defense, or as a waiver by the Lead Plaintiffs or the Releasors of any claims, causes of action or remedies as to the Samserv Defendants.

30

54. ***Retention of Jurisdiction*** – Subject to the dispute-resolution provisions found at Section III.G of the Leucadia Settlement Agreement and Section III.G of the Mel Harris/Samserv Settlement Agreement, this Court retains exclusive jurisdiction over the Action to consider all further matters arising out of or connected with the Settlement Agreements, including a determination whether the proposed Settlements should be approved as fair, reasonable and adequate.

55. ***Adjournment of Fairness Hearing*** – The Court reserves the right to adjourn the date of the Fairness Hearing, and any adjournment thereof, without further notice to Class Members or anyone else other than the parties.

So ordered this _____ day of _____, 2015.

_____
THE HONORABLE DENNY CHIN
United States Circuit Judge
Sitting by Designation

# Exhibit B

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

---

**MONIQUE SYKES,** *et al.***,**

**Plaintiffs,**

**vs.**

09 Civ. 8486 (DC)

**MEL S. HARRIS AND ASSOCIATES, LLC,** *et al.***,**

**Defendants.**

---

### [PROPOSED] ORDER APPROVING SETTLEMENT

WHEREAS, Lead Plaintiffs Monique Sykes, Rea Veerabadren, Kelvin Perez and Clifton Armoogam, on behalf of themselves and the Classes (as defined below), have entered into (*i*) a Stipulation of Settlement as to Certain Claims Against Certain Defendants and the First Amendment to Stipulation of Settlement to settle all Claims that have been, could have been or could be asserted in this Action against defendants Leucadia National Corporation, L-Credit, LLC, LR Credit, LLC, LR Credit 10, LLC, LR Credit 14, LLC, LR Credit 18, LLC, LR Credit 21, LLC, Joseph A. Orlando and Philip M. Cannella (collectively, the "Leucadia Defendants") and (*ii*) a Stipulation of Settlement as to Claims Against Mel Harris Defendants and Samserv Defendants with Mel S. Harris and Associates, L.L.C., Mel S. Harris, Michael Young, David Waldman, Kerry Lutz and Todd Fabacher (collectively the "Mel Harris Defendants") and Samserv Inc., William

Mlotok, Benjamin Lamb, Michael Mosquera, and John Andino (collectively the "Samserv Defendants"); and

WHEREAS, both the settlement with the Leucadia Defendants and the settlement with the Mel Harris Defendants and the Samserv Defendants (collectively, the "Settlements") address the claims of similarly situated individuals throughout the State of New York;

WHEREAS, the Lead Plaintiffs and the Leucadia Defendants have applied to the Court pursuant to Fed. R. Civ. P. 23(e) for an Order granting final approval of their proposed settlement in accordance with the Stipulation of Settlement as to Certain Claims Against Certain Defendants and the First Amendment to Stipulation of Settlement and its Exhibits (collectively, the "Leucadia Settlement Agreement"); and

WHEREAS, the Lead Plaintiffs and the Mel Harris Defendants and Samserv Defendants have applied to the Court pursuant to Fed. R. Civ. P. 23(e) for an Order granting final approval of their proposed settlement in accordance with Stipulation of Settlement as to Claims Against Mel Harris Defendants and Samserv Defendants (the "Mel Harris/Samserv Settlement Agreement"); and

WHEREAS, on _____, 2015, the Court entered an Order (the "Preliminary Approval Order") in which the Court, among other things, (*i*) found that, for the sake of efficiency and cost effectiveness and to avoid confusing potential Class Members, the approval process for the Leucadia Settlement Agreement and the Mel Harris/Samserv Settlement Agreement (collectively, the "Settlement Agreements") should be conducted contemporaneously and that one set of implementing documents for

2

the Settlement Agreements and approval process should be, to the extent possible, used to address both Settlements, (*ii*) certified two settlement classes, (*iii*) directed that Notice be provided to Class Members as set out in the Preliminary Approval Order, (*iv*) preliminarily approved the Settlement Agreement and the Allocation Plan, (*v*) appointed the Class Administrator and approved the payment of $500,000 to Stephen Einstein, P.C. as an Administration Expense and (*vi*) scheduled a Fairness Hearing to consider whether to finally approve the proposed Settlements, the proposed Allocation Plan, the Lead Plaintiffs' Service Award Application and Class Counsel's Attorneys' Fees and Expenses Application; and

WHEREAS, the Court held the Fairness Hearing on _____, 201_ to determine, among other things, (*i*) whether the terms and conditions of each of the proposed Settlements are fair, reasonable and adequate and should therefore be approved, (*ii*) whether the settlement Classes should be finally certified for settlement purposes, (*iii*) whether Notice to the Classes as implemented was materially consistent with the Preliminary Approval Order and constituted due and adequate notice to the Classes in accordance with Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Rules of this Court and any other applicable law, (*iv*) whether to approve the Allocation Plan, (*v*) whether to enter judgment dismissing the Action on the merits and with prejudice as to the Leucadia Defendants, the Mel Harris Defendants and the Samserv Defendants and against all Class Members, and releasing all the Released Class Members' Claims and Released Releasees' Claims as provided in the Settlement Agreements, (*vi*) whether to enter the

3

requested permanent injunctions and Complete Bar Order as provided in the Settlement

Agreements and (*vii*) whether, and in what amount, to award Service Awards to Lead

Plaintiffs and (*viii*) whether, and in what amount, to award attorneys' fees and expenses

to Class Counsel; and

WHEREAS, the Court received submissions and heard argument at the Fairness

Hearing from Class Counsel, Leucadia Defendants' Settlement Counsel, Mel Harris

Defendants' Counsel and Samserv Defendants' Counsel; and

NOW THEREFORE, based on the written submissions of the parties, the

arguments at the Fairness Hearing, the comments and arguments made by objectors to the

Settlements, other materials of record in this Action, and the Court's Findings of Fact and

Conclusions of Law, it is hereby ORDERED, ADJUDGED AND DECREED as follows:

1.      ***Incorporation of Settlement Agreements*** – This Order incorporates and

makes a part hereof (*i*) the Stipulation of Settlement as to Certain Claims Against Certain

Defendants and the First Amendment to Stipulation of Settlement, (*ii*) the Stipulation of

Settlement as to Claims Against Mel Harris Defendants and Samserv Defendants and

(*iii*) the Individual Notice, Claim Form, Publication Notice and Allocation Plan submitted

by the parties to the Court.  Terms not defined in this Order shall have the definitions

given to them in the Settlement Agreements.

2.      ***Jurisdiction*** – The Court has jurisdiction over the subject matter of the

Action, the Lead Plaintiffs and all other Class Members (as defined below) and has

jurisdiction to enter this Order and the Judgment.

3.      *Class Certification* – The Court confirms certification of the following classes solely for purposes of the Settlements pursuant to Fed. R. Civ. P. 23:

a.      A Rule 23(b)(2) Class of all persons or entities who have been or could have been sued by the Mel Harris Firm (or by any other counsel as directed by the Mel Harris Firm) as counsel for the Leucadia Defendants, including LR Credit, in actions commenced in any court located in the state of New York and where default judgments were or could have been sought; and

b.      An overlapping Rule 23(b)(3) Class of all persons or entities (all of whom are also members of the Rule 23(b)(2) Class) who have been sued by the Mel Harris Firm (or by any other counsel as directed by the Mel Harris Firm) as counsel for the Leucadia Defendants, including LR Credit, in actions commenced in any court located in the state of New York and where Default Judgments were obtained.

4.      The parties have submitted to the Court a list of the persons and entities who have validly and timely requested exclusion from the Rule 23(b)(3) Class.  The Court finds that the persons and entities set out in that list (which shall be filed under seal as Appendix 1 to this Order) are excluded from the Rule 23(b)(3) Class under both Settlements and therefore shall not be entitled to receive any relief that is provided to Rule 23(b)(3) Class Members and shall not be bound by the terms of the Rule 23(b)(3) Release in the Settlement Agreements.  Such excluded persons and entities shall still be Rule 23(b)(2) Injunction Only Beneficiaries and, as such, shall be bound by the terms of the Rule 23(b)(2) Injunction Only Release and the Settlement Release that are found in both Settlement Agreements.

5

5.      The parties have also submitted to the Court a list of the persons and entities who were potential Rule 23(b)(2) Nominal Restitution Recipients and have submitted validly and timely Nominal Restitution Declinations.  The Court finds that the persons and entities set out in that list (which shall be filed under seal as Appendix 2 to this Order) shall not be entitled to receive any relief that is provided to Rule 23(b)(2) Nominal Restitution Recipients under both Settlements and shall not be bound by the terms of the Rule 23(b)(2) Nominal Restitution Release in the Settlement Agreements. Such excluded persons and entities shall still be Rule 23(b)(2) Injunction Only Beneficiaries and, as such, shall be bound by the terms of the Rule 23(b)(2) Injunction Only Release and the Settlement Release that are found in both Settlement Agreements.

6.      For purposes of the Settlements, and only for these purposes, and subject to the terms of the Settlement Agreements, the Court confirms its findings that the requirements of Fed. R. Civ. P. 23 and any other applicable laws have been satisfied, in that:

        a.      Both the Rule 23(b)(2) Class and the Rule 23(b)(3) Class are ascertainable from business records and/or from objective criteria;

        b.      Both the Rule 23(b)(2) Class and the Rule 23(b)(3) Class are so numerous that joinder of all members would be impractical;

        c.      Lead Plaintiffs have alleged one or more questions of fact and law that are common to all Rule 23(b)(2) Class Members and to all Rule 23(b)(3) Class Members throughout New York State;

d.      Based on Lead Plaintiffs' allegations that the Leucadia Defendants, the Mel Harris Defendants and the Samserv Defendants engaged in uniform conduct affecting all Rule 23(b)(2) Class Members and all Rule 23(b)(3) Class Members, Lead Plaintiffs' claims are typical of those of the other members of the Rule 23(b)(2) Class and of the Rule 23(b)(3) Class throughout New York State;

e.      Lead Plaintiffs have been and are capable of fairly and adequately protecting the interests of the members of the Rule 23(b)(2) Class and of the Rule 23(b)(3) Class, in that (*i*) Lead Plaintiffs' interests are consistent with those of the other Rule 23(b)(2) Class Members and the other Rule 23(b)(3) Class Members throughout New York State, (*ii*) Class Counsel has been and is able and qualified to represent each of the Rule 23(b)(2) Class and Rule 23(b)(3) Class throughout New York State, and (*iii*) Lead Plaintiffs and Class Counsel have fairly and adequately represented all of the Rule 23(b)(2) Class Members and all of the Rule 23(b)(3) Class Members in seeking both monetary and injunctive relief, and in negotiating and entering into the proposed Settlements;

f.      For settlement purposes, the Leucadia Defendants, the Mel Harris Defendants and the Samserv Defendants have acted on grounds that apply generally to the members of the Rule 23(b)(2) Class, so that injunctive relief is appropriate respecting the Rule 23(b)(2) Class as a whole; and

g.      For settlement purposes, questions of law and/or fact common to members of the Rule 23(b)(3) Class predominate over such questions affecting only individual Rule 23(b)(3) Class Members, and a class action is superior to all other

7

available methods for the fair and efficient resolution of the Action.  In making these findings for settlement purposes, the Court has considered, among other things, (*i*) the Rule 23(b)(3) Class Members' interest in individually controlling the prosecution of separate actions, (*ii*) the impracticability or inefficiency of prosecuting separate actions, (*iii*) the extent and nature of any litigation concerning these claims already commenced and (*iv*) the desirability of concentrating the litigation of the claims in a particular forum.

7.      This certification of the settlement Classes is made for the sole purpose of consummating the settlement of the Action in accordance with the Settlement Agreements.

8.      If the Court's approval of the Settlements does not become Final for any reason whatsoever, this settlement class certification shall be deemed void *ab initio* as to those defendants whose settlement has not been approved, shall be of no force or effect whatsoever to those defendants, and shall not be referred to or used for any purpose whatsoever, including in any further class certification proceedings in this Court (or any other court), involving those defendants; *provided however*, that the voiding of the settlement class certification in connection with the circumstances described in this paragraph 8 shall have no effect on the Court's March 27, 2013 order certifying a Rule 23(b)(2) litigation class and a Rule 23(b)(3) litigation class.

9.      ***Appointment of Lead Plaintiffs and Class Counsel*** – Solely for purposes of the proposed Settlements, the Court hereby confirms (*i*) its certification of Monique Sykes, Rea Veerabadren, Kelvin Perez and Clifton Armoogam as Lead Plaintiffs and class representatives and (*ii*) its appointment of Emery Celli Brinckerhoff & Abady LLP,

New Economy Project and MFY Legal Services, Inc. as Class Counsel pursuant to Fed. R. Civ. P. 23(g).

10.     *Proof of Notice* – The parties filed with the Court adequate proof regarding the notice provided to potential Class Members to demonstrate that such notice was materially consistent with the Court's directives in the Preliminary Approval Order.

11.     The Court finds that the distribution of the Individual Notices and Claim Forms, the publication of the Publication Notice and the notice methodology implemented by the parties (*i*) constituted the best practicable notice, (*ii*) constituted notice that was reasonably calculated, under the circumstances, to apprise potential Class Members of the pendency of the Action, the nature and terms of the proposed Settlements, the effect of the Settlements (including the effect of the releases), Class Members' right to object to the proposed Settlements, the right of Rule 23(b)(3) Class Members to exclude themselves from the Rule 23(b)(3) Class, the right of Rule 23(b)(2) Nominal Restitution Recipients to submit Nominal Restitution Declarations and the right of Class Members who submitted objections to appear at the Fairness Hearing, (*iii*) were reasonable and constituted due, adequate and sufficient notice to all persons or entities entitled to receive notice (including any state and/or federal authorities entitled to receive notice under the Class Action Fairness Act) and (*iv*) met all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Rules of this Court, and any other applicable law.

12.     The Court holds that the notice provisions set forth under the Class Action Fairness Act, 28 U.S.C. § 1715, were complied with in this Action.

13.     ***Settlement Approval*** – The Court finds that each of the proposed

Settlements resulted from serious, informed, non-collusive negotiations conducted at

arm's length by the parties and their counsel and was entered into in good faith.  None of

the terms and provisions of either of the Settlement Agreements have material

deficiencies or improperly grant preferential treatment to any individual Class Members.

Accordingly, each of the proposed Settlements as set forth in the Settlement Agreements

and the Allocation Plan, is hereby fully and finally approved as fair, reasonable and

adequate, consistent and in full compliance with all applicable requirements of the

Federal Rules of Civil Procedure, the United States Constitution (including the Due

Process Clause), the Rules of the Court and any other applicable law, and in the best

interests of each of the parties and the Class Members.

14.     In making these findings, the Court considered, among other factors,

(*i*) the nature of the claims asserted by Lead Plaintiffs as to each of the defendants and the

strength of such claims and the defenses of each of the defendants, (*ii*) the risk, expense,

complexity, and likely duration of further litigation and the ability to collect on any

judgment obtained, (*iii*) the likelihood of Lead Plaintiffs maintaining class certification

through trial, (*iv*) the amount and kinds of benefits offered in the proposed Settlements,

(*v*) the allocation of proceeds of the Settlements among Rule 23(b)(3) Class Members and

Rule 23(b)(2) Nominal Restitution Recipients, (*vi*)  the potential vacatur of Default

Judgments obtained against Rule 23(b)(3) Class Members, (*vii*) the provision of

injunctive relief to Class Members, (*viii*) the stage of the proceedings at which the

proposed Settlements were reached, (*ix*) the information available to the parties and the

Court, (*x*) the experience and views of the parties' counsel, (*xi*) the potential Class

Members' reactions to the proposed Settlements, including the number of objections filed

by Class Members, the number of exclusion requests submitted by potential Rule

23(b)(3) Class Members and the number of Nominal Restitution Declinations submitted

by potential Rule 23(b)(2) Nominal Restitution Recipients, (*xii*) the submissions and

arguments made throughout these proceedings by the parties and (*xiii*) the submissions

and arguments made in connection with and at the Fairness Hearing.

15.    ***Implementation of the Agreement*** – The parties and their counsel are

directed to implement and consummate the Settlement Agreements according to their

terms and conditions.

16.    ***Releases*** – The releases as set forth in Section III.H of the Leucadia

Settlement Agreement and in Section III.H of the Mel Harris/Samserv Settlement

Agreement, together with relevant definitions, including the definitions of Released Rule

23(b)(3) Class Members' Claims, Released Rule 23(b)(2) Class Members' Nominal

Restitution Claims, Released Rule 23(b)(2) Class Members' Injunction Only Claims,

Released Class Members' Settlement Claims, Released Releasees' Claims, Releasees and

Releasors, are set out in the attached Appendix 3 to this Order and are expressly

incorporated herein in all respects.  As of the Final Settlement Date for each Settlement,

and without limiting or modifying the full language of the release provisions in the

Settlement Agreements, the Rule 23(b)(3) Release, the Rule 23(b)(2) Nominal Restitution

Release, the Rule 23(b)(2) Injunction Only Release, the Settlement Release and the

Releasees' Release shall be given full force and effect as to all Releasees and all Releasors (as the case may be).

17.    **Binding Effect** – The Settlement Agreements and this Order shall be forever binding on the Releasors and Releasees (as those terms are defined in each of the Settlement Agreements).  This Order shall have *res judicata* and other preclusive effect in all pending and future lawsuits or other proceedings brought by Class Members that are based upon, arise out of or relate to Released Class Members' Claims or by Releasees that are based upon, arise out of or relate to Released Releasees' Claims.

18.    **Termination of the Leucadia Settlement Agreement** – If the Leucadia Settlement Agreement is terminated as provided under its terms, all terms and conditions set out in the Agreement other than those in Section XII.F shall be null and void and of no further force and effect as to the Leucadia Defendants.  In such event, the Leucadia Settlement Agreement shall not be used or referred to for any purpose whatsoever as to the Leucadia Defendants in this or any proceeding (other than to enforce Section XII.F), and all negotiations and proceedings relating to the Leucadia Settlement Agreement shall be deemed to be withdrawn without prejudice as to the rights of each of the Lead Plaintiffs and the Leucadia Defendants, all of whom shall be restored to their respective positions existing immediately before the Execution Date, except with respect to the payment of Notice Expenses, Administration Expenses and the Mediator's fees and expenses, which expense shall be paid as described in Section XII.F of the Leucadia Settlement Agreement.

19. ***Termination of the Mel Harris/Samserv Settlement Agreement as to the Mel Harris Defendants*** – If the Mel Harris/Samserv Settlement Agreement is terminated as to the Mel Harris Defendants as provided under its terms, all terms and conditions set out in the Agreement other than those in Section XII.F shall be null and void and of no further force and effect, but only as to the Mel Harris Defendants.  In such event, the Mel Harris/Samserv Settlement Agreement shall not be used or referred to for any purpose whatsoever as to the Mel Harris Defendants in this or any proceeding (other than to enforce Section XII.F), and all negotiations and proceedings relating to the Mel Harris/Samserv Settlement Agreement shall, as to the Mel Harris Defendants only, be deemed to be withdrawn without prejudice as to the rights of each of the Lead Plaintiffs and the Mel Harris Defendants, all of whom shall be restored to their respective positions existing immediately before the Execution Date, except with respect to the payment of Notice Expenses, Administration Expenses and the Mediator's fees and expenses, which expense shall be paid as described in Section XII.F of the Mel Harris/Samserv Settlement Agreement.

20. ***Termination of the Mel Harris/Samserv Settlement Agreement as to the Samserv Defendants*** – If the Mel Harris/Samserv Settlement Agreement is terminated as to the Samserv Defendants as provided under its terms, all terms and conditions set out in the Agreement other than those in Section XII.F shall be null and void and of no further force and effect, but only as to the Samserv Defendants.  In such event, the Mel Harris/Samserv Settlement Agreement shall not be used or referred to for any purpose whatsoever as to the Samserv Defendants in this or any proceeding (other than to enforce

Section XII.F), and all negotiations and proceedings relating to the Mel Harris/Samserv

Settlement Agreement shall, as to the Samserv Defendants only, be deemed to be

withdrawn without prejudice as to the rights of each of the Lead Plaintiffs and the

Samserv Defendants, all of whom shall be restored to their respective positions existing

immediately before the Execution Date, except with respect to the payment of Notice

Expenses, Administration Expenses and the Mediator's fees and expenses, which expense

shall be paid as described in Section XII.F of the Mel Harris/Samserv Settlement

Agreement.  If the Mel Harris/Samserv Settlement Agreement is terminated as to the Mel

Harris Defendants only it will remain in full force and effect as to the Samserv

Defendants, unless Class Counsel chooses, in their discretion, to terminate as to the

Samserv Defendants.

21.     ***Enforcement of the Settlement Agreement*** – Notwithstanding the

provisions of this Order, nothing in this Order or in the Judgment shall preclude any

action to enforce the terms of either of the Settlement Agreements.

22.     ***Permanent Injunction Regarding Released Class Members' Claims*** –

The Court hereby permanently bars and enjoins

a.     all Class Members and their attorneys, accountants, agents, heirs,

executors and assigns – and anyone else purporting to act on behalf of, for the benefit of,

or derivatively for any of them (including any person or entity purporting to act parens

patriae for Class Members) – from filing, prosecuting, or intervening in, or receiving any

benefits from, any other lawsuit or proceeding that is based on or arises from any

Released Class Members' Claim as to any Releasee; *provided however*, that the

14

permanent injunction set out in this Order shall not bar or enjoin any Class Member from

seeking to vacate a Default Judgment; and

        b.     all persons and entities from filing or prosecuting any other lawsuit

as a class action or other proceeding on behalf of any Class Members as to any Releasee,

if such lawsuit is based on or arises out of any Released Class Members' Claim; *provided*

that, for the avoidance of doubt, any Class Member who has a pending action relating to

any Released Class Members' Claim against one or more of the Leucadia Defendants, the

Mel Harris Defendants and/or the Samserv Defendants as of the Execution Date of the

Settlement Agreements and who has not been excluded from the Rule 23(b)(2) or

declined the nominal restitution relief available to Rule 23(b)(2) Nominal Restitution

Recipients shall be barred from, among other things, pursuing his, her or its action as to

any of the relevant defendant or their related Releasees.

       23.     ***Permanent Injunction Regarding L-Credit and LR Credit, LLC*** – The

Court hereby permanently bars and enjoins L-Credit, LLC and LR Credit, LLC (and any

of its Subsidiaries) from (*i*) purchasing any additional portfolios of consumer debt or

(*ii*) seeking any additional Default Judgments or pursuing collection activities on any

Consumer Debt Portfolios that have already been purchased.

       24.     ***Permanent Injunction Regarding the Mel Harris Defendants*** – The

Court hereby permanently bars and enjoins (*i*) Mel S. Harris, Michael Young, David

Waldman, Kerry Lutz and Todd Fabacher from purchasing any consumer debt portfolios

or judgments, (*ii*) Mel S. Harris, Michael Young, David Waldman, Kerry Lutz and Todd

Fabacher from initiating any litigation with respect to any consumer debt in which he has

a controlling interest or the Mel Harris Defendants, collectively, have a controlling

interest, (*iii*) the Mel Harris Firm from engaging in the practice of law, except as

specified in the Mel Harris/Samserv Settlement Agreement, and (*iv*) Mel S. Harris, Kerry

Lutz, and David Waldman from acting as an attorney in any consumer debt collection

proceeding initiated after the Mel Harris/Samserv Agreement Execution Date, except as

specified in the Mel Harris/Samserv Settlement Agreement.  The Court further enjoins

(*i*) the Mel Harris Defendants to, subject to the terms of the Mel Harris/Samserv

Settlement Agreement, reasonably cooperate with any reasonable efforts by LR Credit or

its counsel to suspend as soon as reasonably practicable all collection activities on

Consumer Debt until the Final Settlement Date, (*ii*) the Mel Harris Defendants to, subject

to the terms of the Mel Harris/Samserv Settlement agreement, reasonably cooperate with

any steps necessary for Lead Plaintiffs' to vacate the Default Judgments, and (*iii*) Mel S.

Harris, Michael Young, David Waldman, Kerry Lutz and Todd Fabacher to comply with

all applicable debt collection laws.

   25. ***Permanent Injunction Regarding the Samserv Defendants*** – The Court

hereby permanently bars and enjoins Samserv, Inc. from serving process in consumer

debt collection cases.  The Court further enjoins (*i*) Samserv, Inc. and William Mlotok to

provide a list of consumer debt collections lawsuits filed in New York, Bronx, Kings,

Queens, Richmond, and Westchester Counties in which it served process from August

2011 to Final Approval Date and, upon request, for two (2) years following Final

Approval Date, to provide the corresponding Affidavits of Service, (*ii*) Samserv, Inc. to

pay process servers for unsuccessful attempts at the same rate as for successful attempts,

(*iii*) William Mlotok, to the extent he ever has a controlling interest in a process serving agency or is ever in a position to set policies regarding the hiring or retention of process servers, whether as employees or independent contractors, to pay process servers for unsuccessful attempts at the same rate as for successful attempts, (*iv*) Benjamin Lamb, Michael Mosquera, and John Andino, for two (2) years following Final Approval Dates, where section 2-233 of Title 6 of the Rules of the City of New York applies, to include in their records entry a description of the vicinity in which process was delivered under CPLR § 308(1) and a description of the actual place of business, dwelling place or usual place of abode at which process was delivered to a person of suitable age and description under CPLR § 308(2).

26.     ***Complete Bar Order*** – To effectuate the settlement, the Court hereby enters the following Complete Bar Order:

a.     Barring any and all persons and entities from asserting against the Releasees any Claim (whether for indemnification, contribution, or otherwise) that is or arises from a Released Class Members' Claim and where the alleged injury to such person or entity arises from that person's or entity's alleged liability to one or both of the Classes or any Class Member, including any Claim in which a person or entity seeks to recover from any of the Releasees any amounts such person or entity has or might become liable to pay to one or both of the Classes or any Class Member and/or any costs, expenses, or attorneys' fees from defending any Claim by one of both of the Classes or any Class Member; *provided* that, if one or both of the Classes or any Class Member obtains any judgment against such person or entity arising out of a Released Class

17

Members' Claim for which such person or entity and any of the Releasees are found to be jointly liable, that person or entity shall be entitled to a judgment credit equal to an amount that is the greater of (A) such Releasee's or Releasees' percentage of responsibility for the loss to the Class, Classes or Class Member(s) or (B) either (*i*) the amount of the Settlement Fund created by both of the Settlements, in the case of the Class or Classes, or (*ii*) that portion of the Settlement Fund created by both of the Settlements applicable to the Class Member(s), in the case of one or more Class Members, unless the court entering such judgment orders otherwise;

b.      Barring all Releasees from asserting any Claim (whether for indemnification, contribution, or otherwise) against any other person where the Claim arises from a Released Class Members' Claim and the alleged injury to such Releasee arises from that Releasee's alleged liability to one or both of the Classes or any Class Member, including any claim in which a Releasee seeks to recover from any other person or entity any amounts such Releasee has or might become liable to pay to one or both of the Classes or any Class Member and/or any costs, expenses, or attorneys' fees from defending any Claim by one or both of the Classes or any Class Member; and

c.      Providing further that, if any person or entity (for purposes of this Complete Bar Order, a "petitioner") commences against any of the Releasees any action either (*i*) asserting a Claim that is or arises from a Released Class Members' Claim and where the alleged injury to such petitioner arises from that petitioner's alleged liability to one or both of the Classes (or any Class Member) or (*ii*) seeking contribution or indemnity for any liability or expenses incurred in connection with any such Claim, and

18

if such action or Claim is not barred by a court pursuant to this Complete Bar Order,

neither the Complete Bar Order nor either of the Settlement Agreements shall bar any

Claims by that Releasee against (a) such petitioner, (b) any person or entity who is or was

controlled by, controlling or under common control with that petitioner, whose assets or

estate are or were controlled, represented or administered by that petitioner, or to whose

claims the petitioner has succeeded, and (c) any person or entity that participated with

any of the preceding persons or entities described in items (a) and (b) of this Paragraph

24.c. in connection with the assertion of the Claim(s) brought against the Releasees.

27.     *No Admissions* – None of the Settlement Agreements, this Order, any of

the provisions of the Settlement Agreements, the negotiation of the Settlement

Agreements, the statements or court proceedings relating to the Settlement Agreements,

any document referred to in this Order, any action taken to carry out this Order or to

implement the Settlements, or any prior Orders in this Action shall constitute or be

construed as an admission by any of the Releasees of any wrongdoing or liability.  This

Order, the Judgment, and the Settlement Agreements are to be construed solely as a

reflection of the parties' desire to facilitate a resolution of the Claims in the Complaint

and of the Released Class Members' Claims.  In no event shall this Order, the Judgment,

the Settlement Agreements, any of their provisions, or any negotiations, statements, or

court proceedings relating to their provisions in any way be construed as, offered as,

received as, used as, or deemed to be evidence of any kind in the Action, any other

action, or any judicial, administrative, regulatory, or other proceeding, except a

proceeding to enforce one or both of the Settlement Agreements.  Without limiting the

19

foregoing, this Order, the Judgment, the Settlement Agreements, and any related negotiations, statements, or court proceedings shall not be construed as, offered as, received as, used as, or deemed to be evidence or an admission or concession of any liability or wrongdoing whatsoever on the part of any person or entity, including any of the Leucadia Defendants, the Mel Harris Defendants or the Samserv Defendants, or as a waiver by the Leucadia Defendants the Mel Harris Defendants or the Samserv Defendants of any applicable defense, or as a waiver by Lead Plaintiffs or the Classes of any Claims, causes of action, or remedies; *provided however,* that this Order, the Judgment and/or the Settlement Agreements may be filed in any action against or by Releasees to support a defense of *res judicata*, collateral estoppel, release, waiver, good-faith settlement, judgment bar or reduction, full faith and credit, or any other theory of claim preclusion, issue preclusion, or similar defense or counterclaim; *provided further* that nothing in this Paragraph 25 shall be interpreted to limit or affect the ability of Class Counsel (on behalf of the Rule 23(b)(3) Class) to seek to have Default Judgments vacated by the courts of the State of New York as set forth in the Settlement Agreement.

28.  ***Service Awards*** – The Court finds that the requested Service Awards of ____ to each of the Lead Plaintiffs are reasonable in the circumstances.  These amounts shall be paid out of the Settlement Fund Balance as that term is defined in the Leucadia Settlement Agreement.

29.  ***Attorneys' Fees and Expenses Award*** – Class Counsel are hereby awarded Attorneys' Fees and Expenses in the amount of _____, which amount is to be paid out of the Settlement Fund Balance as that term is defined in the Leucadia

20

Settlement Agreement.  The Court finds that the Attorneys' Fees and Expenses are fair, reasonable and appropriate.

30.     ***Modification of Settlement Agreements*** – Without further approval from the Court, the parties are hereby authorized to agree to and adopt such amendments, modifications and expansions of the Settlement Agreements and the implementing documents (including all exhibits to the Settlement Agreements) that (*i*) are not materially inconsistent with this Order and the Judgment and (*ii*) do not materially limit the rights of Lead Plaintiffs, any other Class Member, the Leucadia Defendants, the Mel Harris Defendants, the Samserv Defendants, Releasors or Releasees under the Settlement Agreements.

31.     ***Findings of Fact and Conclusions of Law*** – In support of this Order, the Parties have prepared proposed findings of fact and conclusions of law, which the Court hereby enters contemporaneously with this Order.

32.     ***Retention of Jurisdiction*** – The Court has jurisdiction to enter this Order. Without in any way affecting the finality of this Order or the Judgment, and subject to the dispute resolution provisions found at Section III.G of the Leucadia Settlement Agreement and Section III.G of the Mel Harris/Samserv Settlement Agreement, the Court expressly retains exclusive and continuing jurisdiction over the Settlement Agreements, the parties to the Settlement Agreements, Class Members and anyone else who appeared before this Court for all matters relating to the Settlement Agreements, including the enforcement of the Settlement Agreements and of this Order and the Judgment, and for any other reasonably necessary purpose, including:

21

        a.      enforcing the terms and conditions of the Settlement Agreements, this Order and the Judgment (including the Complete Bar Order and the permanent injunctions);

        b.      resolving any disputes, claims or causes of action that, in whole or part, are related to or arise out of the Settlement Agreements, this Order or the Judgment (including whether a person or entity is or is not a Class Member and whether claims or causes of action allegedly related to the Released Class Members' Claims are or are not barred by this Order and the Judgment or the Releases);

        c.      entering such additional orders as may be necessary or appropriate to protect or effectuate this Order and the Judgment, including whether to impose a bond on any parties who appeal from this Order or the Judgment; and

        d.      entering any other necessary or appropriate orders to protect and effectuate this Court's retention of continuing jurisdiction; *provided however*, that nothing in this Order or the Judgment shall interfere with the Mediator's ability to made final, binding and nonappealable rulings as prescribed in the Leucadia Settlement Agreement or in the Mel Harris/Samserv Settlement Agreement.

33.    ***Findings of Good Faith*** – The Court finds that all of the complaints filed in the Action, including the Complaint, were filed as to the Leucadia Defendants, the Mel Harris Defendants and the Samserv Defendants on a good faith basis and in accordance with Rule 11 of the Federal Rules of Civil Procedure based upon all publicly available information.  The Court finds that all parties and their counsel have acted in good faith

and have complied with each requirement of Rule 11 with respect to all proceedings herein.

34.     ***Dismissal of Action*** – The claims asserted in this Action against the Leucadia Defendants, the Mel Harris Defendants and the Samserv Defendants are hereby dismissed on the merits and with prejudice, without fees or costs to any party except as otherwise provided in this Order and in the Settlement Agreements.

35.     ***Entry of Judgment*** – The Court will separately enter the accompanying Judgment in accordance with Fed. R. Civ. P. 58.

SO ORDERED this ____ day of _____, 201_.


_____
THE HONORABLE DENNY CHIN
United States Circuit Judge
Sitting by Designation

23

# Exhibit C

**EXHIBIT C**

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MONIQUE SYKES, *et al.*, | |
| **Plaintiffs,** | |
| **vs.** | 09 Civ. 8486 (DC) |
| MEL S. HARRIS AND ASSOCIATES, LLC, *et al.*, | |
| **Defendants.** | |

## [PROPOSED] JUDGMENT

Consistent with the terms of the Court's _____, 201_ Approval Order, the settlement of this class action on the terms set forth in the (*i*) a Stipulation of Settlement as to Certain Claims Against Certain Defendants and the First Amendment to Stipulation of Settlement (the "Leucadia Settlement Agreement") and (*ii*) a Stipulation of Settlement as to Claims Against Mel Harris Defendants and Samserv Defendants (the "Mel Harris/Samserv Settlement Agreement") is approved as fair, reasonable and adequate and consistent with and in compliance with all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Rules of this Court, and any other applicable law, and in the best interests of the parties and Class Members.  Unless otherwise defined in this Judgment, the capitalized terms in this Judgment have the same meaning as in the Leucadia Settlement Agreement and/or

the Mel Harris/Samserv Settlement Agreement (collectively, the "Settlement

Agreements").

      1.     The Court grants certification of the following classes solely for purposes

of the settlement pursuant to Fed. R. Civ. P. 23:

      a.     A Rule 23(b)(2) Class of all persons or entities who have been or

could have been sued by the Mel Harris Firm (or by any other counsel as directed by the

Mel Harris Firm) as counsel for the Leucadia Defendants, including LR Credit, in actions

commenced in any court located in the state of New York and where default judgments

were or could have been sought; and

      b.     An overlapping Rule 23(b)(3) Class of all persons or entities (all of

whom are also members of the Rule 23(b)(2) Class) who have been sued by the Mel

Harris Firm (or by any other counsel as directed by the Mel Harris Firm) as counsel for

the Leucadia Defendants, including LR Credit, in actions commenced in any court

located in the state of New York and where Default Judgments were obtained.

      2.     The persons and entities set out in the list attached as Appendix 1 to the

Approval Order are excluded from the Rule 23(b)(3) Class under the Settlement

Agreements and therefore shall not be entitled to receive any relief that is provided to

Rule 23(b)(3) Class Members and shall not be bound by the terms of the Rule 23(b)(3)

Releases in the Settlement Agreements.  Such excluded persons and entities shall still be

Rule 23(b)(2) Injunction Only Beneficiaries and, as such, shall be bound by the terms of

the Rule 23(b)(2) Injunction Only Release and the Settlement Release that are found in

both Settlement Agreements.

2

3.     The persons and entities set out in the list attached as Appendix 2 to the Approval Order are not be entitled to receive any relief that is provided to Rule 23(b)(2) Nominal Restitution Recipients under both Settlement Agreements and shall not be bound by the terms of the Rule 23(b)(2) Nominal Restitution Release in the Settlement Agreements.  Such excluded persons and entities shall still be Rule 23(b)(2) Injunction Only Beneficiaries and, as such, shall be bound by the terms of the Rule 23(b)(2) Injunction Only Release and the Settlement Release that are found in both Settlement Agreements.

4.     The distribution of the Individual Notices and Claim Forms, the publication of the Publication Notice and the notice methodology implemented by the parties (*i*) constituted the best practicable notice, (*ii*) constituted notice that was reasonably calculated, under the circumstances, to apprise potential Class Members of the pendency of the Action, the nature and terms of the proposed Settlements, the effect of the Settlements (including the effect of the releases), Class Members' right to object to one or both of the proposed Settlement, the right of Rule 23(b)(3) Class Members to exclude themselves from the Rule 23(b)(3) Class, the right of Rule 23(b)(2) Nominal Restitution Recipients to submit Nominal Restitution Declinations and the right of Class Members who submitted objections to appear at the Fairness Hearing, (*iii*) were reasonable and constituted due, adequate and sufficient notice to all persons or entities entitled to receive notice (including any state and/or federal authorities entitled to receive notice under the Class Action Fairness Act) and (*iv*) met all applicable requirements of

the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Rules of this Court, and any other applicable law.

5.     The claims as to the Leucadia Defendants, the Mel Harris Defendants and the Samserv Defendants are dismissed on the merits and with prejudice according to the terms of the Settlement Agreements (including the Releases) and the Approval Order, without fees or costs to any party except as provided therein.

6.     The permanent injunctions and Complete Bar in the Approval Order shall be effective as to all persons and entities identified in them.

7.     All of the complaints filed in the Action, including the Complaint, were filed as to the Leucadia Defendants, the Mel Harris Defendants and the Samserv Defendants on a good faith basis and in accordance with Rule 11 of the Federal Rules of Civil Procedure based upon all publicly available information.  The Court finds that all parties and their counsel have acted in good faith and have complied with each requirement of Rule 11 with respect to all proceedings herein.

8.     The Court has jurisdiction to enter this Judgment.  Without in any way affecting the finality of this Judgment or the Approval Order, and subject to the dispute resolution provisions found at Section III.G of the Leucadia Settlement Agreement and Section III.G of the Mel Harris/Samserv Settlement Agreement, the Court expressly retains exclusive and continuing jurisdiction over the Settlement Agreements, the parties to the Settlement Agreements, Class Members and anyone else who appeared before this Court for all matters relating to the Settlement Agreements, including the enforcement of the Settlement Agreements and of this Judgment and the Approval Order, and for any

other reasonably necessary purpose.  Any action arising under or to enforce the

Settlement Agreements and of the Approval Order and this Judgment shall be

commenced and maintained only in this Court.

9.      Without further order of the Court, the parties to the Settlement

Agreements may agree to reasonable extensions of time to carry out any of the provisions

of the Settlement Agreements.

JUDGMENT in this Action is hereby entered in accordance with Federal Rule of

Civil Procedure 58 this _____ day of _____, 201_

_____
THE HONORABLE DENNY CHIN
United States Circuit Judge
Sitting by Designation