# Exhibit 16

EXHIBIT A

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF NEW YORK

---

**MONIQUE SYKES**, *et al.*,

                              **Plaintiffs,**

        **vs.**

                                                          09 Civ. 8486 (DC)

**MEL S. HARRIS AND ASSOCIATES, LLC,** *et al.*,

                              **Defendants.**

---

### [PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENTS, DIRECTING NOTICE TO CLASS MEMBERS, AND SCHEDULING FAIRNESS HEARING

WHEREAS, Lead Plaintiffs Monique Sykes, Rea Veerabadren, Kelvin Perez and Clifton Armoogam, on behalf of themselves and the Classes (collectively, "Lead Plaintiffs"), have reached a settlement (*i*) with defendants Leucadia National Corporation, L-Credit, LLC, LR Credit, LLC, LR Credit 10, LLC, LR Credit 14, LLC, LR Credit 18, LLC, LR Credit 21, LLC, Joseph A. Orlando and Philip M. Cannella (collectively, the "Leucadia Defendants") and (*ii*) separately with Mel S. Harris and Associates, L.L.C., Mel S. Harris, Michael Young, David Waldman, Kerry Lutz and Todd Fabacher (collectively the "Mel Harris Defendants") and Samserv Inc., William Mlotok, Benjamin Lamb, Michael Mosquera, and John Andino (collectively the "Samserv Defendants"); and

WHEREAS, Lead Plaintiffs have entered into a Stipulation of Settlement and First Amendment to Stipulation of Settlement with the Leucadia Defendants and a separate Stipulation of Settlement with the Mel Harris and Samserv Defendants (both settlements collectively, the "Settlements"); and

WHEREAS, if the separate Settlements are approved by the Court, all Claims that have been, could have been or could be asserted in this Action against all defendants would be resolved; and

WHEREAS, Lead Plaintiffs have filed a motion asking the Court preliminarily to approve both Settlements and attached to their motion the following documents memorializing their settlement with the Leucadia Defendants (collectively, the "Leucadia Settlement Agreement"):

(i)     a March 18, 2015 Stipulation of Settlement as to Certain Claims Against Certain Defendants,

(ii)    a November 12, 2015 First Amendment to Stipulation of Settlement,

(iii)   a proposed Preliminary Approval Order (Exhibit A to the First Amendment to Stipulation of Settlement),

(iv)    a proposed Approval Order (Exhibit B to the First Amendment to Stipulation of Settlement) and

(v)     a proposed Judgment (Exhibit C to the First Amendment to Stipulation of Settlement); and

WHEREAS, also attached to Lead Plaintiffs' motion for preliminary approval is a Stipulation of Settlement as to Claims Against Mel Harris Defendants and Samserv

2

Defendants, which stipulation memorializes Lead Plaintiffs' settlement with the Mel

Harris Defendants and the Samserv Defendants (the "Mel Harris/Samserv Settlement

Agreement"); and

WHEREAS, also attached to Lead Plaintiffs' motion for preliminary approval are

the following implementing documents:

(i)       proposed Individual Notices to be mailed to eligible Class Members,

(ii)      proposed Publication Notice,

(iii)     Lead Plaintiffs' proposed Allocation Plan,

(iv)      Lead Plaintiffs' proposed Claim Forms and

(v)       Lead Plaintiffs' agreement with the law firm of Stephen Einstein &
          Associates, P.C. (the "Einstein Firm"); and

WHEREAS, the Leucadia Defendants, the Mel Harris Defendants and the

Samserv Defendants have each asked the Court preliminarily to approve their respective

settlements; and

WHEREAS, all of the parties have asked that, to the extent feasible, the approval

process for the Leucadia Settlement Agreement and the approval process for the Mel

Harris/Samserv Settlement Agreement be conducted contemporaneously, one set of

documents implementing the Leucadia Settlement Agreement and the Mel

Harris/Samserv Settlement Agreement (collectively, the "Settlement Agreements") and

approval process (that is, this Preliminary Approval Order, the Individual Notices, the

Publication Notice, the Claim Forms, the Allocation Plan, the Approval Order and the

Judgment) address both Settlements and the Settlements be jointly administered; and

WHEREAS, the Court has read and considered the Settlement Agreements and the submissions made by the parties; and

WHEREAS, based on the materials described above, the Court finds that each of the proposed Settlements and the Allocation Plan is within the range of possible approval and that notifying potential Class Members about the terms and conditions of the proposed Settlement Agreements and the Allocation Plan and scheduling a formal Fairness Hearing is warranted; and

WHEREAS, all terms of the proposed Settlement Agreements and Allocation Plan remain subject to the Court's approval;

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED as follows:

1.    *Definitions* – To the extent not defined in this Order, this Court adopts and incorporates the definitions in the Settlement Agreements for purposes of this Order.

2.    *Contemporaneous Review and Administration of Both Proposed Settlements* – The Court finds, for the sake of efficiency and cost effectiveness and to avoid confusing potential Class Members, that, to the extent possible, the approval process for the Settlement Agreements should be conducted contemporaneously, one set of implementing documents for the Settlement Agreements and approval process should be used to address both Settlements and both Settlements should be administered jointly.

3.    *Preliminary Findings Regarding Proposed Settlements* – The Court preliminarily finds that each of the proposed Settlements as evidenced by their respective Settlement Agreements and the Allocation Plan is sufficiently fair, reasonable and

4

adequate to warrant providing notice of the proposed Settlements to the Classes and

scheduling a Fairness Hearing for further review of the proposed Settlements and

Allocation Plan.  In making these findings, the Court has considered a number of factors,

including the nature of the Lead Plaintiffs' and defendants' respective claims and

defenses, the amount and type of consideration to be paid in the Settlements, the

information available to the parties and the allocation of proposed settlement relief.

Based on these considerations, the Court preliminarily concludes that (*i*) each of the

proposed Settlements and the Allocation Plan is within the range of possible approval and

the Settlements resulted from serious, informed, non-collusive negotiations conducted at

arm's length by the relevant settling parties and their counsel and (*ii*) none of the terms

and conditions of either of the Settlement Agreements or the Allocation Plan have any

obvious deficiencies or improperly grant preferential treatment to any individual Class

Member.

4.     ***Certification of Settlement Classes*** – The Court hereby certifies the

following settlement Classes for each of the Settlements pursuant to Fed. R. Civ. R. 23

pending a Fairness Hearing and further order of the Court:

a.     A Rule 23(b)(2) Class of all persons or entities who have been or

could have been sued by the Mel Harris Firm (or by any other counsel as directed by the

Mel Harris Firm) as counsel for the Leucadia Defendants, including LR Credit, in actions

commenced in any court located in the state of New York and where default judgments

were or could have been sought; and

b.      An overlapping Rule 23(b)(3) Class of all persons or entities (all of whom are also members of the Rule 23(b)(2) Class) who have been sued by the Mel Harris Firm (or by any other counsel as directed by the Mel Harris Firm)as counsel for the Leucadia Defendants, including LR Credit, in actions commenced in any court located in the state of New York and where Default Judgments were obtained.

5.      For purposes of the settlement of the Action, and only for these purposes, and subject to the terms of the Settlement Agreements, the Court finds that the requirements of Fed. R. Civ. P. 23 and any other applicable laws are satisfied respecting the settlement Classes being preliminary certified in connection with each of the Settlements:

a.      Both the Rule 23(b)(2) Class and the Rule 23(b)(3) Class are ascertainable from business records and/or from objective criteria;

b.      Both the Rule 23(b)(2) Class and the Rule 23(b)(3) Class are so numerous that joinder of all members would be impractical;

c.      Lead Plaintiffs have alleged one or more questions of fact and law appear to be common to all Rule 23(b)(2) Class Members and all Rule 23(b)(3) Class Members throughout New York State;

d.      Based on Lead Plaintiffs' allegations that the Leucadia Defendants, the Mel Harris Defendants and the Samserv Defendants engaged in uniform conduct affecting all Rule 23(b)(2) Class Members and all Rule 23(b)(3) Class Members, Lead Plaintiffs' claims are typical of those of the other members of the Rule 23(b)(2) Class and of the Rule 23(b)(3) Class throughout New York State;

   e. Lead Plaintiffs are capable of fairly and adequately protecting the interests of the members of the Rule 23(b)(2) Class and of the Rule 23(b)(3) Class, in that (*i*) Lead Plaintiffs' interests are consistent with those of the other Rule 23(b)(2) Class Members and the other Rule 23(b)(3) Class Members throughout New York State, (*ii*) Class Counsel are able and qualified to represent each of the Rule 23(b)(2) Class and the Rule 23(b)(3) Class throughout New York State, and (*iii*) Lead Plaintiffs and Class Counsel have fairly and adequately represented all of the Rule 23(b)(2) Class Members and all of the Rule 23(b)(3) Class Members in obtaining both monetary and injunctive relief, and in negotiating and entering into the proposed Settlements;

   f. For settlement purposes, the Leucadia Defendants, the Mel Harris Defendants and the Samserv Defendants have all acted on grounds that apply generally to the members of the Rule 23(b)(2) Class, so that injunctive relief is appropriate respecting the Rule 23(b)(2) Class as a whole; and

   g. For settlement purposes, questions of law and/or fact common to members of the Rule 23(b)(3) Class predominate over such questions affecting only individual Rule 23(b)(3) Class Members, and a class action is superior to all other available methods for the fair and efficient resolution of the Action.  In making these provisional findings for settlement purposes, the Court has considered, among other things, (*i*) the Rule 23(b)(3) Class Members' interest in individually controlling the prosecution of separate actions, (*ii*) the impracticability or inefficiency of prosecuting separate actions, (*iii*) the extent and nature of any litigation concerning these claims

7

already commenced and (*iv*) the desirability of concentrating the litigation of the claims in a particular forum.

6.      This certification of these settlement Classes is made for the sole purpose of attempting to consummate settlement of the Action in accordance with the Settlement Agreements.

7.      If the Court does not grant final approval of one or both of the proposed Settlements, or if the Court's approval of the Settlements does not become Final for any reason whatsoever, this settlement class certification shall be deemed void *ab initio* as to those defendants whose settlement has not been approved, shall be of no force or effect whatsoever to those defendants, and shall not be referred to or used for any purpose whatsoever, including in any further class certification proceedings in this Court (or any other court), involving those defendants; *provided however*, that the voiding of the settlement class certification in connection with the circumstances described in this paragraph 7 shall have no effect on the Court's March 27, 2013 order certifying a Rule 23(b)(2) litigation class and a Rule 23(b)(3) litigation class.

8.      ***Certification of Lead Plaintiffs and Appointment of Class Counsel*** – Solely for the purposes of the proposed Settlements, the Court hereby (*i*)  certifies Monique Sykes, Rea Veerabadren, Kelvin Perez and Clifton Armoogam as the Lead Plaintiffs and class representatives and (*ii*)  appoints Emery Celli Brinckerhoff & Abady LLP, New Economy Project and MFY Legal Services, Inc. as Class Counsel pursuant to Fed. R. Civ. P. 23(g) for purposes of representing the proposed settlement Classes.

9.      ***Scheduling of Fairness Hearing*** – Pursuant to Fed. R. Civ. P. 23(e), the

Court will hold a Fairness Hearing on _____, 201_, at _____, _.m. ET to

address both Settlements, before Judge Denny Chin, Circuit Judge for the United States

Court of Appeals for the Second Circuit sitting by designation, at the United States

District Court for the Southern District of New York, Thurgood Marshall United States

Courthouse, 40 Foley Square, New York, New York 10007.  The Court may adjourn the

Fairness Hearing and reconvene it at some other date without further notice to Class

Members and may approve one or both of the Settlements (with or without any

modifications executed by the relevant settling parties), enter the proposed Approval

Order at or after the Fairness Hearing or any adjournment of the Fairness Hearing, and

dismiss the claims asserted against the defendants named in the Complaint on the merits

and with prejudice without further notice to any persons or entities (including Class

Members) other than the parties.

10.     The Fairness Hearing will consider, among other things:

a.      whether the Court should grant final certification of the

Rule 23(b)(2) Class and the Rule 23(b)(3) Class for settlement purposes;

b.      whether the Court should approve one or both of the proposed

Settlements as fair, reasonable and adequate;

c.      whether the Court should approve the proposed Allocation Plan as

fair and reasonable;

d.      whether an Approval Order and a Judgment, substantially in the

forms set out in Exhibits B and C to the First Amendment to Stipulation of Settlement (as

part of the Leucadia Settlement Agreement), should be entered dismissing the Action on

the merits and with prejudice as to the Leucadia Defendants, the Mel Harris Defendants

and the Samserv Defendants, and whether the releases set out in the Settlement

Agreements should be provided to the Releasees and Releasors;

    e.  whether adequate and sufficient notice was given in accordance

with this Order;

    f.  whether Lead Plaintiffs and Class Counsel fairly and adequately

represented the Class for purposes of entering into and implementing the proposed

Settlements;

    g.  whether the proposed Approval Order and the Judgment (forms of

which are attached to the First Amendment to Stipulation of Settlement (as part of the

Leucadia Settlement Agreement) as Exhibits B and C, respectively) should be entered in

this Action pursuant to the proposed Settlement Agreements;

    h.  whether an injunction consistent with the preliminary injunction

that is set out in paragraph 46 of this Order should be permanently entered by the Court

(as set out in the form of Approval Order, Exhibit B to the First Amendment to

Stipulation of Settlement, at paragraph 20);

    i.  whether the proposed Complete Bar Order (as set out in the

Approval Order, Exhibit B to the First Amendment to Stipulation of Settlement, at

paragraph 24), should be entered;

    j.  whether the Court should approve Lead Plaintiffs' Service Award

Application;

k.      whether the Court should approve Class Counsel's Attorneys' Fees and Expenses Application(s);and

l.      any other matters relating to the approval and implementation of the Settlement Agreements that the Court may deem appropriate.

11.     *The Class Administrator* – The Court approves Epiq Systems to serve as Class Administrator.  The Class Administrator shall perform tasks as directed by Class Counsel, including (*i*) distributing the Individual Notices and Claim Forms, (*ii*) arranging for publication of the Publication Notice, (*iii*) acting as escrow agent for the settlement moneys contributed by the defendants during the approval process, (*iv*) operating a settlement website, (*v*) setting up and running a toll-free telephone center staffed with knowledgeable individuals to respond to inquiries from potential Class Members, (*vi*) answering written inquiries from potential Class Members and/or forwarding such inquiries to Class Counsel, (*vii*) receiving and processing Claim Forms from Class Members (*viii*) receiving and maintaining any requests from potential Rule 23(b)(3) Class Members for exclusion from the Rule 23(b)(3) Class, (*ix*) receiving and maintaining any Nominal Restitution Declinations from Rule 23(b)(2) Nominal Restitution Recipients, (*x*) receiving and circulating any Objections received from Class Members, (*xi*) arranging for distribution of the Net Settlement Amount in accordance with the terms of the Allocation Plan and (*xii*) otherwise administering the terms of this Settlement Agreements.  The Class Administrator will (*i*) act as the agent of Class Counsel (who are acting as agents and representatives of the Class Members) to the extent the Class Administrator is given confidential information about potential Class Members, including

11

names, addresses and social security numbers, (*ii*) use such confidential information only

in connection with the administration of the proposed Settlements and (*iii*) take

reasonable measures to maintain the security of the confidential information.

12.    ***Suspension of Collection Activity*** – The Settlement Agreements provide

that the continuing collection of Consumer Debt from Class Members will be suspended

during the period in which approval of the Settlement Agreements is under review by this

Court or any appellate court, during which period no interest shall accrue on the

Consumer Debt.  In implementing that suspension, LR Credit will instruct the counsel

that is currently engaged to collect Consumer Debt on its and its Subsidiaries' behalf,

Stephen Einstein & Associates, P.C., to work with Lead Plaintiffs and Class Counsel to

accomplish this suspension.  The Court hereby approves Lead Plaintiffs' entry into an

agreement with the Einstein Firm to accomplish the suspension of collection of

Consumer Debt during the approval process.  It further approves Lead Plaintiffs'

payment to the Einstein firm, as an Administration Expense, the aggregate amount of

$500,000 for the Einstein Firm's work on suspending collections, which payment will be

paid by Lead Plaintiffs out of the Leucadia Account pursuant to the terms of the

agreement between the Einstein Firm and Lead Plaintiffs and subject to the conditions set

out in the Leucadia Settlement.

13.    ***Notice*** – The Court hereby approves, as to form and content, the

Individual Notices, Claim Forms and Publication Notice submitted by the parties to the

Court.  The Court finds that the Individual Notices, Claim Forms and Publication Notice

will fully and accurately inform potential Class Members of all material elements of the

12

proposed Settlements, of the right of potential Rule 23(b)(3) Class Members to be excluded from the Rule 23(b)(3) Class, of the right of potential Rule 23(b)(2) Nominal Restitution Recipients to decline Nominal Restitution Relief, and of each Class Member's right and opportunity to object to one or both of the proposed Settlements.  The Court further finds that the mailing and distribution of the Individual Notices and Claim Forms and the publication of the Publication Notice substantially in the manner and form set out in this Order will meet the requirements of due process, Fed. R. Civ. P. 23, the Rules of this Court, and any other applicable law, constitute the best notice practicable under the circumstances, and constitute due and sufficient notice to all person and entities entitled to such notice.

14.     No later than [90 days prior to date for exclusion/objection], the Class Administrator shall mail or cause to be mailed the Individual Notices and Claim Forms, substantially in the forms submitted to the Court by the parties, by first-class mail, postage prepaid, to all potential Rule 23(b)(3) Class Members and all potential Rule 23(b)(2) Nominal Restitution Recipients at the address of each such person or entity. Before such mailing, the Class Administrator shall check or cause to be checked all mailing addresses against appropriate available databases to verify the addresses of potential Rule 23(b)(3) Class Members and potential Rule 23(b)(2) Nominal Restitution Recipients and shall update such addresses as appropriate.

15.     If any Individual Notices are returned to the Class Administrator with updated addresses, the Class Administrator shall remail such notices (with the Claim Forms) within five business days following receipt of such updated addresses.  If the

13

Class Administrator does not receive an updated address at least five business days before the Fairness Hearing, no remailing shall be required.  If any Individual Notices are returned to the Class Administrator as undeliverable and without an indication of an updated address, the Class Administrator shall cause further research to be undertaken to determine whether a more current address is available.  If such address is found at least five business days before the Fairness Hearing, the Individual Notices (with the Claim Forms) shall be remailed to the potential Rule 23(b)(3) Class Member or potential Rule 23(b)(2) Nominal Restitution Recipient.

16.     No later than [60 days before date for exclusion/objection], the Class Administrator shall cause the Publication Notice, substantially in the form submitted to the Court by the parties, to be published once in each of following publications:  the *New York Daily News,* the *New York Post*, *AM New York*, *New York Metro*, *El Diario*, the *Times Union* and the *Buffalo News*.

17.     The Class Administrator shall cause a website to be established on which it shall post, among other things, (*i*) a notice that is, in sum and substance, similar to the Individual Notices, (*ii*) the Claim Forms, (*iii*) the Publication Notice, (*iv*) the Allocation Plan, (*v*) the Settlement Agreements (including Exhibits A, B and C to the First Stipulation of Settlement), (*vi*) the filings of the parties seeking approval of the proposed Settlements and any responsive papers, (*vii*) Class Counsel's Attorneys' Fees and Expenses Application(s), (*viii*) the operative Complaint, (*ix*) the Court's December 29, 2010 Opinion on defendants' motions to dismiss, its September 4, 2012 Opinion on class certification and its March 28, 2013 class certification Order, (*x*) the Second Circuit

14

Opinion affirming the Court's March 28, 2013 class certification Order, (*xi*) this Order

and any subsequent Orders of the Court relating to the Settlements and (*xii*) such other

materials as Class Counsel determines should be posted.

18.     The parties shall provide notice to the appropriate federal and state

officials as required by the Class Action Fairness Act consistent with the requirements of

that Act.

19.     The parties and their counsel may by written agreement make any

amendments to or modifications of the Individual Notices, the Claim Forms, the

Publication Notice or the Allocation Plan without notice to or approval by the Court so

long as such changes are not materially inconsistent with this Order and do not materially

limit the rights of potential Class Members.

20.     At least five days before the Fairness Hearing, Class Counsel shall file or

cause to be filed with the Court a declaration confirming that Notice was provided

consistent with this Order.

21.     ***Administration and Notice Expenses*** – As provided in the Leucadia

Settlement Agreement, Leucadia National Corporation shall pay or cause to be paid all

Notice Expenses incurred in providing the Notice described in paragraphs 14 through 16

and paragraph 18; *provided* that, to the extent Notice Expenses are incurred specifically

to mail separate Individual Notices or to publish a separate Publication Notice of the

terms of the Mel Harris/Samserv Settlement Agreement, which separate Individual

Notices and Publication Notices are in addition to the Individual Notices and Publication

Notice of the Leucadia Settlement Agreement, such additional Notice Expenses shall be

considered Administration Expenses payable from the Settlement Fund established by the

Mel Harris/Samserv Settlement Agreement.  As further provided in the Settlement

Agreements, all other Administration Expenses including, without limitation, the fees,

costs and expenses of the Class Administrator and any fees, costs or expenses associated

with providing the relief set out in the Settlement Agreements, shall be paid from the

Settlement Funds established pursuant to each of the Settlement Agreements.

22.     ***Exclusion from the Class*** – All potential Rule 23(b)(3) Class Members

who wish to exclude themselves from the Rule 23(b)(3) Class must submit timely,

written requests for exclusion to the Class Administrator at the address provided in the

Individual Notices.  The exclusion request must include the following information:

(*i*) name, (*ii*) address, (*iii*) telephone number and (*iv*) e-mail address, if available.

23.     To be valid, any request for exclusion must be in writing, must contain all

of the information described in paragraph 21 of this Order and must be received by the

Class Administrator by no later than [20 days before the scheduled date of the Fairness

Hearing].

24.     If the proposed Settlements are approved, any potential Rule 23(b)(3)

Member who has not filed a timely and valid written request for exclusion (and all Rule

23(b)(3) Releasors related to each such Rule 23(b)(3) Class Member) shall be bound by

the Rule 23(b)(3) Release and by all proceedings, orders, and judgments regarding the

proposed Settlements that relate to the Rule 23(b)(3) Class, whether favorable or

unfavorable, even if he, she or it has pending or subsequently initiates any litigation,

arbitration or other proceedings, or has any other Claim, against any or all of the
Releasees relating to any of the Released Rule 23(b)(3) Class Members' Claims.

25.     Even if a potential Rule 23(b)(3) Class Member submits a timely and valid
request for exclusion from the Rule 23(b)(3) Class, he, she or it will still be a Rule
23(b)(2) Injunction Only Beneficiary and, as such, shall be bound by terms of the Rule
23(b)(2) Injunction Only Release and the Settlement Release as that release in defined in
each of the Leucadia Settlement Agreement and the Mel Harris/Samserv Settlement
Agreement.

26.     At or before the Fairness Hearing, the parties shall provide to the Court a
list of the persons and entities, if any, who have validly and timely requested exclusion
from the Rule 23(b)(3) Class.  Persons requesting exclusion from the Rule 23(b)(3) Class
shall not be entitled to receive relief provided to the Rule 23(b)(3) Class, but shall, as
Rule 23(b)(2) Class Members, be beneficiaries of the injunctive relief provided by the
Settlement.

27.     *Nominal Restitution Declination* – All potential Rule 23(b)(2) Nominal
Restitution Recipients who wish to decline the Nominal Restitution Relief available to
him, her or it as Rule 23(b)(2) Nominal Restitution Recipients must submit a timely,
written Nominal Restitution Declination to the Class Administrator at the address
provided in the Individual Notices.  The Nominal Restitution Declination must include
the following information:  (*i*) name, (*ii*) address, (*iii*) telephone number and (*iv*) e-mail
address, if available.

28.     To be valid, any Nominal Restitution Declination must be in writing, must contain all of the information described in paragraph 27 of this Order and must be received by the Class Administrator by no later than [20 days before the scheduled date of the Fairness Hearing].

29.     If the proposed Settlement is approved, any potential Rule 23(b)(2) Nominal Restitution Recipient Member who has not filed a timely and valid Nominal Restitution Declination (and all Rule 23(b)(2) Nominal Restitution Releasors related to each such Rule 23(b)(2) Nominal Restitution Recipients) shall be bound by the Rule 23(b)(2) Nominal Restitution Release and by all proceedings, orders, and judgments regarding the proposed Settlement that relate to the Rule 23(b)(2) Nominal Restitution Recipients, whether favorable or unfavorable, even if he, she or it has pending or subsequently initiates any litigation, arbitration or other proceedings, or has any other Claim, against any or all of the Releasees relating to any of the Released Rule 23(b)(2) Class Members' Nominal Restitution Claims.

30.     Even if a potential Rule 23(b)(2) Nominal Restitution Recipient submits a timely and valid Nominal Restitution Declination, he, she or it will still be a Rule 23(b)(2) Injunction Only Beneficiary and, as such, shall be bound by terms of the Rule 23(b)(2) Injunction Only Release and the Settlement Release.

31.     At or before the Fairness Hearing, the parties shall provide to the Court a list of the persons and entities, if any, who have validly and timely submitted Nominal Restitution Declinations.  Persons submitting Nominal Restitution Declinations shall not be entitled to receive relief provided to the Rule 23(b)(2) Nominal Restitution Recipients,

but shall, as Rule 23(b)(2) Class Members, be beneficiaries of the injunctive relief provided by the Settlement.

32. **_Objections_** – Any Class Member who wishes to object to the fairness, reasonableness or adequacy of the proposed Settlements, including the Allocation Plan and/or Class Counsel's Attorneys' Fees and Expenses Application, may do so by filing an objection as set out below.  However, a potential Rule 23(b)(3) Class Member who requests exclusion from the Rule 23(b)(3) Class or a Rule 23(b)(2) Nominal Restitution Recipient who submits a Nominal Restitution Declination may not file an objection regarding the terms of either Settlement Agreement as they relate, respectively, to Rule 23(b)(3) Class Members or to Rule 23(b)(2) Nominal Restitution Recipients.

33. A Class Member who wishes to object must submit to the Class Administrator at the address provided in the Individual Notices and Publication Notice his, her or its objection(s), as well as the specific reason(s), if any, for each such objection, including any legal support the Class Member wishes to bring to the Court's attention and any evidence the Class Member wishes to introduce in support of such objection.  The Class Administrator shall promptly send a copy of each objection it receives to Class Counsel, Leucadia Defendants' Settlement Counsel, Mel Harris Defendants' Counsel and Samserv Defendants' Counsel by email or facsimile.

34. A Class Member's objection must include the name and docket number of this Action (as set out at the top of this Order) and must also include the following information about the Class Member:  (*i*) name, (*ii*) address, (*iii*) telephone number and (*iv*) e-mail address, if available.

35.     All objections must be received by the Class Administrator by no later than [20 days before the scheduled date of the Fairness Hearing].

36.     A Class Member may object on his, her or its own, or through counsel hired at his, her or its own expense.

37.     Any attorney hired by a Class Member for the purpose of objecting to either or both of the proposed Settlements must serve on Class Counsel, Leucadia Defendants' Settlement Counsel, Mel Harris Defendants' Counsel and Samserv Defendants' Counsel and file with the Court (at the addresses set out in paragraph 47) a notice of appearance, which must be received by counsel and the Court no later than [20 days before the scheduled date of the Fairness Hearing].

38.     Any Class Member who does not make an objection in the time and manner provided in this Order shall be deemed to have waived and forfeited any and all rights he, she or it may have to object and shall be foreclosed from making any objection to the fairness, reasonableness or adequacy of either proposed Settlement unless otherwise allowed by the Court.

39.     ***Appearance at the Fairness Hearing*** – Attendance at the Fairness Hearing is not necessary.  However, any Class Member who submits a timely written objection to the Class Administrator in accordance with the requirements set out in this Order – and only such Class Members – may also appear at the Fairness Hearing either in person or through personal counsel retained at the Class Member's own expense.

40.     Class Members who intend to appear at the Fairness Hearing on their own behalf must send a letter to the Class Administrator notifying the Class Administrator of

20

his, her or its intention to appear at the Fairness Hearing.  Such letter must also include

the following information about the Class Member:  (*i*) name, (*ii*) address, (*iii*) telephone

number and (*iv*) e-mail address, if available.   The Class Administrator shall promptly

send a copy of each letter it receives to Class Counsel, Leucadia Defendants' Settlement

Counsel, Mel Harris Defendants' Counsel and Samserv Defendants' Counsel by email or

facsimile.

   41. If a Class Member retains personal counsel (at the Class Member's

expense) to appear on his, her or its behalf at the Fairness Hearing, such counsel shall

serve on Class Counsel, Leucadia Defendants' Settlement Counsel, Mel Harris

Defendants' Counsel and Samserv Defendants' Counsel and file with the Court (at the

addresses set out in paragraph 47) a notice of intention to appear, which must be received

by counsel and the Court no later than [20 days before the scheduled date of the Fairness

Hearing].

   42. Any Class Member who does not submit a letter to the Class

Administrator or whose personal counsel does not file a notice of intention to appear with

the Court (as the case may be) in the time and manner provided in this Order shall be

deemed to have waived and forfeited any and all rights he, she or it may have to appear

separately at the Fairness Hearing and shall be foreclosed from appearing separately at

the Fairness Hearing unless otherwise allowed by the Court.

   43. Any Class Member who submits an objection to the proposed Settlements

shall be deemed to consent to the exclusive jurisdiction of this Court with respect to such

objection and all issues that arise or relate to such objection, including any order issued or findings made by the Court regarding the objection.

44.     Class Members do not need to appear at the hearing or take any other action to indicate their approval of the Settlement Agreements.

45.     At the time Lead Plaintiffs submit their motion seeking approval of the Settlements under paragraph 50, they shall also submit to the Court all of the timely requests for exclusion, declinations of nominal restitution, objections and Class Member letters indicated an intention to appear personally at the Fairness Hearing that have been timely submitted to the Class Administrator.

46.     *Preliminary Injunction* – Pending final determination by the Court whether the Settlement Agreements should be approved, this Court preliminarily bars and enjoins:

a.      all Rule 23(b)(3) Class Members who do not request exclusion, all Rule 23(b)(2) Nominal Restitution Recipients who do not submit Nominal Restitution Declinations, all Rule 23(b)(2) Injunction Only Beneficiaries, and all of their attorneys, accountants, agents, heirs, executors and assigns – and anyone else purporting to act on behalf of, for the benefit of, or derivatively for any of them (including any person or entity purporting to act parens patriae for Class Members)  – from filing, prosecuting, or intervening in, or receiving any benefits from, any other lawsuit or proceeding that is based on or arises from any Released Class Members' Claim as to any Releasee; *provided however*, that the preliminary injunction set out in this Order shall not bar or enjoin any Class Member from defending, participating in or litigating any debt

collection proceeding in which LR Credit, LLC or one of its subsidiaries is seeking to collect Consumer Debt from the Class Member, including, without limitation, any efforts to vacate any default judgment entered in such a case; and

> b.    all persons and entities from filing or prosecuting any other lawsuit as a class action or other proceeding on behalf of any Rule 23(b)(3) Class Member who does not request exclusion, any Rule 23(b)(2) Nominal Restitution Recipient who does not submit a Nominal Restitution Declination and any Rule 23(b)(2) Injunction Only Beneficiary as to any Releasee, if such lawsuit is based on or arises out of any Released Class Members' Claim; *provided* that, for the avoidance of doubt, any Class Member who has a pending action relating to any Released Class Members' Claim against one or more of the Leucadia Defendants, the Mel Harris Defendants and/or the Samserv Defendants as of the Execution Date and, if a Rule 23(b)(3) Class Member, does not request exclusion from the Rule 23(b)(3) Class or, if a Rule 23(b)(2) Nominal Restitution Recipient, does not submit a Nominal Restitution Declination shall be barred from pursuing his, her or its action as to any of the relevant defendants or their related Releasees.

47.    ***Filing and Service of Submissions*** – Any Class Member who has retained counsel and wishes to make a submission pursuant to paragraphs 37 or 41 of this Order must ensure that the submission is received by the Court and by Class Counsel, Leucadia Defendants' Settlement Counsel, Mel Harris Defendants' Counsel and Samserv Defendants' Counsel by no later than [20 days before the scheduled date of the Fairness Hearing] at the following addresses:

23

a.    the Court:

Clerk of Court
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007-1312

b.    Class Counsel:

Matthew D. Brinckerhoff
mbrinckerhoff@ecbalaw.com
Debra L Greenberger
dgreenberger@ecbalaw.com
Emery Celli Brinckerhoff & Abady LLP
600 Fifth Avenue, 10th Floor
New York, New York  10020
Facsimile:   (212) 763-5001

c.    Leucadia Defendants' Settlement Counsel:

Ralph C. Ferrara
rferrara@proskauer.com
Ann M. Ashton
aashton@proskauer.com
Margaret A. Dale
mdale@proskauer.com
Proskauer Rose LLP
1001 Pennsylvania Avenue, NW
Suite 600 South
Washington, DC 20005
Facsimile:   (202) 416-6899

d.    Mel Harris' Counsel:

Maria Ginzburg
mariaginzburg@quinnemanuel.com
Quinn Emanuel Urquhart & Sullivan, LLP
51 Madison Avenue, 22nd Floor,
New York, New York 10010
Telephone:  (212) 849-7000
Facsimile:  (212) 849-7100

24

and

Brett Scher
bscher@kdvlaw.com
Kaufman Dolowich & Voluck, LLP
60 Broad Street, Suite 3600
New York, NY 10004
Telephone:  (212) 485-9950
Facsimile:  (212) 485-9700

  e.  Samserv Defendants' Counsel:

Jordan Sklar
jordan.sklar @babchikyoung.com
Babchik & Young, LLP
245 Main Street
White Plains, NY 10601
Telephone:  914 470-0001 x15
Facsimile:  914 470-0009
jordan.sklar @babchikyoung.com

  48.  Service on Class Counsel, Leucadia Defendants' Settlement Counsel, Mel

Harris Defendants' Counsel and Samserv Defendants' Counsel may be made by

facsimile, e-mail, and/or next-day (excluding Saturday or Sunday) express delivery

service.

  49.  Counsel for the parties are directed promptly to inform each other of any

submission served on them (or that otherwise comes into their possession) pursuant to

paragraphs 37 or 41 of this Order.

  50.  ***Filing of Papers Regarding the Settlements*** – All papers regarding the

proposed Settlements to be filed with the Court (other than those described in paragraphs

37 and 41, which shall be filed and served consistent with the directions in those

paragraphs) shall be filed and served as follows:

a. any motions seeking approval of one or both of the proposed Settlements and Allocation Plan and any Attorneys' Fees and Expenses Application(s) must be filed and served no later than -[35 days before the date of the scheduled Fairness Hearing];

b. any responses to any motions seeking final approval of one or both of the proposed Settlements, the Allocation Plan and/or any Attorneys' Fees and Expenses Application(s) must be filed and served no later than [20 days before the scheduled date of the Fairness Hearing]; and

c. any reply papers in support of approval of one or both of the proposed Settlements, the Allocation Plan and/or any Attorneys' Fees and Expenses Application(s), and any responses to objections or oppositions, must be filed and served no later than [7 days before the date of the scheduled Fairness Hearing].

51. ***Termination of Leucadia Settlement Agreement*** – This Order shall become null and void as to the Leucadia Defendants, and shall be without prejudice to the rights of Lead Plaintiffs and the Leucadia Defendants, all of whom shall be restored to their respective positions existing immediately before this Court entered this Order, if (*i*) the proposed Leucadia Settlement Agreement is not finally approved by this Court, or the Court's approval of the Leucadia Settlement Agreement does not become Final or (*ii*) the Leucadia Settlement Agreement is terminated or does not become effective in accordance with its terms or for any reason.  In such event, (*i*) all provisions of the Leucadia Settlement Agreement other than its termination provisions shall become null and void and be of no further force or effect as to the Leucadia Defendants, (*ii*) neither

26

the Leucadia Settlement Agreement (other than its termination provisions) nor any Court order regarding the Leucadia Settlement Agreement, including this Order, shall be used or referred to for any purpose whatsoever as to the Leucadia Defendants except in a proceeding to enforce this provision of this Order or the termination provisions of the Leucadia Settlement Agreement as to the Leucadia Defendants and (*iii*) none of the Leucadia Settlement Agreement, this Order, the negotiation of the Leucadia Settlement Agreement, or the statements or court proceedings relating to the Leucadia Settlement Agreement shall in any way be construed as, offered as, received as, used as or deemed to be evidence of any kind in this Action or any other action, or any other judicial, administrative, regulatory or other proceeding, as to the Leucadia Defendants except in a proceeding to enforce this provision of this Order or the termination provisions of the Leucadia Settlement Agreement.  Without limiting the foregoing, neither the Leucadia Settlement Agreement nor any related negotiations, statements, or court proceedings shall be construed as, offered as, received as, used as or deemed to be evidence or an admission or concession of any liability or wrongdoing whatsoever on the part of any person or entity including, but not limited to, the Releasees (as defined in the Leucadia Settlement Agreement), as a waiver by those Releasees of any applicable defense, or as a waiver by the Lead Plaintiffs or the Releasors of any claims, causes of action or remedies as to the Leucadia Defendants.

52.    ***Termination of Mel Harris/Samserv Settlement Agreement as to Mel Harris Defendants*** – This Order shall become null and void as to the Mel Harris Defendants, and shall be without prejudice to the rights of Lead Plaintiffs and the Mel

Harris Defendants, all of whom shall be restored to their respective positions existing immediately before this Court entered this Order, if (*i*) the proposed Mel Harris/Samserv Settlement Agreement is not finally approved by this Court, or the Court's approval does not become Final or (*ii*) the Mel Harris/Samserv Settlement Agreement is terminated as to the Mel Harris Defendants or does not become effective as to the Mel Harris Defendants in accordance with its terms or for any reason.  In such event, (*i*) all provisions of the Mel Harris/Samserv Settlement Agreement other than its termination provisions shall become null and void and be of no further force or effect as to the Mel Harris Defendants, (*ii*) neither the Mel Harris/Samserv Settlement Agreement (other than its termination provisions) nor any Court order regarding the Mel Harris/Samserv Settlement Agreement, including this Order, shall, as to the Mel Harris Defendants, be used or referred to for any purpose whatsoever except in a proceeding to enforce this provision of this Order or the termination provisions of the Mel Harris/Samserv Settlement Agreement and (*iii*) none of the Mel Harris/Samserv Settlement Agreement, this Order, the negotiation of the Mel Harris/Samserv Settlement Agreement, or the statements or court proceedings relating to the Mel Harris/Samserv Settlement Agreement shall, as to the Mel Harris Defendants, in any way be construed as, offered as, received as, used as or deemed to be evidence of any kind in this Action or any other action, or any other judicial, administrative, regulatory or other proceeding, except in a proceeding to enforce this provision of this Order or the termination provisions of the Mel Harris/Samserv Settlement Agreement.  Without limiting the foregoing, neither the Mel Harris/Samserv Settlement Agreement nor any related negotiations, statements, or

28

court proceedings shall be construed as, offered as, received as, used as or deemed to be evidence or an admission or concession of any liability or wrongdoing whatsoever on the part of any person or entity including, but not limited to, the Releasees (as defined in the Mel Harris/Samserv Settlement Agreement), as a waiver by those Releasees of any applicable defense, or as a waiver by the Lead Plaintiffs or the Releasors of any claims, causes of action or remedies as to the Mel Harris Defendants. For the avoidance of doubt, if (*i*) the proposed Leucadia Settlement Agreement is not finally approved by this Court, or the Court's approval does not become Final, (*ii*) the Leucadia Settlement Agreement is terminated or does not become effective in accordance with its terms or for any reason, or (*iii*) the Mel Harris/Samserv Settlement Agreement is terminated as to the Samserv Defendants or does not become effective as to the Samserv Defendants in accordance with its terms or for any reason, this Order shall remain in full force and effect as to the Mel Harris Defendants.

53.     ***Termination of Mel Harris/Samserv Settlement Agreement as to Samserv Defendants*** – This Order shall become null and void as to the Samserv Defendants, and shall be without prejudice to the rights of Lead Plaintiffs and the Samserv Defendants, all of whom shall be restored to their respective positions existing immediately before this Court entered this Order, if (*i*) the proposed Mel Harris/Samserv Settlement Agreement is not finally approved by this Court, or the Court's approval does not become Final or (*ii*) the Mel Harris/Samserv Settlement Agreement is terminated as to the Samserv Defendants or does not become effective as to the Samserv Defendants in accordance with its terms or for any reason. In such event, (*i*) all provisions of the Mel

Harris/Samserv Settlement Agreement other than its termination provisions shall become null and void and be of no further force or effect as to the Samserv Defendants, (*ii*) neither the Mel Harris/Samserv Settlement Agreement (other than its termination provisions) nor any Court order regarding the Mel Harris/Samserv Settlement Agreement, including this Order, shall, as to the Samserv Defendants, be used or referred to for any purpose whatsoever except in a proceeding to enforce this provision of this Order or the termination provisions of the Mel Harris/Samserv Settlement Agreement and (*iii*) none of the Mel Harris/Samserv Settlement Agreement, this Order, the negotiation of the Mel Harris/Samserv Settlement Agreement, or the statements or court proceedings relating to the Mel Harris/Samserv Settlement Agreement shall, as to the Samserv Defendants, in any way be construed as, offered as, received as, used as or deemed to be evidence of any kind in this Action or any other action, or any other judicial, administrative, regulatory or other proceeding, except in a proceeding to enforce this provision of this Order or the termination provisions of the Mel Harris/Samserv Settlement Agreement.  Without limiting the foregoing, neither the Mel Harris/Samserv Settlement Agreement nor any related negotiations, statements, or court proceedings shall be construed as, offered as, received as, used as or deemed to be evidence or an admission or concession of any liability or wrongdoing whatsoever on the part of any person or entity including, but not limited to, the Releasees (as defined in the Mel Harris/Samserv Settlement Agreement), as a waiver by those Releasees of any applicable defense, or as a waiver by the Lead Plaintiffs or the Releasors of any claims, causes of action or remedies as to the Samserv Defendants.

54.     ***Retention of Jurisdiction*** – Subject to the dispute-resolution provisions found at Section III.G of the Leucadia Settlement Agreement and Section III.G of the Mel Harris/Samserv Settlement Agreement, this Court retains exclusive jurisdiction over the Action to consider all further matters arising out of or connected with the Settlement Agreements, including a determination whether the proposed Settlements should be approved as fair, reasonable and adequate.

55.     ***Adjournment of Fairness Hearing*** – The Court reserves the right to adjourn the date of the Fairness Hearing, and any adjournment thereof, without further notice to Class Members or anyone else other than the parties.

So ordered this _____ day of _____, 2015.


_____
THE HONORABLE DENNY CHIN
United States Circuit Judge
Sitting by Designation