UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MONIQUE SYKES, et al.,

        Plaintiffs,

vs.

MEL S. HARRIS AND ASSOCIATES, LLC, et al.,

        Defendants.

Index No. 09-cv-08486

Hon. Denny Chin

---

### MEL HARRIS DEFENDANTS' MEMORANDUM IN SUPPORT OF FINAL APPROVAL OF CLASS ACTION SETTLEMENT

Kaufman Dolowich & Voluck, LLP
*Attorneys for Defendants*
*Mel Harris and Associates, LLC,*
*Mel Harris, Michael Young, Kerry Lutz,*
*Todd Fabacher, and David Waldman*
135 Crossways Park Drive, Suite 201
Woodbury, New York 11797
(516) 681-1100

*Of Counsel:*
*Brett A. Scher*

Plaintiffs Monique Sykes, Rea Veerabadren, Kevin Perez and Clifton Armoogam ("Lead Plaintiffs"), on behalf of themselves and class members and defendants Leucadia National Corporation, L-Credit, LLC, LR Credit, LLC, LR Credit 10, LLC, LR Credit 14, LLC, LR Credit 18, LLC, LR Credit 21, LLC, Joseph A. Orlando and Philip M. Cannella (the "Leucadia Defendants"), entered into a Stipulation of Settlement and a First Amendment to Stipulation of Settlement (the "Leucadia Settlement Agreement"). Lead Plaintiffs and Mel Harris and Associates, LLC, Mel Harris, Michael Young, Kerry Lutz, Todd Fabacher, and David Waldman (the "Mel Harris Defendants"), as well as the Samserv Defendants, subsequently entered into a Stipulation of Settlement (the "MH/SS Agreement"). If the Leucadia Settlement Agreement and the MH/SS Agreement are approved by the Court, these agreements would settle all claims that have been or could have been asserted as against all defendants in this action. While the Mel Harris Defendants have continually denied all wrongdoing in connection with the allegations made against them in this action, they have nevertheless agreed to settle to avoid continued burdensome litigation, the cost and expense of continued litigation, and the uncertainly of litigation.

For the reasons set forth in detail in the Memorandum of Law submitted by the Leucadia Defendants earlier today ("the Leucadia Brief"), the Mel Harris Defendants also request that this Court grant Lead Plaintiffs' motion for final approval of the MH/SS Agreement. The terms of the MH/SS Agreement are fair, reasonable and adequate. In addition to the grounds set forth in the Leucadia Brief, the Mel Harris Defendants wish to point out the following additional *Grinnell* factors, which further weigh in favor of final approval of the MH/SS Agreement. First, the Mel Harris Defendants will pay $7,975,000 towards the settlement of this action. Of that amount only $1,975,000 is being covered by insurance proceeds. Thus, $6,000,000 of the

settlement is being funded by the individual Mel Harris Defendants. As Lead Plaintiffs' counsel acknowledged during the preliminary approval process, the Mel Harris Defendants could not withstand any larger of a settlement. In fact, as noted by Lead Plaintiffs in their motion for Preliminary Approval of the settlement, the law firm of Mel S. Harris & Associates, LLC ceased operations on or about September 17, 2015.

The Mel Harris Defendants have also agreed to substantial injunctive relief as part of the settlement. The Mel Harris Defendants agreed that the Mel S. Harris & Associates, LLC will not engage in the practice of law and that individual defendants Mel Harris, Kerry Lutz, and David Waldman will not act as attorneys in any consumer debt collection proceeding initiated after the settlement - with the exception of any work done as part of their cooperation in ceasing collections against class members. See MH/SS Agreement at 3 § III(C)(1)(a). The individual Mel Harris Defendants also agreed to comply with all applicable debt collection laws and not to purchase any consumer debt portfolios or judgments, or initiate any litigation with respect to any consumer debt (where the Mel Harris Defendants control the entity holding the debt). Id. at §III(C)(1)(b). Finally, the Mel Harris Defendants agreed to the entry of a permanent injunction against L-Credit, LLC and LR Credit, LLC (and its subsidiaries) barring those companies from (*i*) purchasing any additional consumer debt portfolios or (*ii*) seeking any additional default judgments or pursuing collection activities on any consumer debt portfolios they have already purchased. Id. at § III.C.3.

It is respectfully submitted that these factors provide even greater weight for the Court to approve the class action settlement as it applies to the Mel Harris Defendants.

## CONCLUSION

For the reasons set out above and in the Leucadia Brief, the Mel Harris Defendants respectfully request that the Court, enter an order approving the terms of the settlement set out in the MH/SS Settlement Agreement as fair, reasonable, and adequate.

Dated: Woodbury, New York
April 18, 2016

KAUFMAN DOLOWICH & VOLUCK, LLP

By: Brett A. Scher
*Attorneys for Defendants*
*Mel Harris and Associates, LLC,*
*Mel Harris, Michael Young, Kerry Lutz,*
*Todd Fabacher, and David Waldman*
135 Crossways Park Drive, Suite 201
Woodbury, New York 11797
(516) 681-1100
Bscher@kdvglaw.com

4823-6059-4736, v. 1